**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES, 1102 Longworth House Office Building Washington, D.C. 20515, *Plaintiff*, v. UNITED STATES DEPARTMENT OF THE TREASURY, 1500 Pennsylvania Avenue N.W. Washington, D.C. 20220, *et al.*, *Defendants*. | Case No. 1:19-cv-1974 |

# Exhibit E

RICHARD E. NEAL,
MASSACHUSETTS,
CHAIRMAN

JOHN LEWIS, GEORGIA
LLOYD DOGGETT, TEXAS
MIKE THOMPSON, CALIFORNIA
JOHN B. LARSON, CONNECTICUT
EARL BLUMENAUER, OREGON
RON KIND, WISCONSIN
BILL PASCRELL JR., NEW JERSEY
DANNY K. DAVIS, ILLINOIS
LINDA T. SÁNCHEZ, CALIFORNIA
BRIAN HIGGINS, NEW YORK
TERRI A. SEWELL, ALABAMA
SUZAN DELBENE, WASHINGTON
JUDY CHU, CALIFORNIA
GWEN MOORE, WISCONSIN
DAN KILDEE, MICHIGAN
BRENDAN BOYLE, PENNSYLVANIA
DON BEYER, VIRGINIA
DWIGHT EVANS, PENNSYLVANIA
BRAD SCHNEIDER, ILLINOIS
TOM SUOZZI, NEW YORK
JIMMY PANETTA, CALIFORNIA
STEPHANIE MURPHY, FLORIDA
JIMMY GOMEZ, CALIFORNIA
STEVEN HORSFORD, NEVADA

BRANDON CASEY,
MAJORITY STAFF DIRECTOR

## Congress of the United States
### U.S. House of Representatives
COMMITTEE ON WAYS AND MEANS
1102 LONGWORTH HOUSE OFFICE BUILDING
(202) 225-3625

Washington, DC 20515-0348

http://waysandmeans.house.gov

KEVIN BRADY,
TEXAS,
RANKING MEMBER

DEVIN NUNES, CALIFORNIA
VERN BUCHANAN, FLORIDA
ADRIAN SMITH, NEBRASKA
KENNY MARCHANT, TEXAS
TOM REED, NEW YORK
MIKE KELLY, PENNSYLVANIA
GEORGE HOLDING, NORTH CAROLINA
JASON SMITH, MISSOURI
TOM RICE, SOUTH CAROLINA
DAVID SCHWEIKERT, ARIZONA
JACKIE WALORSKI, INDIANA
DARIN LAHOOD, ILLINOIS
BRAD R. WENSTRUP, OHIO
JODEY ARRINGTON, TEXAS
DREW FERGUSON, GEORGIA
RON ESTES, KANSAS

GARY ANDRES,
MINORITY STAFF DIRECTOR

April 13, 2019

The Honorable Charles P. Rettig
Commissioner
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, D.C. 20224

Dear Commissioner Rettig:

      On April 3, 2019, pursuant to my authority under section 6103(f) of the Internal Revenue Code ("IRC"), I requested that the Internal Revenue Service ("IRS") furnish certain return and return information by April 10, 2019. As I explained in my earlier letter, that request is in furtherance of consideration by the Committee on Ways and Means ("Committee") of legislative proposals and oversight related to our Federal tax laws, including, but not limited to, the extent to which the IRS audits and enforces the Federal tax laws against a President.

      I am aware that concerns have been raised regarding my request and the authority of the Committee. Those concerns lack merit. Moreover, judicial precedent commands that none of the concerns raised can legitimately be used to deny the Committee's request.

      *First*, it bears noting that the statutory language of section 6103(f) is unambiguous and raises no complicated legal issues that warrant supervision or review by the Department of the Treasury ("Treasury") or the Department of Justice ("Justice"). Section 6103(f) commands that "[u]pon written request from the chairman of the Committee on Ways and Means of the House of Representatives . . . the Secretary *shall* furnish such committee with any return or return information specified in such request." 26 U.S.C. § 6103(f)(1) (emphasis added). It is a well-established principle of statutory interpretation that words that are neither terms of art nor statutorily defined be given their ordinary meaning. Here, the statute's use of the "mandatory 'shall' . . . creates an obligation impervious to judicial discretion." *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998); *see also, e.g., EPA v. EME Homer City Generation*, 572 U.S. 489, 509 (2014); *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461-62 (2002) (courts "must presume that a legislature says in a statute what it means and means in a statute what it says there." (internal quotation marks omitted)).

      *Second*, there is no valid basis to question the legitimacy of the Committee's legislative purpose here. The Supreme Court has instructed that Congress's power to investigate is "broad"

and "encompasses inquiries concerning the administration of existing laws as well as proposed or possibly needed statutes." *Watkins v. United States*, 354 U.S. 178, 187 (1957).

It is not the proper function of the IRS, Treasury, or Justice to question or second guess the motivations of the Committee or its reasonable determinations regarding its need for the requested tax returns and return information. Indeed, the Supreme Court has consistently noted that the motivations underlying Congressional action are not to be second guessed, even by the courts. *Eastland v. U.S. Servicemen's Fund,* 421 U.S. 491, 509 (1975) ("The wisdom of congressional approach or methodology is not open to judicial veto."); *Watkins*, 354 U.S. at 200 ("But a solution to our problem is not to be found in testing the motives of committee members for this purpose. Such is not our function."); *Barenblatt v. United States*, 360 U.S. 109, 132 (1959) ("So long as Congress acts in pursuance of its constitutional power, the Judiciary lacks authority to intervene on the basis of the motives which spurred the exercise of that power.").

Courts have held that, where "a rational legislative purpose is present for investigating a particular person, organization, or institution[,] [t]here is no requirement that every piece of information gathered in such an investigation be justified before the judiciary." *McSurely v. McClellan*, 521 F.2d 1024, 1041 (D.C. Cir. 1975); *see also Townsend v. United States*, 95 F.2d 352, 361 (D.C. Cir. 1938). "A legislative inquiry may be as broad, as searching, and as exhaustive as is necessary to make effective the constitutional powers of Congress." *Townsend*, 95 F.2d at 361. Furthermore, the Supreme Court has expressly recognized that "[t]o be a valid legislative inquiry there need be no predictable end result." *Eastland*, 421 U.S. at 509.

*Third*, concerns about what the Committee may do with the tax returns and return information are baseless. As my April 3rd letter noted, this request falls squarely within the Committee's oversight authority. It is well-established law in the D.C. Circuit that "[t]he presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007) (citation omitted); *Exxon Corp. v. FTC*, 589 F.2d 582, 589 (D.C. Cir. 1978) ("committees of Congress will exercise their powers responsibly and with due regard for the rights of affected parties."). In other words, the IRS, Treasury, and Justice must assume that the Committee Members, like all government officials, will act properly in the conduct of their official duties.

To date, the IRS has failed to provide the requested return and return information despite an unambiguous legal obligation to do so under section 6103(f). I expect a reply from the IRS by 5:00 p.m. on April 23, 2019. Please know that, if you fail to comply, your failure will be interpreted as a denial of my request.

Thank you for your prompt attention to this matter.

Sincerely,

The Honorable Richard E. Neal, *Chairman*