IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON WAYS AND MEANS,<br>UNITED STATES HOUSE OF REPRESENTATIVES,<br>1102 Longworth House Office Building<br>Washington, D.C. 20515,<br><br>         *Plaintiff*,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF<br>THE TREASURY,<br>1500 Pennsylvania Avenue N.W.<br>Washington, D.C. 20220, *et al.*,<br><br>         *Defendants*. | Case No. 1:19-cv-1974 |

# Exhibit L

RICHARD E. NEAL, MASSACHUSETTS, CHAIRMAN

JOHN LEWIS, GEORGIA
LLOYD DOGGETT, TEXAS
MIKE THOMPSON, CALIFORNIA
JOHN B. LARSON, CONNECTICUT
EARL BLUMENAUER, OREGON
RON KIND, WISCONSIN
BILL PASCRELL JR., NEW JERSEY
DANNY K. DAVIS, ILLINOIS
LINDA T. SÁNCHEZ, CALIFORNIA
BRIAN HIGGINS, NEW YORK
TERRI A. SEWELL, ALABAMA
SUZAN DELBENE, WASHINGTON
JUDY CHU, CALIFORNIA
GWEN MOORE, WISCONSIN
DAN KILDEE, MICHIGAN
BRENDAN BOYLE, PENNSYLVANIA
DON BEYER, VIRGINIA
DWIGHT EVANS, PENNSYLVANIA
BRAD SCHNEIDER, ILLINOIS
TOM SUOZZI, NEW YORK
JIMMY PANETTA, CALIFORNIA
STEPHANIE MURPHY, FLORIDA
JIMMY GOMEZ, CALIFORNIA
STEVEN HORSFORD, NEVADA

BRANDON CASEY,
MAJORITY STAFF DIRECTOR

**Congress of the United States**
**U.S. House of Representatives**
COMMITTEE ON WAYS AND MEANS
1102 LONGWORTH HOUSE OFFICE BUILDING
(202) 225–3625

**Washington, DC 20515–0348**
http://waysandmeans.house.gov

KEVIN BRADY, TEXAS, RANKING MEMBER

DEVIN NUNES, CALIFORNIA
VERN BUCHANAN, FLORIDA
ADRIAN SMITH, NEBRASKA
KENNY MARCHANT, TEXAS
TOM REED, NEW YORK
MIKE KELLY, PENNSYLVANIA
GEORGE HOLDING, NORTH CAROLINA
JASON SMITH, MISSOURI
TOM RICE, SOUTH CAROLINA
DAVID SCHWEIKERT, ARIZONA
JACKIE WALORSKI, INDIANA
DARIN LAHOOD, ILLINOIS
BRAD R. WENSTRUP, OHIO
JODEY ARRINGTON, TEXAS
DREW FERGUSON, GEORGIA
RON ESTES, KANSAS

GARY ANDRES,
MINORITY STAFF DIRECTOR

May 10, 2019

The Honorable Charles P. Rettig
Commissioner
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, D.C. 20224

The Honorable Steven T. Mnuchin
Secretary
Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Dear Commissioner Rettig and Secretary Mnuchin,

To date, the Internal Revenue Service ("IRS") has failed to provide the return and return information requested by my April 3, 2019 letter, despite an unambiguous legal obligation to do so. Such information originally was due by April 10, 2019. In a letter dated April 23, 2019, I was notified that the Department of the Treasury ("Treasury") was consulting with the Department of Justice ("Justice") in connection with this request. The letter advised that Treasury, and not the IRS, expected to provide the Committee on Ways and Means ("Committee") a final decision by May 6, 2019, after it had received Justice's legal guidance. On May 6, relying on advice from Justice, Treasury notified me by letter of its determination that it is not authorized to disclose the requested tax returns and return information because the Committee's request "lacks a legitimate legislative purpose."

As stated in my prior correspondence, the IRS is under a mandatory obligation to provide the information requested under section 6103(f)(1) of the Internal Revenue Code, which states that "[u]pon written request from the chairman of the Committee on Ways and Means of the House of Representatives, the chairman of the Committee on Finance of the Senate, or the chairman of the Joint Committee on Taxation, the Secretary *shall* furnish such committee with any return or return information specified in such request" (emphasis added). Section 6103 has long been regarded as clear and unambiguous. Compliance is not discretionary under any circumstance, even if the taxpayer is under audit. The Committee never has been denied a request made under section 6103(f). Although the Committee is not required to provide a reason for requests under section 6103(f), I am responding to your letters out of respect for the IRS, Treasury, and their responsibility to fairly and impartially administer the Federal tax laws.

*The Committee Has a Legitimate Legislative Purpose*

The April 23 letter alleges that the Committee's asserted purpose is a pretext, but this claim is false. As stated in my April 3 letter, the Committee requested the return and return information

Commissioner Rettig
Secretary Mnuchin
May 10, 2019
Page 2

because it is considering legislative proposals and conducting oversight related to our Federal tax laws, including, but not limited to, the extent to which the IRS audits and enforces the Federal tax laws against a President. Earlier this Congress, compliance and disclosure related to the Federal tax returns of the President and Vice President were included in the scope of a Committee hearing. As you know, the mandatory examination of the President and Vice President is set forth in the Internal Revenue Manual ("IRM") but is not codified. Legislation may therefore be necessary. It cannot be denied that legislation related to IRS examination and enforcement is within the Committee's jurisdiction, and the Committee has a responsibility to inform itself in the course of legislating.

The President is the most powerful public official in this country. No other single American has the power to sign bills into law and direct an entire branch of government. The Committee believes this fact calls for concordant scrutiny into the President's ability to influence, even indirectly, the administration of the Federal tax laws. The purpose underlying inclusion of the mandatory audit in the IRM was so that no IRS employee would have to make the decision to audit a sitting President.[1] However, there is more to an audit than just the decision to initiate it. Among other considerations, the Committee wants to be sure that IRS employees who determine the scope of the President's audit, or who determine whether to continue previously-initiated audits, are protected in the course of their work.

As the Supreme Court has stated: "A legislative body cannot legislate wisely or effectively in the absence of information respecting the conditions which the legislation is intended to affect or change; and where the legislative body does not itself possess the requisite information—which not infrequently is true—recourse must be had to others who do possess it."[2] With respect to the Committee's consideration of legislative proposals concerning mandatory examination, the President's tax returns and return information are necessary to guide that legislative action.

Treasury takes issue with the fact that the Committee seeks tax information related to only the current President. This concern is misplaced and ignores the fact that the tax issues raised by the current President are unique. The President has stated repeatedly that his returns are under routine audit,[3] and, in 2016, his tax attorneys reported that his returns have been under continuous examination since 2002 and involve transactions and activities reported on returns in 2008 and earlier.[4] The continuous audit and activities from 2008 and before, the use by the President of a grantor trust controlling hundreds of businesses, and the volume of his tax returns[5] make this President markedly different from previous Presidents or Vice Presidents examined under the IRS's mandatory audit procedures.

---

[1] JCX-3-19, *Background Regarding the Confidentiality and Disclosure of Federal Tax Returns* (Feb. 4, 2019), at 21 (quoting IRS spokesperson).
[2] *McGrain v. Daugherty*, 273 U.S. 135, 175 (1927).
[3] *See, e.g.*, Donald J. Trump (@realDonaldTrump), Twitter (May 11, 2016, 1:51 PM), https://twitter.com/realDonaldTrump/status/730500562022760448.
[4] Letter from Sheri A. Dillon and William F. Nelson to Mr. Donald J. Trump, *Re: Status of U.S. federal income tax returns* (Mar. 7, 2016).
[5] *See, e.g.*, Donald J. Trump (@realDonaldTrump), Twitter (Oct. 15, 2015, 10:13 AM), https://twitter.com/realDonaldTrump/status/654706635663773696.

Commissioner Rettig
Secretary Mnuchin
May 10, 2019
Page 3

*Case Law Supports the Committee*

The April 23 letter relies heavily on a single quotation from *Watkins v. United States* about exposure "for the sake of exposure."[6] In *Watkins*, the facts at hand and the nature of the investigation were wholly different from the Committee's current oversight efforts. The Committee's efforts to understand the IRS's mandatory audit of the President, the head of the Executive Branch, bear no similarity to the House Un-American Activities Committee's efforts to uncover members of the Communist Party. Moreover, the Court's objection in *Watkins* was that the witness was not informed adequately of the scope of the Committee's investigation, a defect that certainly cannot be claimed here. In this instance, the Committee clearly has defined the scope of its investigation, and your letters evidence that you are fully aware of and have spent much time pondering the Committee's legislative purpose.

Furthermore, selectively quoting from *Watkins* does not erase the remainder of the Court's opinion. Importantly, the Court lays out the IRS's obligation here: "It is unquestionably the duty of all citizens to cooperate with the Congress in its efforts to obtain the facts needed for intelligent legislative action. It is their unremitting obligation . . . to respect the dignity of the Congress and its committees."[7] *Watkins* also undermines Treasury's efforts to second-guess why the Committee requested certain tax returns instead of others: "The legislature is free to determine the kinds of data that should be collected."[8] Clearly, the Supreme Court agrees that Congress is in the best position to determine what information it requires to perform its own legislative work.

In closing, I appreciate Treasury's offer for a briefing. A briefing, however, is not a substitute for the requested tax returns and return information. In total, the IRS has had more than four weeks to comply with the Committee's straightforward request. Therefore, please see the enclosed subpoena. The return date is May 17, 2019. Thank you for your prompt attention to this matter.

Sincerely,

The Honorable Richard E. Neal, *Chairman*
Committee on Ways and Means

Enclosure

---

[6] 354 U.S. 178, 200 (1957).
[7] *Id.* at 187.
[8] *Id.* at 215.

# SUBPOENA

## BY AUTHORITY OF THE HOUSE OF REPRESENTATIVES OF THE CONGRESS OF THE UNITED STATES OF AMERICA

To: The Honorable Charles Rettig, Commissioner
Internal Revenue Service

You are hereby commanded to be and appear before the

Committee on Ways and Means

of the House of Representatives of the United States at the place, date, and time specified below.

[✓] **to produce the things identified on the attached schedule** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

> Place of production: 1102 Longworth House Office Building, Washington, D.C. 20515
>
> Date: May 17, 2019     Time: 5:00 p.m.

[ ] **to testify at a deposition** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

> Place of testimony: ___
>
> Date: ___     Time: ___

[ ] **to testify at a hearing** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

> Place of testimony: ___
>
> Date: ___     Time: ___

To: examiners or agents designated by Chairman Richard Neal _____ to serve and make return.

Witness my hand and the seal of the House of Representatives of the United States, at the city of Washington, D.C. this 10th day of May, 2019.

_____
*Chairman or Authorized Member*

Attest: _____
*Clerk*

## **Schedule A**

In accordance with the attached instructions, you are required to produce, for each of the tax years 2013 through 2018, the following return and return information:

1. The Federal individual income tax returns of Donald J. Trump.

2. All administrative files (workpapers, affidavits, etc.) for each requested Federal individual income tax return of Donald J. Trump.

3. The Federal income tax returns of the following entities:

    - The Donald J. Trump Revocable Trust;
    - DJT Holdings LLC;
    - DJT Holdings Managing Member LLC;
    - DTTM Operations LLC;
    - DTTM Operations Managing Member Corp;
    - LFB Acquisition Member Corp;
    - LFB Acquisition LLC; and
    - Lamington Farm Club, LLC d/b/a Trump National Golf Club—Bedminster.

4. All administrative files (workpapers, affidavits, etc.) for each requested Federal income tax return of each entity listed above.

## Schedule B (Instructions)

1. In complying with this subpoena, you are required to produce all responsive documents that are in your possession, custody, or control, whether held by you or your past or present agents, employees, and representatives acting on your behalf.

2. Subpoenaed documents, and all documents reasonably related to the subpoenaed documents, should not be destroyed, altered, removed, transferred, or otherwise made inaccessible to the Committee on Ways and Means ("Committee").

3. In the event that any entity, organization, or individual denoted in this subpoena is or has been known by any name other than that herein denoted, the subpoena shall be read also to include that alternative identification.

4. All documents shall be Bates-stamped sequentially and produced sequentially.

5. Documents produced in electronic format should be organized, identified, and indexed electronically. The Committee's preference is to receive any electronic documents in Portable Document Format (PDF).

6. Documents produced in response to this subpoena should include an index describing the contents of the production. To the extent more than one CD, hard drive, memory stick, thumb drive, zip file, box, or folder is produced, each should contain an index describing its contents.

7. Documents produced in response to this subpoena shall be produced together with copies of file labels, dividers, or identifying markers with which they were associated when the subpoena was served.

8. When you produce documents, you should identify the paragraph(s) in the subpoena schedule to which the documents respond.

9. The pendency of or potential for litigation shall not be a basis to withhold any information.

10. In accordance with 5 U.S.C. § 552(d), the Freedom of Information Act ("FOIA") and any statutory exemptions to FOIA shall not be a basis for withholding any information.

11. Pursuant to 5 U.S.C. § 552a(b)(9), the Privacy Act shall not be a basis for withholding information.

12. If compliance with the subpoena cannot be made in full by the specified due date, compliance shall be made to the extent possible by that date. An explanation of why full compliance is not possible shall be provided along with any partial production.

13. In the event that a document is withheld in full or in part on a claim of privilege, provide a privilege log containing the following information concerning any such document: (a) every privilege asserted; (b) the type of document; (c) the general subject matter; (d) the date, author, addressee, and any other recipient(s); (e) the relationship of the author and addressee to each other; and (f) the basis for the privilege(s) asserted. If a claimed privilege applies to only a portion of any document, that portion only should be withheld and the remainder of the document should be produced. As used herein, "claim of privilege" includes, but is not limited to, any claim that a document either may or must be withheld from production pursuant to any statute, rule, or regulation.

14. In complying with the subpoena, be apprised that (unless otherwise determined by the Committee) the Committee does not recognize: any purported non-disclosure privileges associated with the common law including, but not limited to, the deliberative-process privilege, the attorney-client privilege, and attorney work product protections; any purported privileges or protections from disclosure under FOIA or the Privacy Act; or any purported contractual privileges, such as non-disclosure agreements.

15. Any assertion by a subpoena recipient of any such non-constitutional legal bases for withholding documents or other materials shall be of no legal force and effect and shall not provide a justification for such withholding or refusal, unless and only to the extent that the Committee (or the chair of the Committee, if authorized) has consented to recognize the assertion as valid.

16. If any document responsive to this subpoena was, but no longer is, in your possession, custody, or control, identify the document (by date, author, subject, and recipients), and explain the circumstances under which the document ceased to be in your possession, custody, or control.

17. If a date or other descriptive detail set forth in this subpoena referring to a document is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the subpoena, produce all documents that would be responsive as if the date or other descriptive detail were correct.

18. This subpoena is continuing in nature and applies to any new information. Any record, document, compilation of data, or information not produced because it has not been located or discovered by the due date shall be produced immediately upon subsequent location or discovery.

19. Upon completion of the production, submit a written certification, signed by you or your counsel, stating that: (1) a diligent search has been completed of all documents in your possession, custody, or control that reasonably could contain responsive documents; and (2) all documents located during the search that are responsive have been produced to the Committee.

## Schedule C (Definitions)

1. The term "return" shall have the meaning given to it in 26 U.S.C. § 6103(b)(1).

2. The term "return information" shall have the meaning given to it in 26 U.S.C. § 6103(b)(2).

3. The term "individual income tax return" shall have the meaning given to it in 26 U.S.C. § 6011(e)(3)(C).