# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON WAYS AND MEANS,<br>UNITED STATES HOUSE OF REPRESENTATIVES,<br>1102 Longworth House Office Building<br>Washington, D.C. 20515,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>THE TREASURY,<br>1500 Pennsylvania Avenue N.W.<br>Washington, D.C. 20220, *et al.*,<br><br>*Defendants*. | Case No. 1:19-cv-1974 |

# Exhibit N



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C.

SECRETARY OF THE TREASURY

May 17, 2019

The Honorable Richard E. Neal
Chairman
Committee on Ways and Means
U.S. House of Representatives
Washington, DC  20515

Dear Chairman Neal:

I write in response to your letter of May 10, 2019, in which you reiterate your request for the confidential tax returns (and other return information) of President Trump and related business entities, and in which you include a subpoena for the documents you have requested.

As I explained in my May 6 letter to the Committee, the Department of the Treasury (the Department) has consulted with the Department of Justice concerning the lawfulness of the Committee's unprecedented request. In reliance on the advice of the Department of Justice, we have determined that the Committee's request lacks a legitimate legislative purpose, and pursuant to section 6103, the Department is therefore not authorized to disclose the requested returns and return information. For the same reasons, we are unable to provide the requested information in response to the Committee's subpoena. As I explained in my May 6 letter, the Department of Justice has informed us that it intends to memorialize its advice in a published legal opinion as soon as practicable.

In my April 23 letter to the Committee, I offered to work with the Committee to accommodate its stated interest in understanding how the IRS audits and enforces the Federal tax laws against a President by providing the Committee with additional information on the mandatory audit process. I renewed that offer in my May 6 letter. While the Committee's latest letter appears to decline these offers because they are "not a substitute" for the President's tax returns, the Department's offer would provide information that directly bears upon what the Committee has stated to be its legislative interest in this subject. Consistent with the Executive Branch's constitutional commitment to accommodation, the Department remains committed to providing such an accommodation.

Sincerely,

*Steven T. Mnuchin*

Steven T. Mnuchin