Duane Morley Cox, Pro Se
1199 Cliffside Dr.
Logan, Utah 84321
Ph: (801) 755-3578

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

| | |
|---|---|
| Committee On Ways And Means United Stat4es House Of Representatives 1102 Longworth House Office Building Washington D.C. 20515 | Civil Action No. 1:19-cv-1974 |
| Plaintiff | Motion To Intervene and Memorandum Of Law |
| United States Department Of The Treasury et. al. 1500 Pennsylvania Avenue, N.W. Washington D.C. 20220 | |
| Defendants | |

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

Defendant-Intervenor Duane Morley Cox
Motion To Intervene

Duane Morley Cox, a private citizen of the United States who voted for President Trump, moves pursuant to Federal Rule of Civil Procedure 24 to intervene as a Defendant in this action. Intervention is proper and a "Right" where Mr. Cox claims an interest relating to the transaction that is the subject of the action, and is situated such that the disposition of the action may as a practical matter impair Movant personally/financially, and Movant will not be able to protect his interest should the Plaintiff prevail [FRCP, Rule 24(a)(2)]., and unless Mr. Cox is permitted to intervene, this "Right" will be impaired. Alternatively, Movant should be granted

Pg 1

RECEIVED
Mail Room

JUL 11 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

leave to intervene because: Movant has a common question of fact or law with the other Defendants [FRCP Rule 24(b)(1)(B).

As discussed here-in and in the accompanying Memorandum of Law, Movant respectively requests that the Court grant this Motion To Intervene in this matter. Attached are a proposed Answer in Intervention and a proposed Order.

_____
Duane Morley Cox, Pro Se

_____
8 July 2019
Date

## MEMORANDUM OF LAW IN SUPPORT OF
## MOVANTS MOTION TO INTERVENE

Movant respectfully submits this Memorandum of Law in support of his Motion To Intervene as a right, or alternatively, by permission, to assert a defense against the Complaint by the House Committee On Ways And Means (Committee).

Which Defense is that this Court lacks Jurisdiction to hear this case where President Trump has Absolute Immunity from the burdens inherent from this lawsuit which will operate to divert his energies from his complex and demanding Presidential duties, which dangers of intrusion on his authority and functions outweigh any possible legislative benefit.

> "The President's absolute immunity is a functionally mandated incident of his unique office, rooted in the constitutional tradition of the separation of powers and supported by the Nation's history. Because of the singular importance of the president's duties, diversion of his energies by concern with ... lawsuits would raise unique risks to the effective functioning of government. While the separation of powers doctrine does not bar every exercise of jurisdiction over the President, a court, before exercising jurisdiction, must balance the constitutional weight of the interest to be served against the dangers of intrusion on the authority and functions of the Executive Branch. ..." **Nixon v. Fitzgerald, 457 U.S. 731**

### SUMMARY STATEMENT

The U.S. Constitution provides for a separation of powers between the Legislative, Executive and Judicial Branches of Government. As such the Presidency is established by the Constitution as are the qualifications for those who serve as President.

The "Committee", surely realizes that it cannot compel the President to provide the requested Federal Income Tax Returns because such a statute would

arguably be Unconstitutional - in effect creating a new requirement for the Office of the Presidency, being the requirement for all Presidents or Presidential candidates to release personal tax returns for the examination by Congress.

To avoid this Constitutional issue, the Plaintiff Committee "seeks to do indirectly what it cannot do directly", thus invoking the Doctrine of Colourability by seeking to obtain the President's tax returns from the IRS itself, pursuant to existing statutes - in particular 26 USC $ 6103(f) governing the IRS as regards taxation of the general population. Plaintiff specifically lays out in detail their prior successes in relying upon Section 6103(f) to access and review tax information of:

> "Individuals, estates, and other taxpayers owing over $100 million in taxes ... individuals with unpaid tax liabilities ... individuals and businesses contracting with the Federal Government ... nonprofit organizations whose applications for tax-exempt status were subject to heightened scrutiny ... foreign-owned distributors within the U.S. of automobiles, motorcycles, and electronics equipment ... more than 200 large, tax exempt organizations ... individuals who made cash payments of more than $10,000 to purchase automobile and consumer goods ... companies, including banks and automobile manufacturers, that received funds from the Treasury's Troubled Asset Relief Program ... individuals engaging in tax refund fraud ... small businesses, ... a municipal government ... [Stating]   In the Committee's experience, Section 6103(f) requests are fulfilled by the IRS as a matter of course [Citation Omitted]" **Complaint, Pgs 13-15**

But the result would be the same, because no matter how the Plaintiff Committee obtains the tax returns of President Trump - the President would surely be distracted from his Presidential duties in order to defend against the almost limitless accusations which are sure to result from "investigation" into the tax returns and business affairs as is contemplated by the Complaint and related Hearings and press releases by Committee members and the Committee itself.

Movant asserts that this holding in **Nixon v. Fitzgerald** is directly applicable to this case where the diversion of the President's attention from the duties of the Presidency to focus on years and years of Tax Returns and their complicated business affairs could lead to disastrous consequences which could severely damage our economy or even cost American lives. A recent example exists.

After the Iranians shot down our unmanned drone operating over international waters, the President properly met with his advisors and approved a plan to use military assets to retaliate against Iranian military targets. But on further reflection, the President changed his mind cancelling the attacks on Iranian targets.

If the Plaintiff Committee was already in possession of the President's tax returns, and was questioning the tax decisions embodied in his returns, his attention might have been diverted from the Iranian issue, and he might have been distracted such that he might not have changed his mind on the proper course of action. Which would have resulted in the planned attack being implemented as planned, with an estimated loss of Iranian life of 150 or so military/civilian individuals. But then the Iranians might have escalated matters, and we could today be in a military situation which affected oil deliveries throughout the world, and resulting military consequences with their attendant negative impact upon the economies of many nations, including that of the United States.

And of course, we cannot afford to have the President's energies and attention diverted from the nuclear dangers still existent on the Korean Peninsula, or an

outbreak of an all out trade war with China which would surely have a negative effect on our economy.

Movant simply argues that the "Constitutional weight of the interest to be served" by this Complaint is de-minimis when compared to the "Constitutional weight of the dangers of intrusion on the authority and functions of the President and Presidency" which can be expected if the President is required to defend against Congressional scrutiny of his tax returns which are apparently annually reviewed by the IRS pursuant to existing statutes passed by Congress.

## Argument

1. **Movant Should Be Permitted To Intervene As Of Right**

Federal Rule of Civil Procedure 24(a)(2) provides that a Court must permit intervention on a timely application by anyone who "claims an interest relating to the property or transaction that is the subject of the action" whose interest may be impaired or impeded by disposition of the action. This Rule is to be "broadly construed in favor of potential interveners". See **Husted**, 588 F. App's 488,490 (6th Cir. 2014); and **Grutter**, 188 F.3d 394, 397-398 (6th Cir. 1999);  Movant meets each of these requirements for intervention as a matter of right.

A. **Movant's Motion Is Timely**

Factors to be considered include:

"(1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceeding the application during which the intervenor knew or should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervener's failure to promptly intervene after they knew or reasonably should have known of

Pg 4

their interest in the case; and (5) the existence of unusual circumstances millitation against or in favor of intervention. **Jansen, 904 F.2d 336, 340 and, United States v. City of Detroit, 712 F.3d 925, 930-31**

**First**, Movants Motion is timely where the Complaint was filed on 2 July 2019, Movant began preparation of his Motion on 3 July 2019, and the resulting Motion, Answer In Intervention and Draft Order were filed with the Court and served on the parties on 8 July 2019. Certainly, Movant was and is timely.

**Second**, the purpose behind Movant's intervention is to minimize the possibility that President Trump will become distracted from his Presidential Duties by having to defend against Congressional attacks pertaining to his tax returns and make a tragic miscalculation which results in an unnecessary war circumstance such as a military conflict with Iran, an unanticipated nuclear event on the Korean Peninsula, an all out trade war with China, any of which could cause National and/or International financial crises which would undo the impressive financial benefits which President Trump has brought into the lives of Movant and his wife.

To understand, Movant and his wife are respectively 79 and 76 years old. In 2008, when the market crashed both experienced substantial financial losses, where his wife having the greatest negative experience where she lost approximately 97% of her retirement capital, and the banking limitations imposed by the Obama Administration and Congress reduced her stock dividends from $1.76 per share per year to $0.04 per share per year. And Movant also suffered similar losses, but at least he had a pension check for them to live on. Over the next 8 years of the Obama administration, Movant and his wife kind of withdrew from the economy, conserving

by not taking any vacations nor replacing their cars. Over the eight years of the Obama administration, some recovery on stock value was achieved, and dividends had increased to 0.48 per share per year - but then Movant and his wife helped elect President Trump, and the results have been dramatic. Share price increased from $28 per share to a current price approximating $45 per share and dividends increased from 0.48 per share per year to $1.20 per share per year. Suddenly, Movant and his wife had sufficient funds to purchase a new car to replace one with 268,000 miles on it, and finances have improved to the point that needed house repairs are being done, a vacation is being planned for next year, and consideration is being given to the replacement of another vehicle. And then there is an unexpected PLUS - President Trump's push for energy independence has resulted in new life in the Utah oil fields where Movant's wife has some old mineral rights from her parents and grand parents. And a smaller company using advanced horizontal drilling techniques has begun drilling new wells. In total, in 2008, Movant's wife had only her Social Security check to live on, but today her taxable income is approximately 4 times her Social Security check.

    So Movant and his wife would be adversely impacted by any adverse National or International event which was triggered by the distraction of the President from his Duties because of the need to respond to the avalanche of questions and concerns which Congress will undoubtedly ask if this complaint by Plaintiff's is upheld.

    Thus, Movant brings to the attention of the Court the Jurisdictional Test defined by the U.S. Supreme Court in **Nixon v. Fitzgerald** because Movant

believes that it is dispositive of this whole matter, and helps guarantee that President Trump will not be distracted from the Duties by this Complaint which seeks disclosure of Trump's taxes to the Congress so they can waste his valuable time and heighten the risk of catastrophic or even less destructive circumstances occurring which will destabilize our economy and/or that of the whole world.

**Third**, The length of time between when Movant knew of this complaint and the initiation of this Motion is one (1) day.

**Fourth**, there can be no prejudice to either of the parties because there was no delay in the preparation and filing of Movant's Motion. Further, Rule 54c of the Federal Rules of Civil Procedure state that: "a final judgement should grant relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Thus there can be no prejudice to the Plaintiff even if the Defendants would have failed to plead this defense. For the U.S. Supreme Court has held that the: "Court retains an independent constitutional duty to review the factual findings where constitutional issues are involved." **Whole Woman's Health v. Hellerstedt, 579 U.S. \_\_\_\_\_ (2016) [Opinion @ III, Next To Last Para.]**

**Fifth**, the existence of unusual circumstances millitate in favor of intervention. This special circumstance is that Movant has filed an Amicus Brief with the United States Court of Appeals for the District of Columbia Circuit (No. 19-5142) on similar grounds, which Brief was accepted Per Curium - indicating that this issue by Movant has merit.

    **B.**     **Movant Has A Substantial Legal Interest In The Subject Matter Of This Case**      Pg 7

Movant apologizes to the Court for shifting this part of his argument into the Firs Person, but it is deemed appropriate.

When Trump ran for the Presidency, he, in my opinion, entered into a legal contract with the voters, including my wife and I. He offered to make America Great Again (which financially we needed to happen), if we would do three things. Donate to his campaign, vote for him and support him. I donated to his campaign and we both voted for him. And he has not disappointed. His tax cuts revived the economy in remarkable ways. Increasing our combined 401K value by over $200,000 (100 times his projected $2,000 tax reduction benefit). Our combined annual corporate dividend income has increased by approximately $8,496 per year (over 4 times the promised $2,000 annual tax benefit). And my wife's oil royalties have increased by approximately $6,732 per year ( 3.4+ times the promised $2,000 in tax relief) with three more wells just going into production.

So the Democrats who say the tax relief went to the companies not the individual are incorrect. There are Millions and Millions of others who have seen similar 401K increases, dividend increases and oil royalty increases.

But, now I must do all I can to fulfill my contract with Trump and help him fight off those who would seek to distract and destroy his Presidency at huge financial risk to my wife and I and millions of others if Plaintiff's conduct distracts the President into making a mistake which he narrowly avoided after Iran shot down our unmanned drone.

Luckily, the Judicial system provides a way for me to participate by offering a

defense which is different than that of the other Defendants who argue that the Plaintiff has no legitimate Legislative purpose for their complaint. And the Judicial system is generous in its willingness to allow me to participate.

> For instance, the 6th Circuit Court of Appeals holds to a "rather expansive notion of the interest sufficient to invoke intervention of right." **Gunther, 188 F.3d at 398 (citation omitted); Bradley v. Millikenm 828 F.2d 1186, 1192 (6th cir. 1987)** ("Interest is to be liberally construed."); No specific legal or equitable interest is required, See **Gunther, 188 F.3d at** 398, and even "close cases" should be "resolved in favor of recognizing an interest under Rule 24(a)," **Mich. State AFL-CIO v. Miller, 103 F.3d 1240, 1247 (6th Cir. 1977). Excerpted From Plaintiff-Intervenor United States, Motion To Intervene, Case No. 1:14-cv-038, United States District Court, For The Southern District Of Ohio, Pg 5**

Clearly I have a well defined legal interest in avoiding economic losses which are sure to occur if the President becomes distracted from his Presidential Duties. He is "My President" because I helped elect him, and he has exceeded my most optimistic economic hopes. And my interest is substantial where the financial improvement in the asset value of our 401K's has returned us to be participants in the economy of America by having money available for a new car, house improvements and even a long postponed vacation. And finally, I feel, that I am legally bound by our "contract" to present a Constitutional Jurisdictional Defense which so far has not been adopted or promoted by the other Defendants.

### C. <u>Intervention In This Case Is Necessary To Protect Movant's Interest</u>

Again Movant relies upon case law from other jurisdictions.

> """a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." **Miller, 103 F.3d at 1247**. "This burden is minimal." And can be satisfied if a determination in the

Pg 9

action may result in "potential stare decisis effects." **Id.**; see also **Citizens for Balanced Use v. Mont. Wilderness Ass'n, 647 F.3d 893,900 (9th Cir. 2011)** ("Intervention of right does not require an absolute certainty that a party's interest will be impaired")" **Excerpted From Plaintiff-Intervenor United States, Motion To Intervene, Case No. 1:14-cv-038, United States District Court, For The Southern District Of Ohio , Pg 6-7**

Movant meets this burden where he argues that distraction from Presidential Duties resulting from the need to defend years and years of financial activities and tax returns which preceded his election to the Presidency is fertile grounds for miscalculation which can lead to severe adverse economic reversals in our economy.

In short, the President was not elected to defend his past conduct (which has surely been adequately reviewed by existing IRS Procedures), he was elected to "Make America Great Again", and to effectively deal with enormous National and International issues.

Further, it is Movants understanding that the other Defendants main defense is that the complaint must be rejected because it serves no legitimate Legislative purpose. Similar arguments were rejected by the District Court in Trump v. Oversight Committee 1:19-cv-01136-APN.

Movant simply observes that the Jurisdictional issue he raises, if successful, avoids having to contend against the mountain of arguments which Plaintiff includes in its Complaint, and thus, Movant argues that he is in the best position to protect his own interest.

### D.    The Existing Parties Cannot Protect The Interest Of Movant

"The {Movant} carries a minimal burden to show that the existing parties to this litigation inadequately represent {Movant's} interests. **Jordan v. Mich.**

Pg 10

<u>**Conference of Teamsters Welfare Fund**</u>**, 207 F.3d 854, 863 (6th Cir) 2000).** A potential intervenor "need not prove that the [existing parties'] representation will in fact be inadequate, but only that it 'may be' inadequate." <u>**Id.**</u>**,** (citations omitted) (emphasis added); see also <u>**Davis v. Lifetime Capital, inc.**</u>**, 560 App'x 477, 495 (6th Cir. 2014)** ("The proposed intervenor need show only that there is a *potential* for inadequate representation.") (citation omitted) (emphasis in original)" **Excerpted From Plaintiff-Intervenor United States, Motion To Intervene, Case NO. 1:14-cv-038, United States District Court, For The Southern District Of Ohio, Pg 7**

As stated above, the focus of the other Defendants is on a Defense that has previously been rejected in <u>**Trump v. Oversight Committee**</u>, which implies that the defenses by the other Defendants may be inadequate to protect Movant's interests, which satisfies this requirement for acceptance of Movant's Motion.

**II.    <u>Alternatively, Movant Should Be Allowed To Intervene By Permission</u>**

"The Court may likewise permit intervention by anyone who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B)

In this case the basic question is one of law, being whether or not Congress has the right to demand access to President Trump's tax returns.

Plaintiff argues "Yes" based upon Section 6103(f) (and other statutes/rules) because Congress has used this Section to successfully obtain access to tax returns of individuals and companies other than the President.

Defendants including the IRS & Treasury argues "No" on grounds that the Plaintiff has no valid legislative purpose.

Movant argues "No" on grounds that if the constitutional test which the U.S. Supreme Court defined in <u>**Nixon v. Fitzgerald**</u> was applied, the Court would reach

Pg 11

the conclusion that it lacked Jurisdiction because the Legislative benefit is de-minimus as compared to the "dangers of intrusion on the authority and functions of the Executive Branch" as held in this precedent.

Thus there is a common question of law, and Movant fully complies with this requirement.

### III. Delay or Prejudice

"In exercising its discretion [regarding admittance of Movant, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Procedure, Fule 24(b)(3)

On this matter where Movant raises a Jurisdictional issue, it must be heard because Rule54(c) requires that a "final judgement should grant relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

Thus, if Defendants are entitled to rejection of the Complaint on Jurisdictinal Grounds, it must be given no matter the impact on the opposing party.

Thus, Movant argues that although there may be a delay while the Jurisdictional Issue is ruled upon by the Court, it would be unjust to proceed without consideration of this Jurisdictional issue, and would violate Rule 54(c).

### Conclusion

For the foregoing reasons, Movant respectfully requests the Court grant the Movant's Motion to Intervene.

_____  
Duane Morley Cox, Pro Se

_____  
Date 8 July 2019

Certificate Of Service

I, Duane Morley Cox, do hereby swear that on _8_ July 2019, that I provided a true and correct copy of the attached Motion To Intervene to the below listed parties by first class mail, postage prepaid.

Clerks Office (Original)
U.S. District Court
District of Columbia
Room 1225
333 Constitution Avenue N.W.
Washington D.C. 20001

Office Of General Counsel
U.S. House of Representatives
291 Cannon House Office Building
Washington D.C. 20515

United States Department Of The Treasury
1500 Pennsylvania Avenue, N.W.
Washington D.C. 20224

Internal Revenue Service
1111 Constitution Avenue, N.W.
Washington D.C. 20224

Steven T. Mnuchin
In his Official Capacity As
Secretary Of The U.S. Dept. Of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington D.C. 20220

Charles P. Rettig
In His Official Capacity As
Commissioner Of The Internal Revenue
1111 Constitution Avenue N.W.
Washington D.C. 20220

_____        _8 July 2019_
Duane Morley Cox, Pro Se                 Date



*Morley and Jeanne Cox*
*1199 Cliffside Drive*
*Logan, UT 84321*

Clerks Office
U.S. District Court
District of Columbia
Room 1225
333 Constitution Avenue N.W.
Washington DC 20001



Case 1:19-cv-01974-TNM   Document 10   Filed 07/11/19   Page 17 of 17