**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

COMMITTEE ON WAYS AND MEANS,
UNITED STATES HOUSE OF
REPRESENTATIVES,

     *Plaintiff,*

  v.

UNITED STATES DEPARTMENT OF THE
TREASURY; INTERNAL REVENUE
SERVICE; STEVEN T. MNUCHIN, in his
official capacity as Secretary of the United States
Department of the Treasury; and CHARLES L.
RETTIG, in his official capacity as
Commissioner of the Internal Revenue Service,

     *Defendants.*

Case No. 1:19-cv-1974-TNM

## UNOPPOSED MOTION TO INTERVENE AND
## SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

The House Ways and Means Committee has sued to force Defendants to produce Movants'

income tax returns and administrative files.[1] Because these documents contain sensitive information

about and belonging to Movants, they seek to intervene as defendants and oppose the Committee's

suit. Defendants do not oppose this motion. Counsel for the plaintiff House of Representatives does

not oppose the relief sought by this motion. Because Movants plainly satisfy the requirements of Rules

24(a) and (b), this Court should grant their unopposed motion to intervene.

---

[1] Movants are Donald J. Trump, The Donald J. Trump Revocable Trust, DJT Holdings LLC,
DJT Holdings Managing Member LLC, DTTM Operations LLC, DTTM Operations Managing
Member Corp, LFB Acquisition Member Corp., LFB Acquisition LLC, and Lamington Farm Club,
LLC d/b/a Trump National Golf Club-Bedminster. *See* Dkt. 1-11, at 6.

## I.      Movants are entitled to intervene as of right.

Under Rule 24(a)(2), a movant can intervene as of right when four conditions are met:

1.   The movant's motion is timely;

2.   The movant claims an interest relating to the property or transaction that is the subject of the action;

3.   The movant is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest; and

4.   The movant's interest is not adequately represented by the existing parties.

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). "[A]ny person who satisfies Rule 24(a) will also meet Article III's standing requirement." *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003). Movants satisfy all four requirements for intervention of right.

### A.      Movants' motion to intervene is timely.

Movants have filed a "timely motion." Fed. R. Civ. P. 24(a). "Whether a motion to intervene is timely" is "determined from all the circumstances." *NRDC v. Costle*, 561 F.2d 904, 907 (D.C. Cir. 1977) (cleaned up). A motion to intervene filed within two months of the complaint is timely. *Fund for Animals*, 322 F.3d at 735; *e.g.*, *Associated Dog Clubs of N.Y. State v. Vilsack*, 44 F. Supp. 3d 1, 5-6 (D.D.C. 2014) (14 days). Movants' motion, which has been filed less than a month after the complaint, is thus timely.

### B.      Movants have protected interests in the subject of the action.

Movants have an "interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). "[I]ntervenors of right need only an 'interest' in the litigation—not a 'cause of action' or 'permission to sue.'" *Jones v. Prince George's Cty.*, 348 F.3d 1014, 1018 (D.C. Cir. 2003). The "interest" test is therefore a "liberal" one. *Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 105 F.R.D. 106, 109-10 (D.D.C. 1985). It acts "primarily [as] a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967).

Movants' interest here—maintaining the confidentiality of documents they submitted to a government agency—is well established. *See 100Reporters LLC v. DOJ*, 307 F.R.D. 269, 277 (D.D.C. 2014) ("[T]his Court routinely has recognized that the submitter of documents to a government agency has a cognizable interest in maintaining the confidentiality of those documents that is sufficient under Rule 24(a)." (collecting cases)); *Am. Oversight, Inc. v. HHS*, 2018 WL 4381099, at *2 (D.D.C. Aug. 3, 2018) ("This Court has recognized in countless cases, including this case, that where documents concerning or belonging to a third party are the subject of a FOIA request, the party has the right to intervene in the action to assert additional defenses." (collecting cases)); *United States v. AT&T Co.*, 642 F.2d 1285, 1291-92 (D.C. Cir. 1980) (recognizing an interest in protecting documents from discovery even when it is "collateral" and does not "concern the subject matter of the overall action"). This interest in maintaining the confidentiality of government filings exists irrespective of a statutory right. *See 100Reporters*, 307 F.R.D. at 277-78 ("[F]ederal courts regularly have recognized preserving confidentiality as a sufficient interest under Rule 24(a), both when a statutory privilege is at stake or, more relevantly, when there exists a general interest in protecting the confidentiality of information without relation to a specific statutory right." (citing cases)).

Congress also has recognized taxpayers' interest in preventing the disclosure of their confidential tax information. For example, the tax code gives taxpayers the express statutory right to intervene in IRS enforcement proceedings against third parties. *See* 26 U.S.C. §7609; *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 316 (1985). This procedure recognizes the taxpayer's interest not only in the confidentiality of IRS filings, but also in private third-party documents that support those filings. *Tiffany Fine Arts*, 469 U.S. at 316; *see also Church of Scientology of Calif. v. IRS*, 792 F.2d 153, 159 (D.C. Cir. 1986) (noting that Congress intended "to provide … increased assurance of confidentiality" to taxpayers by providing "*greater* protection against improper disclosure of [tax] information than FOIA provides against disclosure of data" (emphasis in original)); 26 U.S.C. §7213 (criminalizing the

disclosure of tax returns); 18 U.S.C. §1905 (criminalizing the disclosure of certain confidential information in government filings). Thus, Movants' interest in maintaining the confidentiality of their IRS filings satisfies the "liberal" test for intervention. *100Reporters*, 307 F.R.D. at 277; *Indep. Petrochemical.*, 105 F.R.D. at 109-10.[2]

### C.  The action threatens to impair Movants' interests.

Movants are "so situated that disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). This requirement "is obviously designed to liberalize the right to intervene." *Nuesse*, 385 F.2d at 701. When the movant asserts an interest in maintaining the confidentiality of government filings, impairment is "especially obvious … because if the plaintiff succeeds, the public release of the requested materials is both imminent and irreversible." *100Reporters*, 307 F.R.D. at 278-79 (citing *Fund for Animals,* 322 F.3d at 735); *see Appleton v. FDA*, 310 F. Supp. 2d 194, 197 (D.D.C. 2004). That is the case here.

### D.  The existing parties do not adequately represents Movants' interests.

Movants' interests are not "adequately represent[ed]" by "existing parties." Fed. R. Civ. P. 24(a)(2). "The requirement of [inadequate representation] is satisfied if the movant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *see Dimond v. Dist. of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) ("This burden … is not onerous. The [movant] need only show that representation of his interest 'may be' inadequate, not that representation will in fact be inadequate." (citation omitted)); *AT&T*, 642 F.2d at 1293 (Intervention is "ordinarily …

---

[2] Having shown a protected interest, Movants have simultaneously shown Article III standing. *100Reporters*, 307 F.R.D. at 281; *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 13 n.5 (D.D.C. 2010). Indeed, where a plaintiff "seeks the release of documents that are likely to contain the intervenor's confidential information, the intervenor's injury is both particularized and sufficiently imminent" to satisfy Article III. *100Reporters*, 307 F.R.D. at 283. There are virtually no cases "in which a court denied on standing grounds the application of a prospective intervenor whose *own* confidential materials were the clear subject" of a document disclosure request. *Id.* at 283-84.

allowed … unless it is clear that the party will provide adequate representation for the absentee."
(cleaned up)). "[T]he burden is on those opposing intervention to show the adequacy of the existing
representation." *Smuck v. Hobson*, 408 F.2d 175, 181 (D.C. Cir. 1969).

There is a "relatively large class of cases in this circuit recognizing the inadequacy of
governmental representation of the interests of private parties." *Dimond*, 792 F.2d at 192; *see, e.g.*,
*Smuck*, 408 F.2d at 181; *Trbovich*, 404 U.S. at 538-39. "A government entity … is charged by law with
representing the public interest of its citizens. [A private party], on the other hand, is seeking to protect
a more narrow and 'parochial' … interest not shared by the citizens." *Dimond*, 792 F.2d at 192-93.
Accordingly, a private party's interest "cannot be subsumed within the shared interest of the citizens,"
and "no presumption exists that the [government entity] will adequately represent its interests."
*Id.* at 193. That holds true even if the government entity and the private party make the same legal
arguments. *See id.* Even if the interests of a government entity and a private movant "clearly …
coincide," the movant is still likely to "make a more vigorous" argument than the government entity.
*See Costle*, 561 F.2d at 912-13 (noting the right of a private movant to intervene to provide a "vigorous
and helpful supplement to [the government's] defense"). This natural "divergence of interests"
between private and public parties is "especially evident" in litigation involving the disclosure of
government filings because "the plaintiff's interest lies in disclosure, the government entity's interest
lies in responding appropriately to the plaintiff's request, and the intervenor's interest lies in protecting
its trade secrets and confidential information." *100Reporters*, 307 F.R.D. at 279-80 (cleaned up). These
cases squarely address Movants' situation.

Beyond the natural divergence between the interests of public and private parties, moreover,
Movants have unique free-speech and due-process objections to the Committee's demand for their
private tax records. *See, e.g.*, *Watkins v. United States*, 354 U.S. 178, 205-06 (1957); *Pillsbury Co. v. FTC*,
354 F.2d 952, 964 (5th Cir. 1966). There is a reasonable likelihood that Movants will, in asserting these

personal objections, make different arguments from Defendants—further justifying intervention. *Akiachak Native Cmty. v. U.S. Dept. of Int.*, 827 F.3d 100, 108-09 (D.C. Cir. 2016).

In short, Rule 24(a)(2) "implements the basic jurisprudential assumption that the interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard." *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972). This Court should grant Movants intervention as of right.

## II.   Movants are also entitled to permissive intervention.

Alternatively, Movants ask this Court to grant permissive intervention under Rule 24(b). The Court can grant permissive intervention when the movant makes a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In making this determination, the Court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' right." *Id.* "While permissive intervention may be denied in order to avoid the likelihood of undue delay," it should not be denied simply because an additional party will naturally delay litigation—the likely delay must be "undue." *Nuesse*, 385 F.2d at 704.

These considerations all favor allowing Movants to permissively intervene. Movants have swiftly sought to join this litigation at the earliest possible stage, and their participation poses no likelihood of delay beyond the norm for multi-party litigation. *See 100Reporters*, 307 F.R.D. at 286-87 ("The proper approach … is to allow all interested parties to present their arguments in a single case at the same time, especially when the intervenors have timely moved to join this litigation at such a nascent stage"). Moreover, because they are intervening to prevent the disclosure of their private filings and to join the parties' inevitable dispute about whether the Committee's request has a legitimate legislative purpose, Movants manifestly have a claim or defense that "shares with the main action a common question of law or fact." *See id.* at 286 (holding that, in a FOIA action against the

Department of Justice to disclose the movants' information, movants' intervention to defend against

the FOIA request clearly shared a common question of law and fact with the main action). This Court

should at least allow Movants to permissively intervene.

## CONCLUSION

The Court should grant Movants' motion and allow them to intervene as defendants.

Respectfully submitted,

Dated: July 17, 2019

 /s/ William S. Consovoy

William S. Consovoy
Cameron T. Norris
Steven C. Begakis
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square, 8th Floor
South PMB #706
Boston, MA 02109
(617) 227-0548

*Counsel for Proposed Intervenors Donald J. Trump, The
Donald J. Trump Revocable Trust, DJT Holdings LLC,
DJT Holdings Managing Member LLC, DTTM Operations
LLC, DTTM Operations Managing Member Corp, LFB
Acquisition Member Corp., LFB Acquisition LLC, and
Lamington Farm Club, LLC d/b/a Trump National Golf
Club-Bedminster*