**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:19-cv-1974 (TNM) |
| | ) |
| UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*, | ) ) |
| | ) |
| Defendants. | ) ) |
| | ) |

**DEFENDANTS' OPPOSITION TO
DUANE MORLEY COX'S MOTION TO INTERVENE**

Duane Morley Cox, *pro se*, moves to intervene in this matter. *See* ECF No. 10 ("Mot."). The court should deny Mr. Cox's motion because he lacks Article III standing and does not satisfy the requirements of Rule 24.

**BACKGROUND**

The Committee on Ways and Means of the U.S. House of Representatives commenced this action by filing a complaint on July 2, 2019. *See* ECF No. 1. The Committee alleges that Defendants have failed to comply with its requests that they produce to the Committee tax records pertaining to the President and several related business entities. *See generally id.* Defendants were served with the summons and complaint on July 8, 2019, and their response to the Complaint is accordingly due September 6, 2019. *See* ECF No. 4; Fed. R. Civ. P. 12(a)(2).

On July 8, 2019, Mr. Cox served by mail a motion to intervene as a Defendant. *See* Mot. Mr. Cox contends that he is entitled to participate in this lawsuit because (1) he has benefited from the President's policies, and (2) this lawsuit may distract the President from his official duties, thereby imperiling the President's ability to serve the nation, including Mr. Cox.

**STANDARD OF REVIEW**

The Federal Rules require a court to allow anyone to intervene as of right who "claims an interest relating to the property or transaction that is the subject of the action," and who is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," unless "existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *see also, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. FDIC*, 717 F.3d 189, 192 (D.C. Cir. 2013). Intervention as of right depends on four factors: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interest." *Deutsche Bank*, 717 F.3d at 192 (quoting *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008)). Further, "in addition to establishing its qualification for intervention under Rule 24(a)(2), a party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732-33 (D.C. Cir. 2003); *see also, e.g.*, *City of Cleveland v. NRC*, 17 F.3d 1515, 1517 (D.C. Cir. 1994) ("[B]ecause a Rule 24 intervenor seeks to participate on an equal footing with the original parties to the suit, [it] must satisfy the standing requirements imposed on those parties.").

A court may also permit someone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Permissive intervention is 'inherently discretionary,' and a court may deny a motion for permissive intervention even if the movant has met all of the requirements." *Garcia v. Vilsack*, 304 F.R.D. 77, 81 (D.D.C. 2014) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). Anyone seeking permissive intervention must also demonstrate standing. *Deutsche Bank*, 717 F.3d at 193.

**ARGUMENT**

**The Court Should Deny Mr. Cox's Motion To Intervene Because He Lacks
Article III Standing And Does Not Satisfy The Requirements Of Rule 24.**

Mr. Cox seeks leave to intervene under both Rule 24(a), pertaining to intervention of right, and Rule 24(b), pertaining to permissive intervention. Because Mr. Cox lacks Article III standing, the Court should deny the motion to intervene without reaching Rule 24. Should it reach the Rule 24 questions, however, Mr. Cox is not entitled to intervene under either Rule 24(a) or Rule 24(b).

**A.      Mr. Cox Lacks Article III Standing.**

Most fundamentally, Mr. Cox cannot intervene because he lacks Article III standing. *See Deutsche Bank*, 717 F.3d at 193 ("It is [ ] circuit law that intervenors must demonstrate Article III standing."); *Fund for Animals*, 322 F.3d at 731-32 (D.C. Cir. 2003) ("[I]n addition to establishing its qualification for intervention under Rule 24(a)(2), a party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution."). "To establish standing under Article III, a prospective intervenor—like any party—must show: (1) injury-in-fact, (2) causation, and (3) redressability." *Fund for Animals*, 322 F.3d at 732–33 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Those requirements apply to those seeking to intervene as defendants. *See, e.g.*, *Crossroads Grasroots Policy Strategies v. Fed. Elec. Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015) ("The standing inquiry for an intervening-defendant is the same as for a plaintiff: the intervenor must show injury in fact, causation, and redressability.").

Mr. Cox does not satisfy these requirements. His theory — that the Committee's successful prosecution of this action could cause the President to less ably execute the duties of his office — posits an injury to the entire country, not Mr. Cox personally. Such a theory is insufficient because it is not concrete and particularized as to Mr. Cox. To the contrary, it is the kind of undifferentiated, widely shared, and abstract injury that is insufficient to confer standing. *See, e.g.*, *Lujan*, 504 U.S.

at 573-74 ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."); *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."); *Sibley v. Alexander*, 916 F. Supp. 2d 58, 61 (D.D.C. 2013) (plaintiff's "status as a voter, standing alone, is insufficient to confer standing"); *Cohen v. Obama*, No. 08-2150, 2008 WL 5191864, at *1 (D.D.C. Dec. 11, 2008) (dismissing for lack of standing because "[p]laintiff's stake is no greater and his status no more differentiated than that of millions of other voters").  Because Mr. Cox lacks standing, the Court should deny leave to intervene without even considering whether Mr. Cox satisfies the requirements of Rule 24.

### B.     Mr. Cox Is Not Entitled To Intervention Of Right Under Rule 24(a).

Even if Mr. Cox had Article III standing, he would still not be entitled to intervention. With respect to his request for intervention of right, Mr. Cox must demonstrate that he has "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).[1]

Mr. Cox cannot establish "a legally protected interest" for the same reasons that he does not have standing.  *See Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998) ("[The putative intervenor] need not show anything more than that it has standing to sue in order

---

[1] Mr. Cox does not claim that he has an unconditional right to intervene by a federal statute, *see* Fed. R. Civ. P. 24(a)(1).

to demonstrate the existence of a legally protected interest for purposes of Rule 24(a).").  Even if Mr. Cox had a legally protected interest, he has not demonstrated that existing parties do not adequately protect that interest.  The Federal Defendants will vigorously defend this lawsuit, as will the President and his related business entities, whom the Court has permitted to intervene, *see* ECF No. 14.  That Mr. Cox has no legitimate basis to doubt that his asserted interests will be adequately defended further weakens his case for intervention of right.

### C.       Mr. Cox Is Not Entitled To Permissive Intervention.

Finally, Mr. Cox is not entitled to permissive intervention under Rule 24(b), which requires Mr. Cox to demonstrate that he "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).[2]  Mr. Cox's failure to establish Article III standing is fatal to his request for permissive intervention.  *See Keepseagle v. Vilsack*, 307 F.R.D. 233, 245-46 (D.D.C. 2014) (explaining that movants' "lack of standing renders them ineligible for permissive intervention").  Even if he had standing, Mr. Cox has no claim or defense that shares a common question of law or fact with the issues at stake in this case; he is simply a citizen whose interest in this case is indistinguishable from that of millions of other American citizens.   His intervention would not "significantly contribute to . . . the just and equitable adjudication of the legal question presented" and should therefore be denied.  *Sierra Club v. McCarthy*, 308 F.R.D. 9, 12 (D.D.C. 2015) (quoting *Ctr. for Biological Diversity v. EPA*, 274 F.R.D. 305, 313 (D.D.C. 2011)).

### CONCLUSION

The Court should deny the motion to intervene.

---

[2] Mr. Cox does not claim that he has a conditional right to intervene by a federal statute, *see* Fed. R. Civ. P. 24(b)(1).

Dated: July 25, 2019                    Respectfully submitted,

                                        JOSEPH H. HUNT
                                        Assistant Attorney General

                                        JAMES M. BURNHAM
                                        Deputy Assistant Attorney General

                                        JAMES J. GILLIGAN
                                        Acting Director

                                        ELIZABETH J. SHAPIRO
                                        Deputy Director

                                        JOSHUA E. GARDNER
                                        Special Counsel

                                        /s/ *Steven A. Myers*
                                        CRISTEN C. HANDLEY (MO Bar. No. 69114)
                                        STEVEN A. MYERS (NY Bar No. 4823043)
                                        SERENA M. ORLOFF (CA Bar No. 260888)
                                        Trial Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        P.O. Box 883
                                        Washington, D.C. 20044
                                        Tel: (202) 305-8648
                                        Fax: (202) 305-8470
                                        Email: Steven.A.Myers@usdoj.gov

                                        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon counsel of record by the Electronic Case Filing System on July 25, 2019.  In addition, the following individual is being served by first-class mail:

Duane Morley Cox
1199 Cliffside Dr.
Logan, UT 84321

*/s/ Steven A. Myers*
STEVEN A. MYERS