Duane Morley Cox, Pro Se
1199 Cliffside Dr.
Logan, Utah 84321
Ph: (801) 755-3578

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

Committee On Ways And Means  
United States House Of Representatives  
1102 Longworth House Office Building  
Washington D.C. 20515  

    Plaintiff  

United States Department Of The  
Treasury et. al.  
1500 Pennsylvania Avenue, N.W.  
Washington D.C. 20220  

    Defendants  

Civil Action No. 1:19-cv-1974 (TNM)

Amendment To Movant's Reply To Defendant's Opposition To Duane Morley Cox's Motion To Intervene.

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

Judge Trevor N McFadden

**NOW COMES**, Duane Morley Cox, Pro Se, and respectfully files this Amendment to his Reply, seeking to have the Court consider the following arguments as part of his Reply.

### Arguments

Upon thoughtful reflection, it is now realized that the reason that Defendant Federal Attorneys who oppose Mr. Cox's Motion To Intervene have not argued the precedent of **Nixon v. Fitzgerald** in other lawsuits or this one against the President, Presidency or Executive Branch may be because this precedent is not based upon an "injury in fact, ie., a concrete or particularized, actual or imminent

Pg 1

invasion of a legally protected interest" as mandated in **Lujan v. Defenders of Wildlife., 504 U.S. 555, Held @ 555**), instead the constitutional weighting analysis that Plaintiff Committee on Ways & Means was required to produce to justify jurisdiction by this Court was to be based upon 'reasonable hypotheses' of the "interest to be served" **Nixon, @ 732** if the tax returns of Mr. Trump and his many business entities were to be obtained by the Committee versus the likely "danger of intrusion on the authority and functions of the Executive Branch" **Nixon @ 732** and the possible consequences of such "dangers".

Thus, this precedent requires that Plaintiff's standing as well as Movant's standing be decided on the criteria implied by or inferred from the language of **Nixon**. Thus requiring only the general requirement which applies to the pleading stage.

> "At the pleading stage, general factual allegations of injury ... may suffice." **Lujan, @ Pg 561**

Thus, in analyzing the relative "Constitutional Weight of the interest to be served" requires Plaintiff's to hypothesize the 'reasonable or likely' legislative outcomes achievable if the tax returns are obtained by the Plaintiff's and to demonstrate that this "Constitutional Weight" is greater than the "Constitutional Weight" of the 'reasonable or likely' "dangers of intrusion on the authority and intrusions of the Executive Branch" which may occur if the consequence of the Legislative Actions necessary to obtain the legislative benefits "distract" the President or otherwise impairs the Executive Branch.

Thus, the standing of Movant to be granted intervention must be based upon the same preliminary standard, for the purpose of **Nixon** is to avoid substantive "distraction" of the President from the duties to which he was elected, exactly like the Legislature is protected from disruptive lawsuits pursuant to the Speech and Debate clause.

Thus, **Nixon** operates to preserve the balance of power between the Executive Branch and the Legislative Branch by assuring that the Legislative Branch cannot encumber and interfere with the operations and duties of the President, Presidency or Executive Branch in the just the same manner as the Speech and Debate Clause protects the Legislative Processes and Senators/Representatives from lawsuits which interfere in their ability to perform legislative functions.

For these reasons, Movant argues that he has satisfied the requisite requirements for intervention, especially where he cannot of himself bring a lawsuit to protect his interests against the Plaintiff's because Plaintiffs are protected from such suits by the Speech and Debate Clause.

And in any event this Court is mandated to apply the Precedent of **Nixon** to Plaintiff's to assure that they have standing and this Court has Jurisdiction to hear this case.

_____  
Duane Morley Cox, Pro Se

3 August 2019  
Date

Pg 3

## Certificate Of Service

I, Duane Morley Cox, do hereby swear that on 3 August 2019, that I did serve a true and correct copy of the attached Amendment To Reply To Defendant's Opposition To Duane Morley Cox's Motion To Intervene. To the below listed parties by first class mail, postage prepaid.

Clerk's Office (Original)  
U.S. District Court  
District of Columbia  
Room 1225  
333 Constitution Avenue, NW  
Washington D.C. 20001

Office Of General Counsel  
U.S. House of Representatives  
291 Cannon House Office Building  
Washington, D.C. 20515

Steven A. Myers et., al.  
United States Department of Justice  
Civil Division, Federal Programs Branch  
P.O. Box 883  
Washington, D.C. 20044

William S. Consovoy, et. al.  
Consovoy McCarthy Park PLLC  
3033 Wilson Blvd., Ste 700  
Arlington, Va. 22201

_____  
Duane Morley Cox, Pro Se

_____  
Date

SALT LAKE CITY UT 840
03 AUG 2019 PM 1 L

Clerk's Office
US District Court
District of Columbia
Room 1225
333 Constitution Avenue, NW
Washington DC 20001

Morley and Jeanne Cox
1199 Cliffside Drive
Logan, UT 84321