Duane Morley Cox, Pro Se
1199 Cliffside Dr.
Logan, Utah 84321
Ph: (801) 755-3578

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
+
Committee On Ways And Means     +   Civil Action No. 1:19-cv-1974 (TNM)
United States House Of Representatives +
1102 Longworth House Office Building   +
Washington D.C. 20515            +
+
       Plaintiff              +
+   Reply To Defendant's Opposition To
United States Department Of The      +   Duane Morley Cox's Motion To
Treasury et. al.                   +   Intervene.
1500 Pennsylvania Avenue, N.W.     +
Washington D.C. 20220            +
+
      Defendants          +
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

**Now Comes** Duane Morley Cox, Pro Se, filing his Reply to Defendants

Opposition To Mr. Cox's Motion To Intervene.

### ARGUMENTS

Pursuant to Article III, standing requires that Mr. Cox must personally have:

1) suffered some actual or <u>threatened injury</u>; 2) that injury can be traced to the

challenged action of the Ways & Means Committee; and 3) that the injury is likely

to be redressed by a favorable decision. **Lujan v. Defs. v. Wildlife, 504 U.S. 555,**

**560-61 (1992)**. And "when the plaintiff is not himself the object of the government

action or inaction he challenges, standing is not precluded, but it is ordinarily

Pg 1

RECEIVED
Mail Room

AUG - 9 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

"substantially more difficult" to establish. Allen, 468 U.S. at 758; Simon, 426 U.S. at 44-45; Warth, 422 U.S. at 505". **Id. @ 562**

Mr. Cox admits that he is not the object of the government action or inaction he challenges, and thus recognizes and follows the "substantially more difficult" path to standing because standing is not precluded.

At the heart of the matter is the holding by the U.S. Supreme Court in

**Nixon v. Fitzgerald [Nixon]**

> "Although there is no blanket recognition of absolute immunity for all federal executive officials ... The President's absolute immunity is a functionally mandated incident of his unique office rooted in the constitutional tradition of the separation of powers and supported by the Nation's history.  Because of the singular importance of the President's duties, diversion of his energies by concern with private lawsuits would raise unique risks to the effective functioning of government.  While the separation of powers doctrine does not bar every exercise of jurisdiction over the President, <u>a court, before exercising jurisdiction, **must** balance the constitutional weight of the interest to be served against the dangers of intrusion on the authority and functions of the Executive Branch</u>." **Nixon v. Fitzgerald, 457 U.S. 731 @ 732 [Emphasis Added]  [Hereafter Nixon]**

This holding by the U.S. Supreme Court by Justice Powell uniquely recognizes the importance of the Executive Branch function, and the dangers associated with lawsuits which themselves or their results pose to the ability of the President to perform his Executive functions.  And this Precedent creates a "High Bar" which litigants must clear in order to sue the President and/or Presidency of the United States.

To be sure, this holding is based upon the word **"Must"** which is one of command, which the parties and the lower courts cannot of themselves ignore, for

the Parties cannot confer jurisdiction by consent or waiver **Insurance Corp of Ireland v. Compaignie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)**.  And Plaintiffs have the burden of establishing Jurisdiction for each form of relief that they request **Lewis v. Casey, 518 U.S. 343, 358 n.6 (1996)**.

Thus, the U.S. Supreme Court has **mandated** that the Jurisdictional test of **Nixon** be considered before any Court, including this Court, accepts Jurisdiction of lawsuits against the President and/or Presidency.  And where this Court has already allowed the  President and his business entities to intervene (Defendant Opposition, Pg 5) this case clearly involves the President and/or Presidency, and thus falls under the purview of the precedent of **Nixon**.

Defendants properly state that "Intervention as of right depends on four factors" which Movant now addresses as pertains to the precedent of **Nixon**.

1) **The application to intervene must be timely.**  Defendants do not allege and it is beyond question that Mr. Cox was timely.

2) **The applicant must demonstrate a legally protected interest in the action.**  Movant asserts that he has a legally protected interest in assuring that the President is not distracted from his duties, which interest is legally protected not by statute, but by the precedent of **Nixon**.

For example, Movant and his wife who were retired and living on fixed incomes, were very badly financially injured by the stock market crash of 2008.  His wife lost 94% of her retirement nest egg and her dividend income which she lived off of dropped from $22,880 per year to $520 per year.  Movant was injured similarly,

Pg 3

and both had to live off of Movant's retirement check. As a result they shut their doors so to speak and dropped out of the economy, no house repairs, no new cars and no vacations for the next 8 years. On the date President Trump was elected, their stock value was $28 per share, and his wife's dividend income had increased back to only $4,320 per year. Today, in the 2+ years of the Trump Presidency, their stock value has increased to $45.48 per share, and his wife's dividend income has increased to $12,240 per year, and they have rejoined the economy buying their first new car in 10 years (three others yet to replace) and are planning their first vacation in 11 years. But life is fragile, and its goodness could be lost should the economy turn "South" again. Thus Movant and his wife have a substantial economic interest in avoiding another national financial crisis created by a distracted President..

Although Defendants characterize this economic interest as being a general or non-particularized interest, it is protected, not by statute, but by the precedent of **Nixon**, but only if the precedent of **Nixon** is invoked to protect the President from distraction from the Duties he was elected to perform.

And to date, Defendants have not invoked this precedent to provide such protection from distraction even though they have had multiple opportunities to do so, including in this case.

Thus, Movant claims the right to intervene to assure that **Nixon** is used to determine the Court's Jurisdiction in this case because President Trump was elected to "make America Great Again", which he has done for Movant and his wife.

President Trump was not elected to be distracted from his Presidential duties by having to explain to the Oversight Committee the complexities of running his six inter-related companies with their complex financing, construction, purchasing, charitable donations, infrequent bankruptcies and management of foreign as well as American projects, especially where his tax returns have already been examined by the IRS and corrected as necessary.

3) **The action must threaten to impair that interest**. Clearly, the action by the Ways and Means Committee to sue for access to many years of President Trump's tax returns and the tax returns of six of his business entities, is certain to **distract** the President from his Presidential duties which threatens the economic interest of Movant and his wife . Only the President will be able to explain and answer the hundreds to thousands of questions which the Committee is sure to come up with as the Committee and House Democrats search through tax returns and related financial affairs which have already been reviewed and corrected as necessary the IRS.  But he wasn't elected to spend his time defending his business conduct for the years before his election, he was elected to do the peoples work as required by the Constitution, without unnecessary distraction.

Under the Speech and Debate Clause of the Constitution, Congress, its members and key personnel are protected from lawsuits in order to assure that they are not distracted from their duties, but the Constitution provides no comparable protections for the President.

But the U.S. Supreme Court in its precedent of **Nixon** has created a similar

protection for the President, Presidency and Executive Branch. In fact by creating the precedent of **Nixon**, the U.S. Supreme Court has in effect created the reasonable presumption that any lawsuit against the President or Presidency is a threat to the authority and functions of the Executive Branch, and the lawsuit must not go forward unless the "interest to be served" by the lawsuit is greater than the "dangers of intrusion on the authority and functions of the Executive Branch".

So it is next important to give an example of how Presidential "distractions" may negatively affect Movant's economic interest.

Movant calls to this Court's attention the "Near-Miss" which recently occurred. After Iran shot down our drone, the President met with his advisors, and decided to attack specific targets in retaliation. Had the President been "distracted", he might not have changed his mind at the last minutes before the retaliatory actions were to commence, and had he attacked the previously selected targets, the United States probably would be involved today in a limited or all out war with Iran, either of which would undoubtedly result in the closure of the Straits of Hormuz interrupting the flow of oil products essential to the international economy, which would be reasonably expected to result in economic chaos across the globe with negative financial impacts upon our National economy and Movant and his wife.

This is exactly the point of the precedent of **Nixon**, we cannot afford the "distraction" of the President and Presidency, any more than we can afford the interruption of Congressional Legislative activities.

Pg 6

Thus Movant argues that this case must be presumed to be a threat to

Movant's economic interest unless and until the Constitutional Weighting Analysis

mandated by **Nixon** is conducted and demonstrates otherwise.

4) **No party to the action can be an adequate representative of the**

**applicant's interest.**  Defendant's Opposition to Intervention states:

> "The Federal Rules require a court to allow anyone to intervene as of right
> who "claims an interest relating to the property or transaction that is the
> subject of the action," and who is "so situated that disposing of the action may
> as a practical matter impair or impede the Movant's ability to protect its
> interest," unless "existing parties adequately represent that interest."  Fed R.
> Civ. P. 24(a)(2); see also, e.g. Deutsche Bank Nat'l Te. Co. v. FDIC, 717 F.3d
> 189, 192 (D.C. Cir 2013). **Opposition, Pg 2**

Although Movant satisfies the first two criteria, Defendants thereafter claim:

> "That Mr. Cox has no legitimate basis to doubt that his asserted interests
> will be adequately defended further weakens his case for intervention of
> right." **Opposition, Pg 5**

And:

> "The Federal Defendants will vigorously defend this lawsuit, as will the
> President and his related business entities whom the court has permitted to
> intervene, see ECF No. 14.  That Mr. Cox has no legitimate basis to doubt
> that his asserted interests will be adequately defended further weakens his
> case for intervention of right." **Opposition, Pg 5**

Wrong!  Wrong!  Wrong!

Movant respectively requests that this Court take Judicial Notice of the fact

that the Federal Defendants failed to defend on "standing" or "Jurisdictional"

grounds in their Defense in **State Of California; et. al. v. Donald J. Trump; et.**

**al., No. 4:19-cv-00872-HSG** or in **Sierra Club; et. al., v. Donald J. Trump, et.**

**al., No. 4:19-cv-00892-HSG,** making no mention at all of this Mandatory

Pg 7

Jurisdictional Constitutional Weighting Analysis in **Nixon**.  Yet, Rep. Andy Barr filed an extremely persuasive Amicus Brief  in support of President Trump with the U.S. Supreme Court under the appeal of Trump v. Sierra Club, No. 19A60, cited as 588 U.S. _____ (2019), which Amicus Brief was devoted entirely to the issue of "Standing" and "Jurisdiction".  But this BARR Brief also did not consider the precedent of **Nixon**.

And regarding the intervention of the personal legal teams for President Trump and his business entities in this case, Movant also respectively requests that this Court take Judicial Notice of the fact that the legal teams for President Trump and his Business Entities failed to defend on the logic of **Nixon**  in **Trump: et. al.; v. Oversight and Reform Committee**, No. 1:19-cv-1136 and the Federal Court of Appeals for the District of Columbia, on appeal accepted Movant's Amicus Brief which focused on the principles of **Nixon** as a defense in favor of President Trump.

And this Court should take Judicial Notice of the fact that Movant has had his Amicus Brief which relies upon **Nixon** accepted by the Federal Appeals Court in the District of Columbia, and he has filed Amicus Briefs in the Federal Court of Appeals for the Ninth Circuit No. 4:19-cv-00892 and No. 4:19-cv-00872, and in the Federal District Court for the Northern District of **California East Bay Sanctuary; et. al. v. William Barr** - each of which was based upon the mandate of **Nixon**.

So frankly, Movant has no reason to believe that  the Federal Attorneys or

Trump's own Attorneys are going to defend against the Ways & Means

Committee in this case on the Jurisdictional grounds of **Nixon**.  And in contrast,

Movant has substantial experience in applying the mandated Constitutional Weight

Analysis of **Nixon** to a variety of legal circumstances.

Thus, it is clear that Movant must be granted Intervention in order to assure

that the precedent of **Nixon** is followed.

## Conclusions

**First**, the precedent of **Nixon** establishes protections for the President

and/or Presidency/Executive Branch equivalent to the Constitutional protections

which the Legislative Branch enjoys under the Speech and Debate Clause.

**Second**, this case falls under the purview of **Nixon** where the President and

his businesses have been allowed to intervene.

**Third**, Movant's Motion For Intervention was timely.

**Fourth**, Movant has a well articulated economic interest which is

undoubtedly a circumstance of first impression where Movant claims that his

economic interest is protected by the U.S. Supreme Court precedent of **Nixon**

rather than a federal statute.

**Fifth**, The lawsuit by the Ways & Means Committee threatens to impair

Movant's economic interest by diverting the President's time and energies from his

elected duties to protect and defend America, defend our borders, solve our most

pressing problems including the drug crisis, rebuilding the military, and most

importantly avoid a catastrophic decision as he seeks to keep Iran from obtaining a

Pg 9

nuclear capability while avoiding an irrational act by North Korea to use its nuclear

bombs for evil purposes - where a misstep because of the diversion of his attention

to answer and explain a myriad of questions about business affairs and taxes

which have already been examined/modified/altered by the IRS before he was

elected can without doubt seriously damage or destroy our economy and the benefits

President Trump has worked so hard to create for our country - to the detriment of

Movant and his wife.

**Sixth**, it is clear that the federal attorneys as well as the private attorneys

who represent Donald J. Trump are not prepared to adequately represent the

interest of the Movant.  A Jurisdictional defense pursuant to the precedent of

**Nixon** has the benefit, if successful which is almost assured, of terminating the

lawsuit without consideration of the complicated merits which can continue for

years until resolved by the US. Supreme Court.  Movant has filed Amicus Briefs in

three lawsuits in different jurisdictions, and his first was accepted by the Federal

Court of Appeals for the District of Columbia while the other two await action.

And the federal and private attorneys have no experience in pleading the

mandated Jurisdictional test of **Nixon** while Movant has applied the principles of

**Nixon** to four legal circumstances including this case before this Court.  Yet

Defendant's Federal Attorneys now try to silence Movant who is trying to help their

client.  Pretty strange!

Movant argues that he is the best qualified to help this Court navigate this

issue and fully qualifies to be granted the right to Intervene, and therefore asks this

Pg 10

Court to deny Defendants Opposition and Order the Intervention of Movant.

## Special Circumstances

Movant admits that his economic harm is shared by others in the population

of American citizens, but not all, and argues that a shared harm is not an absolute

bar to Intervention.

> "when the plaintiff is not himself the object of the government action or
> inaction he challenges, standing is not precluded, but it is ordinarily
> "substantially more difficult" to establish. Allen, 468 U.S. at 758; Simon, 426
> U.S. at 44-45; Warth, 422 U.S. at 505". **Lujan v. Defs. v. Wildlife, 504 U.S.
> 555, 562**

> And:

> ""[W]hen the asserted harm is a 'generalized grievance' shared in
> substantially equal measure by all or large class of citizens, that harm alone
> generally does not warrant exercise of jurisdiction.") Sibley v. Alexander, 916
> F. Supp. 2d 58, 61 (D.D.C 2013)" **Defendant Objection, Pg 4**

Of course, the key words of "normally" and "generally", indicate the

Court has discretion apparently because such an individual would have the right to

file as an  individual or a class action of their own.  But such is impossible in

this instance, for the economic harm underlying the grievance would be against the

Ways and Means Committee of Congress, which is generally immune from lawsuit

pursuant to the Speech and Debate Clause.

Thus, Movant argues that the only way that the issue can be brought before

the Court system to protect Movant and others is by allowing Intervention in a

lawsuit filed against the President of the United States where the Jurisdictional

test of **Nixon** would apply, where Movant is in effect representing himself

individually or the class of similarly situated individuals.

And  somebody needs to bring the Jurisdictional issue of **Nixon** before this Court because the President is fully entitled to have the case dismissed on Jurisdictional grounds where:

> "The Federal rules of Civil Procedure state that ... a "final judgement should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings. Rule 54c"  **Whole Woman's Health v. Hellerstedt**, 579 U.S. _____ [Opinion @ II, A, Last Paragraph]

Thus even in the situation where the attorneys for the President fail to plead the Jurisdictional precedent of **Nixon**, this court would be obligated to perform the required analysis and Dismiss for lack of Jurisdiction.  And it's best to have the issue properly brought before the Court so it can be properly briefed by the other parties instead of being decided *sua sponte* as happened on a Constitutional issue at the District Court level in **Woman's Whole Health**.

### RELIEF  REQUESTED

Therefore, based upon the above arguments, it is respectfully requested that this Court deny the Objections of Defendant Federal Attorney's, and Order that Movant is allowed to Intervene solely for the purposes of raising the Jurisdictional issue raised by the precedent of **Nixon**.

Duane Morley Cox, Pro Se

31 July 2019
Date

## Certificate Of Service

I, Duane Morley Cox, do hereby swear that on 31 July 2019, that I did serve a true and correct copy of the attached Reply To Defendant's Opposition To Duane Morley Cox's Motion To Intervene. To the below listed parties by first class mail, postage prepaid.

Clerk's Office (Original)
U.S. District Court
District of Columbia
Room 1225
333 Constitution Avenue, NW
Washington D.C. 20001

Office Of General Counsel
U.S. House of Representatives
291 Cannon House Office Building
Washington, C.V. 20515

Steven A. Myers et., al.
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044

William S. Consovoy, et. al.
Consovoy McCarthy Park PLLC
3033 Wilson Blve., Ste 700
Arlington, Va. 22201


_____
Duane Morley Cox, Pro Se

_____
Date

Morley and Jeanne Cox
1199 Cliffside Drive
Logan, UT 84321

Clerk's Office
US District Court
District of Columbia
Room 1225
333 Constitution Avenue, NW.
Washington DC 20001







U.S. POSTAGE PAID
PCM LE NY
84021
LOGAN, UT
JUL 31, 19
AMOUNT

$1.30
R2304H108602-02