**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>     *Plaintiff*,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*,<br><br>     *Defendants*. | Case No. 1:19-cv-01974-TNM |

# Exhibit P

RICHARD E. NEAL,
MASSACHUSETTS,
CHAIRMAN

JOHN LEWIS, GEORGIA
LLOYD DOGGETT, TEXAS
MIKE THOMPSON, CALIFORNIA
JOHN B. LARSON, CONNECTICUT
EARL BLUMENAUER, OREGON
RON KIND, WISCONSIN
BILL PASCRELL JR., NEW JERSEY
DANNY K. DAVIS, ILLINOIS
LINDA T. SÁNCHEZ, CALIFORNIA
BRIAN HIGGINS, NEW YORK
TERRI A. SEWELL, ALABAMA
SUZAN DELBENE, WASHINGTON
JUDY CHU, CALIFORNIA
GWEN MOORE, WISCONSIN
DAN KILDEE, MICHIGAN
BRENDAN BOYLE, PENNSYLVANIA
DON BEYER, VIRGINIA
DWIGHT EVANS, PENNSYLVANIA
BRAD SCHNEIDER, ILLINOIS
TOM SUOZZI, NEW YORK
JIMMY PANETTA, CALIFORNIA
STEPHANIE MURPHY, FLORIDA
JIMMY GOMEZ, CALIFORNIA
STEVEN HORSFORD, NEVADA

BRANDON CASEY,
   MAJORITY STAFF DIRECTOR

**Congress of the United States**
**U.S. House of Representatives**
COMMITTEE ON WAYS AND MEANS
1102 LONGWORTH HOUSE OFFICE BUILDING
(202) 225-3625

*Washington, DC* 20515-0348
http://waysandmeans.house.gov

KEVIN BRADY,
TEXAS,
RANKING MEMBER

DEVIN NUNES, CALIFORNIA
VERN BUCHANAN, FLORIDA
ADRIAN SMITH, NEBRASKA
KENNY MARCHANT, TEXAS
TOM REED, NEW YORK
MIKE KELLY, PENNSYLVANIA
GEORGE HOLDING, NORTH CAROLINA
JASON SMITH, MISSOURI
TOM RICE, SOUTH CAROLINA
DAVID SCHWEIKERT, ARIZONA
JACKIE WALORSKI, INDIANA
DARIN LAHOOD, ILLINOIS
BRAD R. WENSTRUP, OHIO
JODEY ARRINGTON, TEXAS
DREW FERGUSON, GEORGIA
RON ESTES, KANSAS

GARY ANDRES,
   MINORITY STAFF DIRECTOR

June 28, 2019

The Honorable Steven T. Mnuchin
Secretary
Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

The Honorable Charles P. Rettig
Commissioner
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, D.C. 20224

Dear Secretary Mnuchin and Commissioner Rettig,

  The Committee on Ways and Means ("Committee") has oversight and legislative authority over the Internal Revenue Service ("IRS") and the Federal tax laws. Consistent with this authority and the Committee's longstanding practice under section 6103(f) of the Internal Revenue Code ("Code"), I requested six years of President Trump's individual tax returns and certain related returns and return information. Upon the denial of that section 6103(f) request, I issued subpoenas for the information. To date, you have not complied with those subpoenas.

  As you are aware, on June 10, 2019—in response to your offers to provide the Committee with additional information on the mandatory Presidential audit process outlined in the Internal Revenue Manual (IRM)—a briefing was provided by officials from the IRS and the Department of the Treasury ("Treasury"). It included a walk-through of the applicable IRM provisions and a high-level description of some ways in which current audit practices diverge from the IRM because, as Treasury and IRS officials noted, the provisions are four decades old and are now "outdated" in numerous respects.

  Regrettably, of the eight Treasury and IRS officials sent to the briefing, none had ever been involved in a mandatory Presidential audit. Further, despite letters I sent specifically authorizing Majority and Minority Committee staff to receive return and return information in connection with the briefing, the IRS and Treasury declined to answer *any* questions asked by Committee staff related to the actual audits of multiple prior Presidents

Secretary Mnuchin
Commissioner Rettig
Page 2

across both political parties, including basic questions about whether Presidential returns have ever been filed electronically, how long Presidential audits generally take, whether there ever have been any assessments made to Presidential returns, or whether any President-taxpayers have ever gone to IRS Appeals from a mandatory audit. In total, Majority and Minority Committee staff raised a few hundred questions, most of which Treasury and IRS declined to answer.

The June 10 briefing only reinforced the Committee's need to review the actual return information as part of our oversight duties. For example, the briefing highlighted the substantial discretion a single IRS revenue agent possesses in conducting an audit of a President's tax returns, raising serious concerns about the absence of safeguards protecting both the individual auditor as well as the entire audit process from improper influence. The briefing also raised concerns uniquely and directly relevant to the thoroughness of the Presidential audit process as applied to this President, including how related-entity returns and returns previously under audit have been considered and how highly complex returns are examined. The officials at the briefing reported that there are no specific mandatory audit procedures for a President's grantor trusts. This Committee is charged with conducting oversight of precisely these types of questions, and the answers can only be determined by reviewing the returns and audit file information that the IRS and Treasury have thus far refused to provide.

The limited information conveyed at the briefing is not a replacement for the actual return and return information that the Committee requested under section 6103(f) and now has subpoenaed. As I have explained in our prior correspondence, the Committee is conducting oversight of the IRS's handling of Presidential tax returns and enforcement of tax laws involving the President. As part of that investigation, the Committee is examining the IRS's administration of the mandatory Presidential audit process and the application of that audit process to the tax returns of President Trump and certain related entities. Indeed, the President himself repeatedly has called into question the integrity of the IRS's audit system, including by criticizing the mandatory audit process as "extremely unfair." The Committee is also considering the adequacy of the IRS's review of particular provisions of the Code that testimony before the Oversight Subcommittee has indicated may be relevant to President Trump's returns.

Without studying the returns and the documentation of the agent's decisions that were requested, the Committee cannot evaluate the accuracy of the President's claims about the audit system, assess the fairness and effectiveness of the audit program and the scope of the audits being performed on the President's returns, or understand how particular provisions of the Code are being enforced as part of the IRS's review. Each of these will inform the Committee's legislative judgment of whether and how to amend the Code to respond to issues concerning the audit process or that are otherwise implicated by the President's returns.

Secretary Mnuchin
Commissioner Rettig
Page 3

The subpoenas issued to the IRS and Treasury on May 10 remain pending, and you remain under a legal obligation to provide this information to the Committee. Thank you for your prompt attention to this matter.

Sincerely,

The Honorable Richard E. Neal, *Chairman*