IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>      *Plaintiff*,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*,<br><br>      *Defendants*. | Case No. 1:19-cv-01974-TNM |

**PLAINTIFF'S MOTION FOR ENTRY OF BRIEFING SCHEDULE
AND EXPEDITED CONSIDERATION OF THIS CASE**

Plaintiff Committee on Ways and Means of the House of Representatives (Committee) hereby moves for entry of a briefing schedule and for expedited consideration of this case.[1] The grounds for this motion are as follows:

The Committee filed its Complaint on July 2, 2019, and the U.S. Attorney was served on July 8. *See* ECF No. 4. Defendants-Intervenors were granted leave to intervene on July 18. Responses to the Complaint are due on September 6. *See* Fed. R. Civ. P. 12(a)(2); Order, ECF No. 14. Because of the need for an expeditious decision in this case, the Committee filed a motion for summary judgment on all claims on August 20, as Federal Rule of Civil Procedure 56 allows. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the

---

[1] "Defendants" as used herein refers to the federal defendants, United States Department of the Treasury, *et al.*

close of discovery."). Under this Court's Local Rule 7(b), Defendants' and Defendants-Intervenors' responses to that motion are presently due 14 days after filing of the motion, or September 3.

Pursuant to Local Rule 7(m), counsel for the Committee has conferred with counsel for Defendants and the Defendants-Intervenors about a briefing schedule in this case. Defendants and Defendants-Intervenors have indicated that they intend to file a motion to dismiss raising justiciability issues, and have taken the position that those issues should be resolved before briefing, and this Court's consideration, of the Committee's motion for summary judgment. Defendants and Defendants-Intervenors have also indicated that they intend to file an alternative scheduling proposal shortly.

Defendants' staged approach—under which the parties would first brief justiciability issues and then, only after those issues were resolved, brief the merits of this case on summary judgment—would unjustifiably delay resolution of this case. This case turns on pure questions of law—in particular, whether 26 U.S.C. § 6103(f) and Article I of the Constitution obligated Defendants to provide the Committee with certain of President Trump's tax returns and return information upon written request by the Committee and upon issuance of duly authorized subpoenas. The issues that Defendants are likely to raise in their anticipated motion to dismiss are likely to overlap substantially with the issues raised in the Committee's motion for summary judgment. Concurrent briefing of all of the legal issues raised in this case will therefore reduce the likelihood of duplicative briefing. And, in any event, concurrent briefing will enable the Court to consider and resolve all of the issues at one time.

Concurrent briefing will also aid the Court in resolving this case expeditiously. Under 28 U.S.C. § 1657(a), a federal court "shall expedite the consideration of any action . . . if good cause

therefore is shown." There is undoubtedly good cause for ensuring prompt resolution of this case. As discussed more fully in the Committee's motion for summary judgment and the accompanying Memorandum of Law, Statement of Material Facts Not in Dispute, and Declaration of Todd B. Tatelman, the Committee requested, and subsequently subpoenaed, President Trump's tax returns and return information in connection with its consideration of legislative proposals pertaining to the Nation's tax laws and its oversight of the Internal Revenue Service's administration of those laws. Defendants' refusal to comply with the Committee's subpoenas and requests for President Trump's tax returns and return information is impeding the Committee's, and by extension, the House's ability to carry out their constitutional functions: their ability to legislate with respect to the Nation's tax laws and to oversee the Executive Branch's administration of those laws.

Time is of the essence in rectifying Defendants' refusal to comply with the Committee's requests. The House of Representatives is not a continuing body. *See Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 521 (1975). The current Congress will end on January 3, 2021—less than seventeen months from now. The Committee must obtain a prompt resolution of the issues in this case if it is to have enough time to investigate the tax issues implicated by President Trump's tax returns and return information and propose and pass any legislation that it may deem appropriate in response.

Plaintiff's proposed briefing schedule, set forth below, is eminently fair to all parties. In recognition of the important and complex legal issues this case presents, the Committee's proposed schedule would allow Defendants and Defendants-Intervenors more time to brief the issues than the Federal Rules and Local Rules would otherwise provide. For example, under the proposed briefing schedule, Defendants and Defendants-Intervenors would file a consolidated

motion to dismiss and opposition to the Committee's motion for summary judgment by September 20, 2019.[2]  That is fourteen days longer than Defendants would otherwise have under the Federal Rules to file a motion to dismiss, *see* Fed. R. Civ. P. 12(a)(2), and seventeen days longer than they would otherwise have to file an opposition to Plaintiff's motion for summary judgment, *see* Local Rule 7(b).  Additionally, under the Committee's proposed briefing schedule, Defendants' and Defendants-Intervenors' replies in support of their dispositive motions would be due on October 25, 2019, or fourteen days after the Committee's opposition.  Under the Local Rules, Defendants would have only seven days in which to file a reply.  *See* Local Rule 7(d).

In short, the Committee believes that the proposed briefing schedule will ensure an efficient and prompt resolution of this matter, while ensuring that all parties are given adequate time to brief the relevant issues.  The Committee therefore respectfully requests that the Court enter an order adopting the following briefing schedule:

| | |
|---|---|
| Defendants' and Defendants-Intervenors' consolidated dispositive motions and opposition to Plaintiff's motion for summary judgment | September 20, 2019 |
| Plaintiff's consolidated opposition to motions to dismiss and reply in support of motion for summary judgment | October 11, 2019 |
| Defendants' and Defendants-Intervenors' reply in support of their dispositive motions | October 25, 2019 |
| Oral argument | As soon as practicable following the conclusion of briefing |

---

[2] If Defendants and Defendants-Intervenors choose to file cross-motions for summary judgment, they should be filed on the same day as, and consolidated with, their consolidated motions to dismiss and oppositions to Plaintiff's motion for summary judgment.

Respectfully submitted,


*/s/ Douglas N. Letter*
Douglas N. Letter (D.C. Bar No. 253492),
   *General Counsel*
Todd B. Tatelman (VA Bar No. 66008),
   *Deputy General Counsel*
Megan Barbero (MA Bar No. 668854),
   *Associate General Counsel*
Josephine Morse (D.C. Bar No. 1531317),
   *Associate General Counsel*
Brooks M. Hanner (D.C. Bar No. 1005346),
   *Assistant General Counsel*
Sarah E. Clouse (MA Bar No. 688187)
   *Attorney*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
douglas.letter@mail.house.gov

*Counsel for Plaintiff Committee on Ways and Means, U.S. House of Representatives*

August 20, 2019