UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COMMITTEE ON WAYS AND MEANS, U.S. HOUSE OF REPRESENTATIVES**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF THE TREASURY**, *et al.*, <br><br> Defendants, <br><br> **DONALD J. TRUMP**, *et al.*, <br><br> Defendant-Intervenors. | Case No. 1:19-cv-01974 (TNM) |

## MEMORANDUM AND ORDER

The Committee on Ways and Means of the House of Representatives (the "Committee") sued the Treasury, the Internal Revenue Service, and their agency heads (collectively, the "Administration") to compel their production of the federal income tax returns and related IRS administrative files of President Donald J. Trump and eight Trump Organization entities (collectively, "President Trump").  President Trump intervened.  Now the Committee moves for summary judgment and to expedite consideration of this case.  The Administration and President Trump oppose the Committee's Motion to Expedite, and they propose that the Court hold the Committee's Motion for Summary Judgment in abeyance while it considers threshold jurisdictional questions that they will raise in their forthcoming Motion(s) to Dismiss.  For the reasons below, the Court denies the Motion to Expedite, denies without prejudice the Motion for Summary Judgment as premature, and denies the Motion to Hold the Motion for Summary Judgment in Abeyance as moot.

The Committee asserts that "[t]ime is of the essence" to obtain President Trump's tax information and that the typical staged approach to litigation "would unjustifiably delay resolution of this case." Mot. to Expedite at 2–3, ECF No. 30.[1]  So the Committee asks the Court to proceed immediately to summary judgment and consolidate briefing on the jurisdictional questions with the merits of the Committee's claims.  *See id.* at 2–4.  That way, according to the Committee, the Court can resolve this matter in time for the current Congress to legislate on related matters before the House disbands sixteen months from now.  *Id.* at 3.

The Committee's request comes seven weeks after it first filed the Complaint.  The Court does not fault the Committee for its time and efforts negotiating with the Administration before suing, but it is not clear why only now the Committee asks for expedited consideration of this matter.

Of course, most plaintiffs want quick resolutions of their cases.  But Congress, of which the Committee is a part, has left it to the courts to "determine the order in which civil actions are heard and determined," with only a narrow set of cases that must skip to the front of the line.  28 U.S.C. § 1657(a).  For example, courts "shall expedite the consideration of any action brought under . . . [the Recalcitrant Witness Statute]" or "any action for temporary or preliminary injunctive relief."  *Id.*  Congress also mandates priority for criminal cases, *see* 18 U.S.C. § 3161 *et seq.* (the Speedy Trial Act of 1974), and encourages priority for FOIA cases, *see* 28 U.S.C. § 1657(a) (specifying claims under 5 U.S.C. § 552 as an example in which good cause for expediting may exist), which make up much of this Court's docket.  Congress has authorized no similar fast-track for cases instituted by itself or its components.

---

[1]  All page citations are to the page numbers generated by the Court's CM/ECF system.

In addition to these specified priority cases, courts also "shall expedite the consideration of any action . . . if good cause therefor is shown." 28 U.S.C. § 1657(a).[2] The Committee hangs its hopes on this catch-all provision. To be sure, this is no ordinary case, but the weighty constitutional issues and political ramifications it presents militate in favor of caution and deliberation, not haste. And the Committee has not shown otherwise.

The Court is "aware that from the legislative viewpoint, any alternative to outright enforcement of the subpoena entails delay." *United States v. AT&T Co.*, 567 F.2d 121, 133 (D.C. Cir. 1977). But in inter-branch disputes like this one, "[t]he Separation of Powers often impairs efficiency, in terms of dispatch and the immediate functioning of the government." *Id.* Indeed, "[i]t is the long-term staying power of government that is enhanced by the mutual accommodation required by the Separation of Powers." *Id.* Such considerations and other factors counsel against rushing to judgment here.

This case presents novel and complex questions about the privileges and authority of all three branches of the federal government. "Few ideas are more central to the American political tradition than the doctrine of separation of powers." *U.S. House of Representatives v. Mnuchin*, 379 F. Supp. 3d 8, 10 (D.D.C. 2019). The Committee asks the Court to wade into a dispute between the political branches about disclosing the President's personal financial information over his objections.

The Administration and President Trump suggest that their forthcoming Motion(s) to Dismiss will raise significant threshold issues about the Court's authority to resolve such an inter-branch conflict. *See* Opp'n to Mot. to Expedite at 5–9, ECF No. 34. The requirement that

---

[2] Under 28 U.S.C. § 1657(a), "good cause" is shown only where a claim arises "under the Constitution of the United States or a Federal Statute . . . in a factual context that indicates that a request for expedited consideration has merit."

a federal court assure itself of its jurisdiction to hear a case before proceeding to the merits is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (quotation omitted).  Without prejudging the predicate issues the Defendants intend to raise, they seem unlikely to be so trivial as to justify a rush to the merits of the case.

The Committee suggests that "[c]ourts regularly consider threshold issues of justiciability on motions for summary judgment or, at the very least, on consolidated motions to dismiss and for summary judgment."  Reply in Supp. of Mot. to Expedite at 10, ECF No. 35 (collecting cases).  Perhaps.  But "[d]istrict courts enjoy broad discretion when deciding case management and scheduling matters."  *See McGehee v. U.S. Dep't of Justice*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019); *see also* 28 U.S.C. § 1657(a).  This Court's general practice is to adhere to the traditional litigation sequence of complaint; answer or motion to dismiss; discovery, if appropriate; and only then, summary judgment.  This process allows the Court to assure itself of jurisdiction and address threshold matters before burdening the parties with the costs of discovery and briefing on the merits.

More, as the Committee points out, the Administration and President Trump raised versions of some of their proposed arguments in *Trump v. Mazars USA, LLP*, No. 19-5142 (D.C. Cir. 2019) and *Trump v. Deutsche Bank AG*, No. 19-1540 (2d Cir. 2019).  *See* Reply in Supp. of Mot. to Expedite at 7.  Those cases are pending before the D.C. Circuit and the Second Circuit, respectively.  That related issues are percolating in other courts, particularly before the D.C. Circuit, suggests that a rush to judgment here would be unwise.  Indeed, by first addressing the preliminary questions, the Court—and the parties—may benefit from guidance from the Circuit about issues-in-common with the matters on appeal.

Other factors also weigh against the Committee's Motion to Expedite.  First, the time for the Administration to respond to the Committee's Complaint has not passed.  The Committee served its Complaint on the Administration on July 8, 2019.  So under Federal Rule of Civil Procedure 12(a)(3), the Administration has until September 6, 2019 to answer or respond by motion.  "Although [Rule 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had."  Fed. R. Civ. P. 56 Advisory Committee's Notes (2010 Amendments Subdivision (b)).

Second, President Trump suggests that he intends to seek discovery.  *See* Opp'n to Mot. to Expedite at 12–13 (suggesting that if the Court adopts the Committee's proposed schedule President Trump will file a motion under Fed. R. Civ. P. 56(d)).  "Because pre-discovery summary judgment is disfavored, the D.C. Circuit has directed trial courts to grant Rule 56(d) requests almost as a matter of course."  *SoundExchange, Inc. v. Muzak, LLC*, 322 F. Supp. 3d 72, 78 (D.D.C. 2018) (cleaned up).  Indeed, "summary judgment is premature unless all parties have 'had a full opportunity to conduct discovery.'"  *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

The Committee states that it will oppose any request for discovery.  Reply in Supp. of Mot. to Expedite at 11.  And perhaps this is one of those unusual cases in which discovery is inappropriate.  But at this point—without the benefit of meaningful briefing on the issue—the Court cannot determine the need for discovery.

Finally, it is not clear whether all proper parties have joined this case.  Currently, there is pending a Motion to Intervene by Duane Morley Cox.  *See* Mot. to Intervene, ECF No. 10.  The

Committee has taken no position on whether Mr. Cox should be allowed to intervene, and the Court has yet to rule on the motion.

It may be appropriate to expedite this matter at some point, but not now.  The Committee has not justified its request to bypass the motion to dismiss stage and skip ahead to summary judgment.  Indeed, by the time summary judgment is appropriate, this case might look very different.  There may be new caselaw, new facts, and new parties.  These factors also counsel for denying the Committee's Motion for Summary Judgment now to allow it to re-file based on the latest legal and factual landscape later, rather than holding the current motion in abeyance.

* * *

For these reasons, it is hereby

**ORDERED** that the Committee's Motion to Expedite is denied.[3]  It is further

**ORDERED** that the Committee's Motion for Summary Judgment is denied without prejudice as premature.  It is further

**ORDERED** that the Administration and President Trump's Motion to Hold in Abeyance the Committee's Motion for Summary Judgment is denied as moot.  It is further

**ORDERED** that the Administration and President Trump shall file any responsive pleading(s) to the Complaint on or before September 6, 2019.  It is further

**ORDERED** that the Committee shall respond at any time within 14 days of service.  It is further

---

[3] Even so, the Court expects the parties to comply with the schedule below and work diligently to litigate this matter promptly.

**ORDERED** that the Administration and President Trump shall file any reply within seven days of the Committee's response.

**SO ORDERED**.

Dated: August 29, 2019                                              TREVOR N. McFADDEN, U.S.D.J.