# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES,**<br><br>            Plaintiff,<br><br>            v.<br><br>**UNITED STATES DEPARTMENT OF THE TREASURY,** *et al.*,<br><br>            Defendants,<br><br>**DONALD J. TRUMP,** *et al.*,<br><br>            Defendant-Intervenors. | Case No. 1:19-cv-01974 (TNM) |

## ORDER

In this case, the Committee on Ways and Means of the U.S. House of Representatives has sued to compel the Department of the Treasury, *et al.*, (collectively, the "Administration") to produce the federal income tax returns and related Internal Revenue Service administrative files of President Donald J. Trump and eight Trump Organization entities (collectively, "President Trump"). *See* Compl., ECF No. 1. President Trump intervened without objection from the parties. *See* July 18, 2019 Order, ECF No. 14. Now Duane Morley Cox, *pro se*, also moves to intervene. *See* Mot. to Intervene, ECF No. 10.

Mr. Cox argues that the Court should allow him to participate in this lawsuit because (1) he has benefited from the President's policies, and (2) this lawsuit will distract the President from his official duties, which would hurt Mr. Cox. *See* Mot. to Intervene at 6–12. The Administration opposes. *See* Defs.' Opp., ECF No. 16.

It is well-settled "circuit law that intervenors must demonstrate Article III standing." *Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 717 F.3d 189, 193 (D.C. Cir. 2013). "To establish standing under Article III, a prospective intervenor—like any party—must show: (1) injury-in-fact, (2) causation, and (3) redressability." *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 733 (D.C. Cir. 2003). An injury must be "concrete and particularized" and "actual or imminent." *In re Navy Chaplaincy*, 697 F.3d 1171, 1175 (D.C. Cir. 2012).

The Court will deny Mr. Cox's motion because he has not adequately alleged standing. He claims that he will be injured if the Committee succeeds in this lawsuit because the President would have trouble executing the duties of his office. *See* Mot. to Intervene at 10–11. But this alleged injury is shared by the entire country. "[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). To establish standing, a prospective intervenor must allege an injury-in-fact that is "particularized." *Sault Ste. Marie Tribe of Chippewa Indians v. Bernhardt*, 331 F.R.D. 5, 9 (D.D.C. 2019). And Mr. Cox has not alleged an injury that is particularized to him. *See also Cohen v. Obama*, No. 08-cv-02150, 2008 WL 5191864, at *1 (D.D.C. Dec. 11, 2008) (dismissing for lack of standing because "[p]laintiff's stake is no greater and his status no more differentiated than that of millions of other voters").

Mr. Cox argues that the Court, "before exercising jurisdiction, must balance the constitutional weight of the interest to be served against the dangers of intrusion on the authority and functions of the Executive Branch." *Nixon v. Fitzgerald*, 457 U.S. 731, 754 (1982). This case, however, says that nothing about whether Mr. Cox has standing to intervene in this lawsuit.

For these reasons, it is

2

**ORDERED** that Mr. Cox's Motion to Intervene is DENIED.

**SO ORDERED**.[1]

Dated: September 4, 2019

TREVOR N. McFADDEN
United States District Judge

---

[1] Mr. Cox may, however, file an amicus brief, which shall not exceed fifteen pages.