**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES, | ) ) ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) No. 1:19-cv-1974 (TNM) |
| UNITED STATES DEPARTMENT OF THE TREASURY, *et al.* | ) ) ) ) |
| *Defendants,* | ) ) |
| DONALD J. TRUMP, *et al.*, | ) ) ) |
| *Defendant-Intervenors.* | ) ) |

**DEFENDANTS' MOTION TO EXCUSE FILING
OF CERTIFIED LIST OF CONTENTS OF THE ADMINISTRATIVE RECORD**

On August 29, 2019, this Court entered an order that (1) denied, as premature and without prejudice, the motion for summary judgment filed by Plaintiff Committee on Ways and Means of the U.S. House of Representatives and (2) directed Defendants and Defendant-Intervenors to file their responses to the Complaint by September 6, 2019. *See* ECF No. 38. Defendants and Defendant-Intervenors are therefore today filing a motion to dismiss the Committee's Complaint. Because that motion addresses exclusively threshold questions about the Court's authority to hear this case, including whether the Committee possesses a cause of action under the Administrative Procedure Act, Defendants respectfully request to be excused from any obligation to comply with Local Civil Rule 7(n), requiring the filing of a certified list of the contents of the administrative record, at this time.

**BACKGROUND**

On July 2, 2019, the Committee filed this action against the Department of the Treasury and the Internal Revenue Service (collectively, "Defendants"), seeking an order compelling Defendants to produce the federal income tax returns and related Internal Revenue Service ("IRS") administrative files of President Donald J. Trump and eight Trump Organization entities (collectively, the Defendant-Intervenors) for the years 2013-2018.  Complaint for Declaratory and Injunctive Relief, ECF No. 1 ("Compl.") ¶¶ 1, 9, 57, 72.  On August 20, 2019, the Committee filed a motion for summary judgment, *see* ECF No. 29, along with a motion to expedite consideration of that motion, *see* ECF No. 30.  Defendants and Defendant-Intervenors opposed expedition and filed a cross-motion seeking to hold the Committee's summary judgment motion in abeyance while the parties address threshold issues regarding the Court's authority to hear this case under Rule 12 of the Federal Rules of Civil Procedure.  *See* ECF Nos. 33, 34.

On August 29, 2019, the Court entered an order denying Plaintiff's motion for summary judgment without prejudice, explaining that "the weighty constitutional issues and political ramifications [this case] presents militate in favor of caution and deliberation, not haste."  ECF No. 38 at 3.  As the Court explained, its "general practice is to adhere to the traditional litigation sequence of complaint; answer or motion to dismiss; discovery, if appropriate; and only then, summary judgment." *Id.* at 4. By the time summary judgment is ripe, the Court explained, there "may be new caselaw, new facts, and new parties." *Id.* at 6.  The Court therefore ordered that Defendants and Defendant-Intervenors file their responses to the Complaint by today, September 6, 2019. *Id.*

The Local Rules of this Court provide that "[i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a

certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." LCvR 7(n). This Court's standing order provides that if the government is filing a motion to dismiss and believes that compliance with this requirement "would not be helpful to the resolution of the case," it must file a motion asking the Court to excuse its compliance with the Local Rule simultaneously with the motion to dismiss. *See* ECF No. 2 at 5.

## ARGUMENT

**The Court Should Excuse Any Obligation To Comply With Local Civil Rule 7(n) Because Defendants' Motion To Dismiss Raises Exclusively Threshold Issues, Including Whether This Case Challenges "Agency Action" Under The Administrative Procedure Act.**

To the extent that Local Civil Rule 7(n) would otherwise require Defendants to file a certified list of the contents of the administrative record, Defendants respectfully request to be excused from compliance with that requirement at this time. As explained more fully below, it would serve no purpose for Defendants to compile an administrative record before, at a minimum, such time as the Court determines whether Plaintiff's claims are justiciable and whether they state a claim under the Administrative Procedure Act.

First, as set out in Defendants' and Defendant-Intervenors' motion to dismiss, the Administrative Procedure Act ("APA") does not provide the Committee with a cause of action in this case. Because this is not an APA case, there is no "administrative record," and Local Civil Rule 7(n) does not apply. Indeed, when the Committee filed its motion for summary judgment, it filed a statement of material facts not in dispute, *see* ECF No. 29-1, which is not required under the Local Rules for cases in which "judicial review is based solely on the administrative record." LCvR 7(h)(1).

Second, even assuming that Defendants might be obligated to file an administrative record at some point, it would not assist the Court's consideration of Defendants' and Defendant-Intervenors' motion to dismiss for Defendants to make such a filing now.  Defendants' and Defendant-Intervenors' motion to dismiss raises exclusively jurisdictional and other threshold issues, and it does not require the Court to evaluate the basis for the agency's decision.  By contrast, Rule 7(n) appears to presuppose that the motion at issue implicates the contents of the administrative record. Indeed, in directing counsel to file an appendix of administrative record material in addition to the certified list, the rule instructs counsel not to "burden the appendix with excess material from the administrative record that does not relate to the issues raised in the motion or opposition." LCvR 7(n)(1). Defendants' and Defendant-Intervenors' motion to dismiss does not argue the merits of whether Defendants were obligated to produce the requested returns to the Committee, and the Court's consideration of that motion would not be aided by a record providing the basis for Defendants' decision.

Third, it is not clear that the record is closed at this time.  As the Court has recognized, "President Trump suggests that he intends to seek discovery," ECF No. 38, and the Court has not yet determined whether it will authorize such discovery.  Because there remains a possibility that the Court will authorize discovery, it would be premature to require Defendants to file any record, administrative or otherwise.

Defendants conferred with Plaintiff and Defendant-Intervenors before filing this motion, and Defendant-Intervenors consented to the relief requested herein.  Plaintiff's position is that it "does not object to Defendants' request that the Court excuse compliance with Local Civil Rule 7(n) for the motion to dismiss but requests that the certified index be filed with the Court within 7 days of any decision on the motion to dismiss." Defendants respectfully submit that it would be

most appropriate for the Court to set a schedule governing proceedings after a hypothetical order denying Defendants' motion to dismiss following the issuance of such an order; however, if the Court prefers to set such a schedule now, Defendants respectfully request that the Court direct them to file a certified index within 14 days of any order denying their motion to dismiss.

## CONCLUSION

Defendants respectfully request that the Court enter an order excusing them from any obligation to file a certified list of the contents of any administrative record at this time.

Dated: September 6, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JAMES M. BURNHAM
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

JAMES J. GILLIGAN
Special Litigation Counsel

/s/ *Steven A. Myers*
STEVEN A. MYERS (NY Bar No. 4823043)
SERENA M. ORLOFF (CA Bar No. 260888)
ANDREW BERNIE (DC BAR No. 995376)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 305-0648
Fax: (202) 305-8470
Email: Steven.A.Myers@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE TREASURY, *et al.* <br><br> *Defendants*, <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendant-Intervenors.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:19-cv-1974 (TNM) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**[PROPOSED] ORDER**

Upon consideration of Defendants' motion to excuse filing of a certified list of contents of the administrative record, IT IS HEREBY ORDERED that the motion is GRANTED.

DATED: _____

_____
HON. TREVOR N. MCFADDEN
UNITED STATES DISTRICT JUDGE