

Duane Morley Cox, Pro Se
1199 Cliffside Dr.
Logan, Utah 84321
Ph: (801) 755-3578

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

| | | |
|---|---|---|
| Committee On Ways And Means | + | Civil Action No. 1:19-cv-1974 (TNM) |
| United States House Of Representatives | + | |
| | + | Motion For Leave To File |
| Plaintiff | + | Brief On Why The Decision By The |
| | + | U.S. Court of Appeals In The Case |
| United States Department Of The | + | Of Trump v. Mazars Is Not Applicable |
| Treasury et. al. | + | To This Case |
| | + | |
| Defendants | + | |
| | + | |
| Donald J. Trump, et. al. | + | |
| | + | |
| Defendants | + | Judge: Trevor N. McFadden |

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

**Comes Now**, Amicus Mr. Cox Moving To File a Brief On Why The Decision By The U.S. Court of Appeals In The Case Of Trump v. Mazars Is Not Applicable To This Case.

This Brief is of importance because in the this case the House Ways & Means Committee seeks the Trump et. al. tax returns and related records for about 8 years, while in the Court of Appeals Opinion, for the case of Mazarrs, where the House Oversight Committee seeks the Trump et. al. financial records for a similar time period - but the Court of Appeals erred by not determining if it had Jurisdiction pursuant to **Nixon v. Fitzgerald, 457 U.S. 731** before ruling on the merits. Thus, the decision is not applicable to this case unless this Court determines if it has Jurisdiction pursuant to **Nixon**.

Duane Morley Cox, Amicus, Pro Se    Pg 1                    15 Oct 2019
                                                             Date

Certificate Of Service

I, Duane Morley Cox, Pro Se, does hereby swear that on 15 October 2019 that I did serve a true and correct copy of the attached *Motion For Leave To File a Brief On Why The Decision By The U.S. Court of Appeals In The Case Of Trump v. Mazars Is Not Applicable To This Case* to the below listed parties by Fed Ex or first class mail, postage prepaid.

Clerk's Office (Original)
U.S. District Court
District of Columbia
Room 1225
333 Constitution Avenue, NW
Washington D.C. 20001

Office Of General Counsel
U.S. House of Representatives
291 Cannon House Office Building
Washington, D.C. 20515

Steven A. Myers et., al.
United States Department of Justice
New York, New York 10118
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044

William S. Consovoy, et. al.
Consovoy McCarthy Park PLLC
3033 Wilson Blvd., Ste 700
Arlington, Va. 22201

_____
Duane Morley Cox, Amicus, Pro Se

15 Oct 2019
Date

Duane Morley Cox, Pro Se
1199 Cliffside Dr.
Logan, Utah 84321
Ph: (801) 755-3578



RECEIVED
Mail Room
OCT 18 2019
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

| | |
|---|---|
| Committee On Ways And Means<br>United States House Of Representatives | Civil Action No. 1:19-cv-1974 (TNM) |
| Plaintiff | Brief On Why The Decision By The<br>U.S. Court of Appeals In The Case |
| United States Department Of The<br>Treasury et. al. | Of Trump v. Mazars Is Not Applicable<br>To This Case |
| Defendants | |
| Donald J. Trump, et. al. | |
| Defendants | Judge: Trevor N. McFadden |

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

**COMES Now**, Amicus, Duane Morley Cox, explaining why the recent Decision by the U.S. Court of Appeals In The Case of Trump v. Mazars (**"Mazars"**) is not applicable to this case.

## Summary

The Court in **"Mazars"** erred when it ruled on the merits without first determining if it had Jurisdiction pursuant to **Nixon v. Fitzgerald, 457 U.S. 731** thus reaching a decision in conflict with other recent cases.

## Jurisdictional Analysis Was Avoided

1. The U.S. Supreme Court has mandated a Jurisdictional Test which **Must** be performed before a Court accepts Jurisdiction of a case involving the President of the United States.

> "The President's absolute immunity is a functionally mandated incident of his unique office, rooted in the constitutional tradition of the separation of powers and supported by the Nation's history. Because of the singular importance of the President's duties, ***diversion of his energies*** by concern with private lawsuits would raise unique risks to the effective functioning of government. While the separation of powers doctrine does not bar every exercise of jurisdiction over the President, ***a court, before exercising jurisdiction, must balance the constitutional weight of the interest to be served by the dangers of intrusion on the authority and functions of the Executive Branch***. ... The President's absolute immunity extends to all acts within the "outer perimeter" of his duties of office. **Nixon v. Fitzgerald, 457 U.S. 731, Pg 732-733** [*Emphasis Added*] (Here-after **Nixon**)

2. Although in **"Mazars"** the President did not raise this issue, Amicus Cox filed an Amicus Brief and an Amended Amicus Brief which were both accepted by the **"Mazars"** Court of Appeals. On page 1 of the **"Mazars"** Amended Amicus Brief, it stated:

> "This Amicus Brief is filed on grounds of error by the court below where: "A court, before exercising jurisdiction, must balance the constitutional weight of the interest to be served [by the subpoena] against the dangers of intrusion of the authority and functions of the Executive Branch." **Nixon v. Fitzgerald, 457 U.S. 731 @ 754 (1982)** (citing *Nixon v. administrator of General Services, 433 U.S. 425, 442 (1997)*"

3. And this Amended Brief presented to the Court of Appeals the results which Amicus believed was proper if the Court of Appeals or the Court below did the analysis mandated by **Nixon**, which results showed that the "Interest to be served" by the Subpoena would be Zero (0) as compared to the "dangers of intrusion" on the President would be Twenty (20). (**"Mazars"** Amended Amicus Brief Pgs 5-17)

4. And neither the Oversight Committee or Trump et. al. objected to the analysis Mandated by **Nixon**, as presented in the "Mazars" Amended Amicus Brief,

Pg 2

which leads to the reasonable presumption that this analysis was realistic and acceptable to both parties.

5. Yet, the "Mazars" Appellate Court simply ignored the precedent of **Nixon**, and the analysis presented by Amicus and proceeded to the merits.

6. But this is err where SCOTUS has held that:

> "Every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it [Citations Omitted] 'And if the record discloses that the lower court was without jurisdiction this court will notice the defect, **although the parties make no contention concerning it.** [When the lower federal court] lack[s] jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.' *United States v. Corrick,* 298 U.S. 435 (/supct-cgi/get-us-cite?298+435), 440 (1936) (footnotes omitted)." *Arizonans for Official English v. Arizona,* 520 U.S. ___. (slip op., at 28) (1997), quoting from *Bender v. Williamsport Area School Dist.*, **Steel Co. v. Citizens for Better Environment, 523 U.S. 83, (1998)**

7. And such err is clearly reversible, rendering the **"Mazars"** decision on the Merits to be distinguishable in this case , at least until such time as this Court conducts the analysis required by **Nixon**.

**The Failure To Follow Nixon Is Inconsistent With Other Jurisdictions**

8. Recent case law which cites the **Nixon** Test is easily uncovered by "Shepardizing", specifically:

> Regarding ministerial duties of a President,
>
> "However, "a court, before exercising jurisdiction, must balance the constitutional weight of the interest to be served against the dangers of intrusion on the authority and functions of the Executive Branch." Nixon v. Fitzgerald, 457 U.S. at 754, 102 S. Ct. 2690. A four justice plurality of the Supreme Court has explained that while "in general this court has no

jurisdiction of a bill to enjoin the President in the performance of his official duties," Mississippi v. Johnson, 71 U.S. (4 Wall) 475, 490, 18 S. Ct. 437 *1866) "left open the question whether the President might be subject to judicial injunction requiring the performance of a purely "ministerial duty." Franklin 505 U.S. at 802-03, 122 S. Ct. 2767 (Plurality Opinion) (quoting Mississippi v. Johnson)" **Knight First Amendment Institute v. Trump, 302 F. Supp. 3d 541 @ 579 (U.S. Dist. Ct., S.D. New York 2018)**

And in a case where President Trump was dismissed as a defendant pursuant to **Nixon**::

"A court, before exerting jurisdiction, must balance the constitutional weight of the interest to be served against the dangers of intrusion on the authority and functions of the Executive Branch." **Centro Presente v. U.S. Dept. Of Homeland Sec., 332 F. Supp. 3d 393, 419 (U.S. Dist. Ct., Mass. 2018)**

9. And then there is the unusual case where the Judiciary actually adopted the language of the **Nixon** Test and applied it to the Judiciary instead of the Executive Branch in a situation where the Judiciary Committee of the House sought Grand Jury Records in support of impeachment inquiry of U.S. District Judge Alcee L. Hastings:

"Under proper separation of powers analysis, we "must balance the constitutional weight of the interest to be served against the dangers of intrusion on the authority and functions of the [Judicial] Branch." *Nixon v. Fitzgerald, 457 U/S. 731, 754, 102 S. Ct. 2690, 2703, 73 L.Ed2d 349 (1982)*" **In re Request for Access to Grand Jury (Records), 833 F.2d 1438 (11th Cir. 1987)**

10. Thus it must be concluded that the "**Mazars**" Appellate Opinion and Process not only ignores the mandatory **Nixon** Test but is inconsistent with the Opinion process in three other Judicial Jurisdictions which distinguishes the "**Mazars**" decision and renders it unreliable to apply as precedent in this case.

Pg 4

### The "Mazars" Majority Opinion, In Part, Wrongly Represents The Parties Filings

11. In its analysis of the merits, the "**Mazars**" Opinion states in relevant part:

> "Settled Supreme Court precedent teaches that - at least where, as here, no party argues that compliance with the subpoena would impair the President's execution of Article II power – the Constitution protects both branches' prerogatives by determining whether the subpoena serves "a valid legislative purpose." **"Mazars" Opinion, Pg 46**

12. But circuit Judge Rao, in her dissenting opinion, corrects the record as regards to the concerns of Trump and the Department of Justice stating:

> "Allowing the legislative power to reach investigation of impeachable offenses provides congress with a new bludgeon against the Executive, making it all to easy for Congress to encroach on the executive branch by targeting the President and his subordinates through legislative inquiries. *See Nixon v. Fitzgerald,* 457 U.S. 731, 743 (1982) (a "special solicitude [is] due to claims alleging a threatened breach of essential Presidential prerogatives under the separation of powers"). The majority incorrectly asserts "no party argues that compliance with the subpoena would impair the President's execution of the Article II power." Maj. Op. 46; *see also Id.* At 64-65 . To the contrary, both the Trump plaintiffs and the Department of Justice argue that this subpoena may "distract a president from his public duties, to the detriment of only the President and his office but also the Nation that the Presidency was designed to serve." Appellants Reply Br. 3 (quoting *Fitzgerald,* 457 U.S. at 753; *see also* DOJ Br. 6 ("[C]ongressional committees may issue successive subpoenas in waves, making far-reaching demands that harry the President and distract his attention." (Citing *Rumley*, 345 U.S. at Dissent 46) **"Mazars" Opinion, Dissent by Cir. Judge Rao**

13. And Judge Rao was correct:

> "The Justice Department adds one final objection. Although conceding that the Resolution "clearly authorizes the Committee's subpoena[,] Department Br. 16, the Department warns that because Resolution 507 also authorizes future subpoenas, there is a "serious risk" that "[C]ongressional committees may issue successive subpoenas in waves, making for-reaching demands that harry the President and distract his attention." Department Br. 16." **"Mazars" Opinion, Pg 64**

14. But then the Majority continues, which discussion is helpful in understanding why the Majority does not deal with the **Nixon Test.**

> "Time will tell whether the Department's prediction is accurate. At present, however, we have no need to consider that hypothetical scenario because the only subpoena currently before us is the one directed at Mazars. <u>And to be clear, neither the Trump Plaintiff's nor the Department has argued that compliance with that subpoena risks unconstitutionally burdening the President's core duties."</u> **"Mazars" Opinion, Pg 64** ] [Emphasis Added]

15. But the **Nixon** Test requires the court to make sure that the Oversight Committee, as realistically as possible, defines the "Interest to be served" if the Subpoena was honored, and the Trump plaintiff's are required, as realistically as possible, to describe the level of impact upon the Presidency or the Executive Branch. Thus, even though Mr. Cox's **"Mazars"** Amended Amicus Brief made these projections for both parties, with the result being that the Oversight Committee's Interest was minimal or zero (0), and the "dangers of intrusion on the authority and functions of the Executive Branch" due to the "distraction of his [the President's] energies" with the result being a score of twenty (20) - The **Mazars** Opinion Ignores the **Nixon Test** apparently because the President et. al. did not raise this issue.

16. Thus, it appears that the Majority simply did not want to deal with future projections, even though that is exactly the requirement of the **Nixon Test,**

17. This understanding is reinforced where the Majority Opinion continued:

> "To be sure, monitoring Mazars compliance with the subpoena might require some presidential time and attention. But as the Supreme Court made clear in *Clinton v. Jones,* a "burden [on] the time and attention of the Chief Executive," standing alone "is not sufficient to establish a violation of the constitution." 520 U.S. at 703

> Which ignores the impact upon the President personally.

Pg 6

18. But it has been held that this limitation applies only where the claimed Presidential interference by President Clinton was generalized and not particularized as reflected by the following:

> "... Mr. Clinton's sweeping claim that this suit will allow the judiciary to interfere with the constitutional separation of powers doctrine if immunity is not granted, <u>without detailing any specific responsibilities or explaining how or the degree to which they are affected by the suit ... is insufficient ground for granting presidential immunity, even temporarily.</u> *See Butz*, 438 .S. at 506, 98 S.Ct. At 2910. ("[F]ederal officials who seek absolute exemption from personal liability for unconstitutional conduct must bear the burden of showing that public policy requires an exemption of that scope."): *cf.* United States v. Nixon, 418 U.S. 683 (Citations Omitted). **Jones v. Clinton, 72 F.3d 1354, 1362 (8th Cir. 1996) [Emphasis Added]**

19. Amicus thereby argues that although the "Parties" did not provide the concrete particularized information necessary, Mr. Cox in his **"Mazars"** Amicus Brief did provide particularized information for both parties (**Id., Pgs 5-17**) with the following examples of the impact upon the President or Presidency which would result from his having to answer the myriad of questions that would evolve from the examination of these Trump's records:

> "The Memorandum Decision upholding the validity of the Subpoena from the Oversight and Reform Committee for access to "All" of the financial records of Trump and his associated business entities will diminish the power of the President and Presidency forever, while distracting the President from his vital duties. The Presidential power to negotiate to resolve current problems like the nuclear issues with Korea, the growing threat from Iran, and the growing military power of China will be diminished, and foreign countries will wonder if they should actually be negotiating with Congress. Current trade talks with China and other countries will be placed in jeopardy at the expense of our Nation's economy. The Constitutionally mandated balanced separation of powers will be forever tilted in favor of the Congress. The President and Presidency will be denied and lose any Immunity protections which the Supreme court has previously determined exists, thereby making

the Presidency inferior to Congress instead of being a co-equal branch of government. No President can then avoid being harassed by the opposing party which controls the House or Senate in order to extract concessions desired by congress from the President - it's called blackmail. Qualified candidates for the Presidency will be dissuaded from running for the office. The image of the president as the leader of the Free World will be diminished or lost, and our enemies abroad will no longer respect our power as a Nation bringing great peril to our citizens abroad and our Nation at home. Talented individuals needed to run the various Executive Agencies will be less inclined to answer the call of future Presidents and give up their personal lives to serve. Foreign powers will realize that they need to work with Congress, most probably the Speaker of the House, not the President, because the Presidency will be subordinate to the congress, even though the congress has no real authority to negotiate with foreign powers. America will no longer be America." **"Mazars" Amended Amicus Brief, Pgs 15-17**

20. Of interest is the fact that neither of the parties objected to the analysis by Amicus, which should have led the Majority to reach the reasonable conclusion that what Amicus Cox presented was acceptable to both, which result was that the "Interest to be served" if the Committee gained access to the financial records sought by the Subpoena was essentially zero (0), while the "danger of intrusion on the authority and function of the Executive Branch" would be twenty (20) - which should have resulted in the Majority concluding that the Subpoena issued to **Mazars** should have been quashed.

21. Further, where at Oral Arguments the **Mazars** Appellate Court could have asked the parties if they believed that the analysis of the **Nixon** Test by Amicus Cox was realistic or needed their input, but no such questions were asked. So it is argued that the three judge panel should have held that under the precedent of **Nixon** the Subpoena by the House Oversight Committee was in violation of **Nixon** and was to be quashed.

Pg 8

### The President Was Entitled To A Favorable Decision
### Even If He Did Not Plead Pursuant To Nixon

22.  The Majority also improperly ignored the arguments by Amicus as stated

below:

> "Where Appellants in their Complaint request relief of "All" other preliminary and permanent relief to which Plaintiff's are entitled." **Complaint, Pg 14**, it is argued that the Court below had a "Duty" to perform the comparative evaluation required in **Nixon** even though it was not requested to be done by the Plaintiffs. And, where Amicus had brought the issue to the attention of the Court (F @ 1-3) ... the court below was cognizant of the constitutional Separation Of Powers issue before it. The U.S. Supreme Court with citation to *Gonzales*, 550 U.S. 124 has declared that the "court retains an independent constitutional duty to review the factual findings where constitutional rights are at stake." **Whole Womans Health v. Hellerstedt**, 579 U.S. \_\_\_\_\_ (2016) [Opinion @ III, Next To Last Para.] And in *Hellerstedt*, the U.S. Supreme Court also explained that the District court held that the admitting privileges requirement was unconstitutional even though the providers had not asked the Court to do so. On Appeal, the court of Appeals concluded: "The District Court was wrong to hold the admitting-privileges requirement was unconstitutional because ... the providers had not asked them to do so ..." **Whole Womans Healath v. Hellerstedt**, 579 U.S. \_\_\_\_\_ (2016) [Opinion @ I, C, 3rd Para.] But in analyzing this circumstance, the U.S. Supreme Court reversed the decision of the Court of Appeals, with the following logic." **"Mazars, Amended Amicus Brief, Pgs 17-18**

> "The court of Appeals also concluded that the award of facial relief was precluded by principles of res judicata. 790 F.3d at 581. The Court [of Appeals] concluded that the District Court should not have 'granted more relief than anyone had requested or briefed." *Id.* At 580. But in addition to asking for as-applied relief, petitioners asked for such other and further relief as the Court may deem just, proper and equitable." App. 167. ... The Federal Rules of Civil Procedure state that ... a "final judgement should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Rule 54c.." **Whole Womans Healath v. Hellerstedt**, 579 U.S. \_\_\_\_\_ (2016) [Opinion @ II, A, 3rd Last Para.]" **"Mazars, Amended Amicus Brief, Pgs 17-18**

23.  From which it must be understood that the decision by the Appellate Court in

**Mazars**·erred when it failed to consider the Jurisdictional Test of **Nixon** and rule that the Subpoena to **Mazars** was to be quashed, even though the Trump Plaintiffs did not ask the Court to rule on the Jurisdiction pursuant to **Nixon**.

## Conclusions

24. It is Concluded as follows:

A. That the Appellate Court in the **"Mazars"** case erred when it failed to perform the Jurisdictional Test mandated by the U.S. Supreme Court in **Nixon v. Fitzgerald** before ruling n the merits.

B. That the Appellate Court in the **"Mazars"** case erred and was inconsistent with other Judicial Jurisdictions when it failed to perform the Judicial Test mandated by the U.S. Supreme Court in **Nixon v. Fitzgerald** before ruling n the merits.

C. That the Appellate Court in the **"Mazars"** case erred when it stated that "no party argues that compliance with the subpoena would impair the President's execution of the Article II power" where in fact the Court in a subsequent part of its Opinion stated: "the Department warns that because Resolution 507 also authorizes future subpoenas, there is a serious risk that "[C]ongressional committees may issue successive subpoenas in waves, making far-reaching demands that harry the president and distract his attention". A circumstance recognized by Judge Rao in her dissent stating:

> "The majority incorrectly asserts "no party argues that compliance with the subpoena would impair the President's execution of the Article II power." Maj. Op. 46; *see also Id.* 64-65. To the contrary, both the Trump plaintiffs

Pg 10

and the Department of justice argue that this subpoena may "distract a President from his public duties, to the detriment of not only the President and his office but also the Nation that the presidency was designed to serve." Appellants Reply Br. 3 (quoting *Fitzgerald*, 457 U/. S. At 753); *see also* DOJ Br. 6 ("[C]ongressional committees may issue successive subpoenas in waves, making far-reaching demands that harry the president and distract his attention." (Citing *Rumely*, 345 U.S. at 46)). ..."

D. That the Appellate Court in the **"Mazars"** case erred when it failed to merge the concerns of the Trump Plaintiffs and DOJ with the **Nixon** Test (analysis) presented by Amicus Cox in his Brief and Amended Brief to determine if the Subpoena should be quashed.

E. And it is concluded that the **"Mazars"** Court erred in its presumption that it was not necessary to perform the Jurisdictional Test mandated in **Nixon** which presumption is contrary to Rule 54c. of the Rules of Procedure as well as the U.S. Supreme Court Opinion in **Woman's Whole Health** which indicate that the President was entitled to relief even though Trump et. al. did not request the relief.

F. Therefore it is concluded that the precedent created by the Opinion of the **"Mazars"** Appellate Court is not a precedent in this case because it erred when the Court failed to perform the mandated Jurisdictional Test of **Nixon** before proceeding to a decision on the merits.

Respectfully Submitted:

_Duane Morley Cox_  /s/ 15 Oct 2019
Duane Morley Cox, Amicus, Pro Se                                   Date

Also: Amicus apologizes to the Court for failing to file a Motion for Leave To File his "Amicus Reply", while also advising the Court that although he does not seek to speak at the Hearing scheduled for 6 Nov. 2019, he has made reservations needed to be present, and would, if asked, answer to the best of his ability any questions this court may have.

Pg 11

Certificate Of Service

I, Duane Morley Cox, Pro Se, does hereby swear that on 15 October 2019 that I did serve a true and correct copy of the attached *Brief On Why The Decision By The U.S. Court of Appeals In The Case Of Trump v. Mazars Is Not Applicable To This Case* to the below listed parties by Fed Ex or first class mail, postage prepaid.

Clerk's Office (Original)
U.S. District Court
District of Columbia
Room 1225
333 Constitution Avenue, NW
Washington D.C. 20001

Office Of General Counsel
U.S. House of Representatives
291 Cannon House Office Building
Washington, D.C. 20515

Steven A. Myers et., al.
United States Department of Justice
New York, New York 10118
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044

William S. Consovoy, et. al.
Consovoy McCarthy Park PLLC
3033 Wilson Blvd., Ste 700
Arlington, Va. 22201

_____
Duane Morley Cox, Amicus, Pro Se

15 Oct 2019
Date

**Retail**

**US POSTAGE PAID**
**$7.35**
Origin: 84321
10/15/19
4950660210-03

PRIORITY MAIL 2-DAY®

0 Lb 3.80 Oz
1004

EXPECTED DELIVERY DAY: 10/17/19

C003

SHIP TO:
333 CONSTITUTION AVE NW
WASHINGTON DC 20001-2802

USPS TRACKING NUMBER


9505 5131 7448 9288 0840 25

PRIORITY MAIL

FROM:
Morley and Jeanne Cox
1199 Cliffside Drive
Logan, UT 84321



TO:
CLERK'S OFFICE
US DISTRICT COURT
DISTRICT OF COLUMBIA
Room 1225
333 CONSTITUTION AVE NW
WASHINGTON DC
20001



USPS.COM/PICKUP

Label 228, March 2016      FOR DOMESTIC AND INTERNATIONAL USE

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

PS00001000014