Duane Morley Cox, Pro Se
1199 Cliffside Dr.
Logan, Utah 84321
Ph: (801) 755-3578

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA



+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
Committee On Ways And Means      +   Civil Action No. 1:19-cv-1974 (TNM)
United States House Of Representatives +
                                  +
        Plaintiff                +   Supplement To Amicus Pleadings
                                  +
United States Department Of The      +
Treasury et. al.                       +
                                  +
       Defendants             +
                                  +
Donald J. Trump, et. al.           +
                                  +
       Defendants             +   Judge: Trevor N. McFadden
+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

**Comes Now:** Duane Morley Cox, Amicus, Pro Se, after review of Plaintiff's

Supplemental Memorandum (**Memorandum**) respectively presents to the Court

his rebuttal there-to and related arguments in this case.

### The President, As Intervenor, Was And Is the Real Party Of Interest

1.      Plaintiff works very hard to narrow this Case to be against the Original

Defendants who are the ministerial custodians of the tax returns and related

records for Trump et. al., rather than President Trump who the Ways & Means

Committee consented to be allowed to intervene.  But by the logic of Plaintiff

(**Memorandum, Pg 5**), President Trump had and has standing to be on "equal

footing with the original parties" because it is the President not the IRS, Treasury

or Mr. Mnuchin etc. who must respond to the questions arising from the Plaintiff's

access to these returns/records.

2.     And because President Trump is the "real party in interest" the real issue of

concern is the Jurisdictional Test of **Nixon v. Fitzgerald, 457 U.S. 731, 732-733**

**See (Amicus Reply, Pg 1-2)** not an Injury to Congress caused by the refusal of the

Treasury Department et. al. to provide the tax returns and related records to the

Plaintiff Committee.

### This Is A Separation Of Powers Issue

3.     Further, the Plaintiff's logic fails when they state that;

> "the separation-of-powers concerns that Defendants say compel a clear-
> statement rule are not present here because the Committee's subpoenas were
> not served on the President, and the Committee did not sue the President."
> **Memorandum, Pg 8**

For where the President is the "real party in interest", there is a very clear

and distinct separation-of powers issue before this court, as existed in Mazars.

4.     Then Plaintiff relies upon the erroneous position of the Appellate Court in

Mazars which Plaintiff quoted:

> 'The D.C. Circuit rejected that assertion, stressing that the issue did not
> implicate" the balance *between* congress and the President" and dealt
> "exclusively with the allocation of authority *within* the legislative branch."
> *Mazars*, 2019 WL 5089748, at *23. The same is true here; ..."

Which is erroneous where in fact the President is the "real party in interest",

and the Plaintiff Committee seeks the President's tax and related records. Thus

there exists a definite separation-of-powers issue which "mandates" that the

Jurisdictional Test of **Nixon v. Fitzgerald** by applied to assure that the proper

balance of powers is maintained between Congress and the President.

5.    Further, Plaintiff Committee improperly tries to focus this Court on the

ministerial duties of the Treasury, IRS et. al. with the following inaccurate

conclusion:

> "Because the subpoenas name other Executive Branch officials, for instance,
> their enforcement does not create the possibility of a future contempt action
> against the President.  Nor do these subpoenas threaten to distract the
> President with gathering responsive records, since that work will be
> conducted entirely by the Internal Revenue Service." **Memorandum, Pg 8**

Which is completely wrong as is illustrated by Amicus in his Amicus Brief

which is before this Court.

> "During the tax years before he was sworn in, Trump the workaholic juggled
> the demands of his individual entities, getting financing for domestic and
> foreign projects, locating and purchasing property, contracting multi-million
> dollar projects, working with a large in-house staff and outside specialists,
> CPA's and Attorneys as they devised and executed plans involving foreign
> and domestic suppliers, currency exchanges, different local rules depending
> upon location and country, occasionally a Bankruptcy, charitable donations,
> conservation projects, personal financial issues and a myriad of other issues.
> Thus the question would be, who provides the response to the hundreds to
> thousands of questions and issues which will surely be raised by Plaintiff and
> its members and staff?  **Not Mnuchin or Rettig for they are simply the
> ones being sued to obtain the tax returns and information. ...**"
> **Amicus Brief,1:19-cv-1974 [Emphasis in Original]**

From which it is reasonably concluded that only President Trump can answer

such questions, which must reasonably be concluded would be a significant

distraction from the Constitutional duties he was elected to perform.  Thus creating

a separation-of-powers issue which the Jurisdictional Test of **Nixon v. Fitzgerals**

was expected by the U.S. Supreme Court to be the arbitrating standard to be used

to determine if this Court or the Mazars Court had Jurisdiction.

6.    From which it is also reasonably concluded that the Committee had the

burden of demonstrating thru the Jurisdictional Test of **Nixon v. Fitsgerald** in its

complaint or an amendment there-to that the "interest to be served (by the

subpoena)" was more beneficial than the "dangers to the administration and

functions of the (Presidency which would result from the distraction of the

President in responding to the myriad of questions which would be posed and

imposed on the President who would be there-after compelled to answer)." But the

Committee shirks its duty by pretending that the issue is in effect a ministerial

issue of providing the records for the examination of the Committee.

7.      And then the Plaintiff Committee wrongly asserts that:

> "... unlike the records at issue in *Armstrong* and the actions at issue in
> *Franklin*, the tax return materials of the President and his business entities
> sought here do not concern the exercise of constitutional duties."
> **Memorandum, Pg 9-10**

Thereby trying to get this Court to ignore the ultimate effect which will occur

if the Committee obtains access to President Trumps tax returns and related

records - that the President will be distracted from the Constitutional Duties which

he was elected to perform by requiring his responses to the resultant questions.

And the Plaintiff Committee continues to adopt the wrongful analysis of the

Mazar decision.

> "Recognizing jurisdiction over Plaintiff's suit to compel compliance with its
> subpoena threatens no such obstruction of the President's ability to carry out
> his constitutionally assigned functions. *Cf. Mazars, 2019 WL 508978, at \*14-
> 18*" **Memorandum, Pg 10**

For in fact, the Mazar decision was wrongly decided when it ruled on the

merits without consideration of the mandated Jurisdictional Test of **Nixon v.**

**Fitzgerald** which was before the Appellate Court via the Amicus Brief and Amended Amicus Brief of Mr. Cox.

8.     The Mazars Court also got it wrong when it stated:

"Settled Supreme Court precedent teaches that - at least where, as here, no party argues that compliance with the subpoena would impair the President's execution of Article II power ..." **Mazars' Opinion, Pg 46**

For Amicus Cox in his Amicus Brief and Amended Amicus Brief which had been accepted by the Mazars Court clearly argued that the President would be distracted from his duties to the impairment of his Presidential duties.  Plaintiff Committee argues that this Court should commit the same error.  **But, two wrongs do not make anything right**.

## Conclusions

9.     The language of **Nixon v. Fitzgerald** is specific that the Jurisdictional Test **"MUST"** be performed before Jurisdiction can be had by any court in cases where the President is involved, and there is no doubt but that President Trump et. al. is the party targeted by the Ways & Means Subpoena..

10.     The language of **Nixon v. Fitzgerald** is specific that the "Interest to be served' must be greater than the "Dangers of intrusion on the authority and functions of the Executive Branch" which dictates that the Committee on Ways and Means has the burden of proving that Jurisdiction exists and the President has the right to rebut any such allegation.

11.     And where the Committee has made no showing that the Interest to be served by the Subpoena is greater than dangers of intrusion on the authority and

<u>functions of the President which would arise from the distraction of the President,</u>

and has made no argument that **Nixon v. Fitzgerald** is inapplicable, the

Committee has failed to show that this Court has Jurisdiction.

12.     And absent Jurisdiction, this Court has only the power to announce that fact

and dismiss the case while quashing the Committee Subpoena.

> ""Without jurisdiction the court cannot proceed at all in any case.
> Jurisdiction is power to declare the law, and when it ceases to exist, the only
> function remaining to the court is that of announcing the fact and dismissing
> the cause." *Ex parte McCardle,* 7 Wall, 506, 514 (1869). ... "This question the
> court is bound to ask and answer for itself, even when not otherwise
> suggested, and without respect to the relation of the parties to it." *[Citation
> Omitted].* The requirement that jurisdiction be established as a threshold
> matter "springs from the nature and limits of the judicial power of the United
> States." and is "inflexible and without exception." *Mansfield, C & L. M. R.
> Co. v. Swain,* 111 U.S. 379, 382 1884." **Steel Co. v. Citizens for Better
> Environment, 523 U.S. 83 (1998)**

13.     And even though Trump, et. al. have not requested dismissal for lack of

Jurisdiction pursuant to the precedent of **Nixon v. Fitzgerald**, dismissal of this

case is clearly required by the plain language of Rule 54c where the U.S. Supreme

Court has held:

> "The Federal Rules of Civil Procedure state that ... a "final judgement should
> grant the relief to which each party is entitled, even if the party has not
> demanded that relief in its pleadings. Rule 54c." **Whole Womans Health, v.
> Hellerstedt, U.S. _____ (2016) [Opinion @ II, A, Last Para.]**

14.     Thus, where the Petitioner House Committee of Ways and Means, has had

numerous opportunities but has failed to justify Jurisdiction pursuant to the

precedent of **Nixon v. Fitzgerald**; where Trump et. al. as no duty to perform the

Jurisdictional analysis of this precedent, but where Amicus has presented an

analysis which shows that "<u>Interest to be served [by the Subpoena]</u>" is between de-minimus and zero - while the "<u>Dangers of intrusion on the authority and functions of the President which would</u> [arise from the distraction of the President from his constitutional Duties as he was required to defend his prior business dealings]" is a twenty (20); where the U.S. Supreme Court in **Whole Womans Health** has held that "a final judgement should grant relief to which each party is entitled, even if the party has not demanded that relief in its pleadings" and where the U.S. Supreme Court has held in **Steel Co. v. Citizens for Better Environment**

> "Without jurisdiction the court cannot proceed at all in any case", and that "the only function remaining to the court is that of announcing the fact and dismissing the cause." — it is argued that this Court must quash the Committee's Subpoena and dismiss this case with prejudice.

The Mazars Court erred in its decision, and this Court will also error if it follows the Mazars decision and the flawed arguments of the Committee.

15.    And with events like the shoot-down of the drone by Iran, the destruction of the Saudi oil plant, the call with the President of Turkey where the President learned that Turkey was going to invade Northern Syria and put American troops in harms way, the dynamic China trade negotiations etc. etc., America simply cannot tolerate a distracted President.

16.    The Mazars decision does not apply where the Mazars Court decided on the merits instead of on the Jurisdictional precedent of **Nixon v. Fitzgerald**, and this Court must quash the Subpoena and Dismiss this Case.

Duane Morley Cox, Amicus, Pro Se                         Date

## Certificate Of Service

I, Duane Morley Cox, Pro Se, does hereby swear that on _30_ October  2019 that I did serve a true and correct copy of the attached *Supplement To Pleadings* to the below listed parties by first class mail, postage prepaid.

Clerk's Office (Original)
U.S. District Court
District of Columbia
Room 1225
333 Constitution Avenue, NW
Washington D.C. 20001

Office Of General Counsel
U.S. House of Representatives
291 Cannon House Office Building
Washington, D.C. 20515

Steven A. Myers et., al.
United States Department of Justice
New York, New York 10118
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044

William S. Consovoy, et. al.
Consovoy McCarthy Park PLLC
3033 Wilson Blvd., Ste 700
Arlington, Va. 22201

_____
Duane Morley Cox, Amicus, Pro Se

_30 Oct 2019_
Date