Duane Morley Cox, Pro Se
1199 Cliffside Dr.
Logan, Utah 84321
Ph: (801) 755-3578

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

| | |
|---|---|
| Committee On Ways And Means + | Civil Action No. 1:19-cv-1974 (TNM) |
| United States House Of Representatives + | |
| Plaintiff + | |
| + | Recommendations From Hearing |
| United States Department Of The + | |
| Treasury et. al. + | |
| Defendants + | |
| Donald J. Trump, et. al. + | |
| Defendants + | Judge: Trevor N. McFadden |

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

Amicus has two observations/recommendations from the Hearing Held on 6 November 2019.

**First**, it is discouraging to feel like the Court is going to ignore the Jurisdictional test of the precedent of **Nixon v. Fitzgerald** 457 U.S. 731(1982) and the guideline that justice must be awarded even if the party does not ask for the specific relief as held in **Whole Womans Health**, 579 U.S. ___ (Sup. Ct. 2016) both of which precedents were before the Mazars Court, and are now before this Court.

It seemed to Amicus like the Hearing was mired down in minutia having little if any relevance to the fundamental "Separation of Powers" issue involved

Pg 1

RECEIVED Mail Room NOV 12 2019 Angela D. Caesar, Clerk of Court U.S. District Court, District of Columbia

with the Subpoena seeking President Trumps tax returns and related records. This where the discussions involved such matters as: a) whether or not the House procedures were adequate to demand access; b) which statute was actually involved and which had been changed; c) what the Legislature was trying to do when it passed the various statutes; d) what the actual time line is between the various moving parts of the arguments; e) what the relevant causes of actions were; f) and even the relevancy of the "Accommodation Process" as compared to the Subpoena process.

All while making no mention of the clear "mandate" of the Supreme Court that:

> "While the separation of powers doctrine does not bar every exercise of jurisdiction over a President, ***a court, before exercising jurisdiction, must balance the constitutional weight of the interest to be served by the dangers of intrusion on the authority and functions of the Executive Branch.***" **Nixon**, **457 U.S. 731, Pg 732-733 (1982)**

And it seems to Amicus that Justice Powell in his opinion of **Nixon**, sensed that as the future became the present that the decision process would wander away from the fundamental "Separation of Powers" discrimination to focus on the minutia, and so he devised a test which simply requires in this case for the House Ways & Means Committee to establish that the "Interest to be served [by the subpoena]" was greater than the "Dangers of intrusion by the diversion of the President's attention on the authority and functions of the Presidency"]. And of course, the President would have the opportunity to rebut the analysis by the Ways & Means Committee by presenting his relevant facts etc.

And the Supreme Court has subsequently shown by example the seriousness of assuring that a Court has jurisdiction, even in circumstances where both parties had argued that the Court had jurisdiction - which is similar to this case where both the Committee and the DOJ and Trump attorneys have failed to raise the jurisdictional issue of **Nixon**.

In Hohm v. United States, **524 U.S. 236 (Sup. Ct. 1998)** it is stated:

> "Hohm petitioned this Court for a writ of certiorari to review the denial of the certificate, seeking to invoke justification under 28 U.S.C. 1254(1). The Government now found itself in agreement with Hohm, saying his claim was, in fact, constitutional in nature. It asked us to vacate the judgement and remand so the Court of Appeals could reconsider in light of this concession. We may not vacate and remand, of course, unless we have jurisdiction over the case, and since Hohm and the Government both argue in favor of our jurisdiction, we appointed an amicus curiae to argue the contrary position." **Id., Pgs 241-241 (Kennedy Opinion)**

But on the other hand neither party has argued against the claim by Amicus that the Jurisdictional Test "mandated" by **Nixon** is valid and should be applied in order to determine if this court has Jurisdiction.

So what is the Court to do?

**Second**, Amicus simply argues that this Court which already has the Amicus Opinion of Mr. Cox, who now simply suggests that the Committee be given 14 days to prepare and file a 14 pg brief in support of the Jurisdictional Test of **Nixon**, and that the DOJ, Trump attorneys be given 14 days to prepare a response brief of equal length which the Court could then use to decide if it has Jurisdiction.

While listening to the Hearing presentations, he was struck by the impression that the President was willing to make accommodations, but the

Committee was simply not interested and had made no effort to accommodate..

However, Amicus also, after some thought, realized that this exercise would undoubtedly actually result in a viable "Accommodation Process" as this Court seemed interested in considering.

For instance, in order for the Committee to prevail, it would have to identify particularized outcomes which could reasonably be expected (Changes to the Presidential Audit Process) while bounding the investigation and records examination process in such a way that it did not intrude upon the time and attention of the President by such considerations as: a) limiting the returns and related records to only those which were filed during the years of the Trump Presidency; b) allowing two or three Trump representatives to be present during all deliberations (IRS Auditor) and (Trump Accountant or Lawyer) in order to give on-the-spot explanations on difficult circumstances which have already been evaluated and resolved by the formal audit process and to take back as necessary questions for more detailed answers; while providing assurances that the personal records of President Trump and his business entities would not be disclosed publically or leaked to the media etc.

Thus, it appears to Amicus that the intent and effect of the **Nixon** Jurisdictional Test becomes necessary for Court review and action only where the parties fail to achieve an amicable "Accommodation" which process does not seem to have been even attempted by the Committee where the DOJ & Trump attorneys indicated that they felt that this was the best approach to be taken.

Said another way, this case should not be heard where the Committee has not exhausted its administrative remedy of "Accommodation" as has historically resolved such issues.

**Conclusion**:

Anyway, should this Court proceed to the merits without consideration of, and compliance with the precedents of **Nixon** and **Whole Womans Health**, Amicus believes that it would constitute a substantial error having grave consequences to the "Separation of Powers" between the Congress and the Presidency.

Respectively Submitted;

_____                                    8 Nov 2019
Duane Morley Cox, Amicus, Pro Se                              Date

Pg 5

Certificate Of Service

I, Duane Morley Cox, Pro Se, does hereby swear that on 8th November 2019 that I did serve a true and correct copy of the attached *Recommendations From Hearing* to the below listed parties by Fed Ex or first class mail, postage prepaid.

Clerk's Office (Original)  
U.S. District Court  
District of Columbia  
Room 1225  
333 Constitution Avenue, NW  
Washington D.C. 20001  

Office Of General Counsel  
U.S. House of Representatives  
291 Cannon House Office Building  
Washington, D.C. 20515  

Steven A. Myers et., al.  
United States Department of Justice  
Civil Division, Federal Programs Branch  
P.O. Box 883  
Washington, D.C. 20044  

William S. Consovoy, et. al.  
Consovoy McCarthy Park PLLC  
3033 Wilson Blvd., Ste 700  
Arlington, Va. 22201  

_____  
Duane Morley Cox, Amicus, Pro Se

8 Nov 2019  
Date