```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - -x
COMMITTEE ON WAYS AND MEANS,          CV No. 1:19-cv-01974-TNM
UNITED STATES HOUSE OF
REPRESENTATIVES,
                 Plaintiff,           Washington, DC
v.                                    Tuesday, January 14, 2020
                                      3:00 p.m.
UNITED STATES DEPARTMENT OF THE
TREASURY, et al.,
                 Defendants.
- - - - - - - - - - - - - - - - -x
_____
              TRANSCRIPT OF TELEPHONE CONFERENCE
         HELD BEFORE THE HONORABLE TREVOR N. MCFADDEN
                 UNITED STATES DISTRICT JUDGE
_____
APPEARANCES VIA TELECONFERENCE:

For the Plaintiff:    Douglas N. Letter, Esq.
                      Megan Barbero, Esq.
                      Josephine T. Morse, Esq.
                      Todd B. Tatelman, Esq.
                      William E. Havemann, Esq.
                      U.S. HOUSE OF REPRESENTATIVES
                      Office of General Counsel
                      219 Cannon House Office Building
                      Washington, DC 20515
                      (202) 225-9700

For the Defendants:   James M. Burnham, Esq.
                      U.S. DEPARTMENT OF JUSTICE
                      Civil Division
                      950 Pennsylvania Avenue, NW
                      Washington, DC 20530
                      (202) 353-5049

                      William S. Consovoy, Esq.
                      CONSOVOY MCCARTHY PLLC
                      1600 Wilson Boulevard
                      Suite 700
                      Arlington, VA 22209
                      (703) 423-9423

Court Reporter:       Timothy R. Miller, RPR, CRR, NJ-CCR
                      Official Court Reporter
                      U.S. Courthouse, Room 6722
                      333 Constitution Avenue, NW
                      Washington, DC 20001
```

```
 1                    P R O C E E D I N G S
 2            THE COURT:  Good afternoon, folks.  Do we have
 3   anyone on the line for the House?
 4            MR. LETTER:  Yes, Your Honor.  This is Douglas
 5   Letter, the General Counsel of the House.  With me is Deputy
 6   General Counsel Megan Barbero, and she'll be doing the
 7   speaking for the House today.  We also have Deputy General
 8   Counsel Jodie Morse, Principal Deputy General Counsel Todd
 9   Tatelman, Associate General Counsel Will Havemann, and then
10   a delegation from the Ways and Means Committee.
11            THE COURT:  Great.  Good afternoon, folks.
12            And for the administration?
13            MR. BURNHAM:  Good afternoon, Your Honor.  It's
14   James Burnham from the Justice Department, and my colleagues
15   in the House will be pleased to know we're saving the
16   taxpayers money and that it's only me today on the call.
17            THE COURT:  Good afternoon, Mr. Burnham.
18            MR. BURNHAM:  Your Honor, will this be a majority
19   vote?
20            (Laughter.)
21            THE COURT:  Yes, I'm just going to refrain from
22   comments here.
23            Well, let me call us for the record.  It's
24   19-cv-1974, Committee on Ways and Means v. Department of the
25   Treasury, et al.
```

1                I think this can be pretty brief.  I just wanted
2    to update you all on my thinking.
3                Typically, I would have had an opinion or hoped to
4    have an opinion out to you all, but in light of the
5    developments in the McGahn case where I see the
6    administration has advanced a lot of the same arguments that
7    are advanced here and given that that case is on an
8    expedited track with the Circuit, my strong inclination is
9    not to get out in front of my superiors, given the track
10   that they're on.  So my inclination -- and I, you know -- I
11   wanted to hear from you all on this, but my inclination
12   would be to stay this case pending the decision by the
13   panel, and I'd expect if the panel agrees with the House in
14   that case at least on the matters that would, obviously,
15   relate to the arguments brought by the administration here,
16   that I would, you know, summarily deny the Government's
17   motion to dismiss in this case.  If the panel grants the --
18   or agrees with the administration in that case, I may be
19   seeking additional briefing, but, you know, we'd need to try
20   to figure out how that would relate to this case here, but I
21   -- and I might invite additional briefing.  We'd just, kind
22   of, see what happens from the -- in the McGahn case.
23               Anyway, that's my inclination.  Ms. Barbero, do
24   you have any objections or thoughts on -- in terms of that
25   way to proceed?

1      MS. BARBERO:  Yes, Your Honor.  This is Megan
2 Barbero for the House, and we strongly object to any stay of
3 a decision on the motion to dismiss and not moving this case
4 forward expeditiously at the same time that the McGahn case
5 is moving through the D.C. Circuit and the need for the
6 review that would be had in that case, regardless of which
7 way it comes out.
8      A couple points I would make, one of which is that
9 this case, while there are some overlapping issues certainly
10 with McGahn, in addition to the issues in McGahn that's in
11 this case, the Committee sought the information directly
12 under 6103.  That issue is not presented in the McGahn case.
13 As we've urged the Court from the outset, the Committee is
14 entitled to the tax return information and audit files under
15 6103 directly, and we would urge the Court to rule for the
16 Committee on that ground which, again, is not an issue
17 that's presented in the McGahn case.
18      And in addition to that, I think this case has now
19 been pending for quite some time and any further delays in
20 resolving this case or, at a minimum, moving this case along
21 expeditiously at the same time McGahn is moving along will
22 really jeopardize the Committee's ability to secure
23 compliance with its demands for information, particularly to
24 do so to address the urgent legislative and oversight
25 priorities that we've pointed out in our briefing and in the

1    arguments in this case during this Congress.
2             And I would also point out with respect to McGahn
3    that, as Your Honor says it, if the panel agrees with
4    McGahn, you know, we would welcome a summary denial of the
5    motion to dismiss at that point, but we expect that
6    McGahn -- whether we win or lose in that case, that there
7    will be further review in McGahn, and if this Court were to
8    hold off on a decision pending an ultimate resolution in
9    McGahn, that would potentially make it impossible for the
10   Committee to obtain the information they're seeking during
11   this Congress.  Even if we ultimately prevail after, you
12   know -- at the end of the process in McGahn, the delay in
13   this case will have made it impossible for them to get that
14   information.
15             THE COURT:  Okay.  Thank you, Ms. Barbero.
16             Mr. Burnham?
17             MR. BURNHAM:  So I apologize, Your Honor.  My
18   phone is cutting in and out a little bit.  So if I garble
19   anything, I apologize in advance.
20             But -- so Your Honor, look, we definitely think it
21   makes sense, given the way McGahn has unfolded, for this
22   Court to stay its hand pending the panel's decision.  So
23   I'll start with just the timing of things.  As the House
24   knows, the D.C. Circuit -- as we all know, the D.C. Circuit
25   had us brief and argue McGahn in one month which is

1    extremely fast for any court, but particularly fast for the
2    D.C. Circuit, and so, you know, the idea that this is going
3    to just languish or linger for months and months I don't
4    think is plausible.  And we know, also, as Your Honor knows
5    from the briefs and the arguments in McGahn, that decision
6    is going to have a dramatic effect on this case, and so at a
7    minimum it will dramatically simplify this case and at a
8    maximum it may dispose entirely of this case.
9                As Your Honor will recall from our briefs and our
10   argument, you know, there are some fairly substantial
11   jurisdictional issues that we think make this case not
12   properly in federal court at all.  The House, of course,
13   does not have standing to sue another component of the
14   United States to vindicate a so-called institutional injury.
15   Congress has never created statutory jurisdiction over these
16   kinds of suits even if the Constitution might theoretically
17   permit them.
18               And then, of course, they have no cause of action
19   either.  The cause of action issue, as Ms. Barbero alluded
20   to, you know, there are some differences, but, you know,
21   that is a difference on the margin I don't think in -- and
22   so it doesn't really make much sense to me -- or to us to
23   have a District -- this District Court plowing ahead with an
24   issue that the D.C. Circuit is going to resolve possibly
25   this week or in a matter of weeks.  The House's desire for

1    that to happen I don't think is properly economical of
2    judicial resources, and I just don't think it's a good use
3    of this Court's time, particularly when they've
4    simultaneously asked the D.C. Circuit to rule -- they
5    actually asked them to rule from the bench which they
6    declined to do, but they've made very clear to the D.C.
7    Circuit how quickly they want to move.  I think the D.C.
8    Circuit is properly in the driver's seat on making that
9    determination, and they will.
10           However the D.C. Circuit resolves it, I did not
11   hear Your Honor suggest that this would be an indefinite
12   stay pending all future appellate review.  What I think Your
13   Honor had asked is whether you would stay this case pending
14   just the panel's decision.  I mean, that is something that
15   will happen very, very soon, and so I would -- we would
16   suggest that that is the prudent thing to do, and then once
17   we see what the panel does, perhaps we can all gather again
18   and the Court can make a decision about the best way to
19   proceed.  For example, if the panel agrees with us either on
20   the constitutional or the statutory issue, it's hard for me
21   to believe that even the House would want this case to
22   proceed when there's a D.C. Circuit panel that has said
23   there's no jurisdiction to decide it.
24           And then, finally, on the point about them never
25   being able to get the material before the Congress ends,

1   it's January 14th.  It's the beginning of the year.  This
2   Congress will last until the end of the year.  If the D.C.
3   Circuit concludes that the House does have the ability to
4   bring these interbranch disputes to federal court, there
5   will be plenty of time for this Court to vindicate whatever
6   legal entitlements or interests the House might have.
7             So I guess it's the long way of saying, Your
8   Honor, that we think it does make sense to wait, and I don't
9   think we'll be waiting very long at least for the panel.
10            THE COURT:  Ms. Barbero --
11            MR. CONSOVOY:  Your Honor, this is Will Consovoy.
12  I just wanted to note my appearance for the record.
13            THE COURT:  Oh, I'm sorry, Mr. Consovoy.  Is there
14  anything you wanted to add?
15            MR. CONSOVOY:  No.  I share the Government's
16  position, but I did want to make sure I noted my appearance
17  for the record.
18            THE COURT:  All right.  Yeah.  I'm sorry about
19  that.
20            Ms. Barbero, I'll give you the last word.
21            MS. BARBERO:  Thank you, Your Honor.
22            This is really pure guesswork about what the D.C.
23  Circuit will do and how long it will take them.  We did ask
24  them to immediately issue the -- a judgment with opinion to
25  follow.  They have not done that, but I would also note that

1   in the Mazars case which itself was highly expedited, there
2   was very expedited briefing, an expedited argument held over
3   the summer in the D.C. Circuit and it still took the court
4   -- I think it was three to four months to issue a decision
5   in that case, and that may have been in part because there
6   was a dissent and, of course, we don't know if there will be
7   a dissenting opinion in the McGahn case, but that could
8   significantly delay the D.C. Circuit in issuing a ruling.
9       And, again, if this case is held by Your Honor for
10  any number of months while the D.C. Circuit waits to decide
11  McGahn -- and, of course, we hope it will happen
12  expeditiously, but there's simply no way to know whether
13  that's true -- that will -- that delay in this case will
14  significantly prejudice the Committee's interest in
15  obtaining the information that, again, it's entitled to
16  under the statute and its subpoena.  By contrast, if Your
17  Honor moves quickly to decide the motion to dismiss and if
18  we get to the next stage in this case in parallel with
19  McGahn making its way through the court, we've set this case
20  up so that the Committee could actually vindicate its rights
21  in a timely manner, and staying this case pending unknown
22  timing in the D.C. Circuit is simply not consistent with, as
23  the Supreme Court has indicated, expeditiously moving along
24  the subpoena cases of the House and the committees.
25              THE COURT:  Okay.  Thank you, Ms. Barbero.

1           I appreciate your arguments.  I am still inclined
2  to stay at least for now.  I do want to clarify a couple
3  things.
4           First, I'm not proposing to stay this matter until
5  the resolution of any appeals and writs of cert or anything
6  like that for the McGahn case.  I'm purely intending to wait
7  to see what this panel has to say.  I think if the panel
8  agrees with the Committee's arguments, then, as I said, I
9  would expect to summarily deny the motion to dismiss and
10 proceed with things and, certainly, to the extent there are
11 further developments that may be positive to the
12 administration in that case, you know, there would be
13 potential for the administration to re-raise those here
14 before any documents went over in this case, but I think,
15 you know -- I think we can all agree these are pretty --
16 this is a pretty extraordinary case and I don't want to act
17 precipitously here and I think there are -- the arguments
18 are very similar.  I've glanced through the briefs in the
19 McGahn case.
20          I hear what you're saying, Ms. Barbero, as to
21 6103, but I think, as Mr. Burnham said, that a lot of the
22 Government's arguments that they make in the McGahn case
23 would also cover the 6103 cause of action at least if the
24 Circuit agreed with the administration on their grounds in
25 the McGahn case.

1             I understand the Committee's desire to move
2    expeditiously here, but this is actually still a pretty
3    young case.  I believe one of the last cases somewhat like
4    this was in the Holder subpoena case and there, I think,
5    there was over a year between -- or about a year between the
6    filing of the action and a ruling on the motion to dismiss.
7    So I don't feel like this has been dragging at least in
8    legal -- from a legal time frame.
9             I will say -- I mean, I am expecting that the
10   panel is going to rule relatively expeditiously, you know?
11   If this is -- we're not hearing something from them in the
12   coming weeks, I'd certainly consider a motion from the House
13   to lift the stay, but if I'm right that -- I think all of
14   the signs, as Mr. Burnham said, do point to the Circuit
15   wanting to handle the McGahn case relatively quickly.  It
16   just -- I don't think it makes sense for me to get out in
17   front of them.
18             MS. BARBERO:  Your Honor --
19             THE COURT:  Yes, Ms. Barbero?
20             MS. BARBERO:  -- just a -- Your Honor, it's -- if
21   you were to stay the case pending a decision of the panel,
22   as it sounds like you're inclined to do, and then to
23   summarily deny the motion to dismiss if we prevail in
24   McGahn, could you order the parties to brief the merits of
25   the underlying question now, as presented in our initial

1     summary judgment brief, so that that would be ready to go if
2     the motion to dismiss is summarily denied after the panel
3     issues its decision in McGahn?  Which wouldn't prejudice the
4     Court and would allow the parties to move this forward.  If
5     that -- if you deny the motion to dismiss, we would be ready
6     to go on the merits.
7               MR. BURNHAM:  Your Honor, may I respond?
8               THE COURT:  I don't think there's any need,
9     Mr. Burnham.
10              MR. BURNHAM:  Okay.
11              THE COURT:  I think I see two concerns with that,
12    Ms. Barbero.
13              First, I know Mr. Consovoy at least has suggested
14    that discovery may be appropriate in this case.  I'm not --
15              MR. CONSOVOY:  That is correct.
16              THE COURT:  I have not made any decision on
17    that -- there really hasn't been briefing on that at all --
18    but would certainly need to consider that before we move
19    straight to briefing on the merits.
20              And then also, I think, you know, that the
21    administration has throughout been suggesting that there's
22    an appropriate accommodation process that should take place.
23    I indicated before that I was not inclined to see that as a
24    reason to grant a motion to dismiss, but I would be inclined
25    to think that's something that needs to happen at some

1    point.
2           I do hope that the parties are looking to resolve
3    this amongst themselves, as I'd suggested before, and I
4    certainly think that's something -- I don't want to order
5    anything specific at this point.  I don't think it would be
6    appropriate for me to do so.  But to the extent that the
7    Committee is looking to move things along, I'd hope that you
8    all are in communication about ways to potentially narrow
9    the scope of the disagreement here and possibly resolve it,
10   you know, especially -- it seems like there are other very
11   similar cases that are working their way through the system
12   that may possibly moot much of this case.  I don't know if
13   that's correct or not.  I don't think we need to go into
14   that now.  But it certainly seems to me that there's plenty
15   of room for that accommodation process to take place, and
16   I'd encourage the parties to be in discussions now about
17   what it would look like.
18          Okay.
19          MS. BARBERO:  Your Honor --
20          THE COURT:  Ms. Barbero, anything further from the
21   Committee?
22          MS. BARBERO:  Yes, Your Honor, just while we have
23   everybody on the phone, in light of the accommodations
24   process, just to reiterate the position that we've stated at
25   the prior hearing, but also to make clear that if the

1   Department has at all changed this view about whether it can
2   provide any of the information that was sought relating to
3   the tax returns or -- information or the audit files, we
4   would welcome the opportunity to receive that information
5   and can talk with them about a process.  It had been our
6   understanding that they thought it might, in fact, be a
7   violation of law to provide any of the information we've
8   sought to the Committee, but we're certainly open to that if
9   they've changed their view.
10              THE COURT:  Okay.  Mr. Burnham, I think that's
11  something you all can probably discuss offline.  But
12  anything on this -- anything else that we should address
13  here today?
14              MR. BURNHAM:  All I would add, Your Honor, is that
15  in the event that McGahn comes down, I would just ask that
16  we either have a status conference or something before Your
17  Honor rules on the pending motions, just because we don't
18  know what the panel will say and it may matter, and so I
19  would just ask that you not, you know -- respectfully ask
20  that you not summarily deny anything -- any of our motion --
21  our motion to dismiss without at least giving us a chance to
22  speak with you or perhaps file something short.  I just
23  don't know what the panel will say.  That's all.
24              THE COURT:  Okay.  I'll take that under
25  advisement, Mr. Burnham.  Obviously, I don't know what

1    they're going to say either and --

2              MR. BURNHAM:  Right.

3              THE COURT:  -- if -- I think if they disagree with

4    you across the board, I'm not sure that there would be a

5    whole lot of point in additional briefing on this at this

6    point.  If --

7              MR. BURNHAM:  That may be.

8              THE COURT:  If, you know, it's more of a

9    complicated decision, then I would probably be welcoming

10   additional briefing.

11             Mr. Consovoy, anything further for you?

12             MR. CONSOVOY:  Nothing further, Your Honor.  Thank

13   you.

14             THE COURT:  Thanks, folks.  Have a good day.

15             (Proceedings concluded at 3:24 p.m.)

16                   * * * * * * * * * * * *

17             **CERTIFICATE OF OFFICIAL COURT REPORTER**

18   **I, TIMOTHY R. MILLER, RPR, CRR, NJ-CCR, do hereby certify**

19   **that the above and foregoing constitutes a true and accurate**

20   **transcript of my stenographic notes and is a full, true and**

21   **complete transcript of the proceedings to the best of my**

22   **ability, dated this 16th day of January 2020.**

23                            **/s/Timothy R. Miller, RPR, CRR, NJ-CCR**
                              **Official Court Reporter**
24                            **United States Courthouse**
                              **Room 6722**
25                            **333 Constitution Avenue, NW**
                              **Washington, DC 20001**