**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*<br><br>*Defendants*,<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendant-Intervenors.* | No. 1:19-cv-1974 (TNM) |

# EXHIBIT A

```
                    IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF COLUMBIA


CHARLES M. KUPPERMAN,            )
                                 )
         Plaintiff,              )
                                 )
      vs.                        )   CV NO. 19-3224
                                 )   Washington, D.C.
HOUSE OF REPRESENTATIVES         )   October 31, 2019
OF THE U.S.A., ET AL.,           )   4:00 p.m.
                                 )
         Defendants.             )
_____)


            TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
              BEFORE THE HONORABLE RICHARD J. LEON
                UNITED STATES SENIOR DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:          Michael W. Kirk
                            Charles J. Cooper
                            COOPER & KIRK, PLLC
                            1523 New Hampshire Avenue, NW
                            Washington, D.C. 20036
                            (202) 220-9600
                            mkirk@cooperkirk.com
                            ccooper@cooperkirk.com
```

1  here that this particular situation runs directly afoul to
2  both binding Supreme Court precedent and this Court's own
3  decision several years ago in the case of *Porteous versus*
4  *Baron*, where you held and the Supreme Court supports, that
5  there is no jurisdiction with respect to House defendants
6  pursuant to the Constitution Speech or Debate Clause.
7  　　　　House defendants would also like to make it very
8  clear to this Court right now at the outset that there are
9  other threshold deficiencies that we see with the position
10  that the plaintiffs are attempting to put both parties in.
11  　　　　We believe very strongly that this complaint
12  serves no other purpose than to attempt to delay the House's
13  constitutionally prescribed impeachment inquiry.  Allowing
14  it to continue would constitute, in the House's view, a
15  fundamental miscarriage of justice and a breach of
16  constitutional norms.
17  　　　　The House's subpoena --
18  　　　　THE COURT:  So that's why you're going to file a
19  motion to dismiss?
20  　　　　MR. TATELMAN:  Yes, Your Honor.
21  　　　　The House believes that its subpoena is completely
22  valid.  It is 100 percent enforceable.  Dr. Kupperman --
23  　　　　THE COURT:  Let me just stop you there for a
24  second, sir.
25  　　　　In light of today's resolution being passed, are

1  you going to reissue the subpoenas consistent with the
2  resolution now?  Or are you going to keep the subpoenas that
3  were issued previously extant and, thereby, leave open the
4  question of whether or not they were appropriately issued in
5  the first place?  What's your plan or do you have a plan?
6          MR. TATELMAN:  Well, Your Honor, at this point,
7  I don't have an answer to that question.  I would need to
8  consult with the committee.
9          I would say, though --
10         THE COURT:  That's a pretty substantial question.
11         MR. TATELMAN:  With respect to Your Honor, yes,
12 it's an important question for the committee to consider.
13 And I believe they will.
14         We don't believe that there is any deficiency with
15 the existing subpoenas.
16         THE COURT:  Okay.
17         MR. TATELMAN:  We don't believe -- we believe that
18 they are valid.  We believe that they are enforceable.
19 We believe Dr. Kupperman has to comply with it and that
20 attempting to bring this claim here is inappropriate.
21         Let me just say very briefly, Your Honor, that the
22 interpleader stance that my friend, the plaintiffs,
23 Mr. Cooper, was attempting to put forward here, is not the
24 traditional way that civil litigation ought to operate.
25         Their position that they would raise these

1  jurisdictional questions and then step aside from the merits
2  seems antithetical to the notion of a traditional case or
3  controversy that would allow this Court to decide the
4  question.
5           There are two avenues I think Your Honor's well
6  aware of to which Mr. Kupperman can put his dispute properly
7  before this Court.
8           He can fail to appear, and the committee can
9  decide of its own volition whether or not it wants to
10 enforce the subpoena, which is, ironically, the argument
11 going on just down the hall with respect to former
12 White House Counsel Don McGhan.
13          Or if Mr. Kupperman wishes to comply with the
14 subpoena and the Department and the White House decide that
15 is an unacceptable position for them, they can come to court
16 and seek an injunction from Your Honor preventing him from
17 testifying.
18          And the House and the committees, if they choose
19 to, of their own volition and free will, can choose to avail
20 themselves of jurisdiction, seek to intervene to defend
21 their position.
22          Neither of those are here, Your Honor.
23          THE COURT: But wouldn't either one of those
24 routes effectively extend this process even further?
25          This is a potentially, potentially more-efficient

```
 1  and quicker way to resolve this case.
 2              If this Court sets a briefing schedule or oral
 3  argument will be held the first or second week in December
 4  and the Court issues an opinion by the end of December or
 5  early January, that's going to be a lot faster resolution of
 6  this issue than going through the process you just
 7  elaborated because of all the votes that would have to be
 8  taken and the subsequent litigation that would occur.
 9              That's just prolonging things, isn't it?
10              MR. TATELMAN:  Not necessarily, Your Honor.
11              The committee, if it wanted to, could make these
12  decisions relatively quickly.
13              I will submit to Your Honor that that --
14              THE COURT:  It's not just one committee.  It's
15  three.
16              MR. TATELMAN:  With due respect, Your Honor, it
17  was -- the subpoena was actually only issued by a single
18  committee.  There are three committees involved in the
19  investigative process.
20              THE COURT:  Right.
21              MR. TATELMAN:  But the subpoena was issued only by
22  the Permanent Select Committee on Intelligence.  They're the
23  only committee that would need to act to pursue any of those
24  avenues.
25              THE COURT:  But there's a possibility that one or
```

1    both of the other two committees could just make its own
2    decision.
3             MR. TATELMAN:  That is always possible,
4    Your Honor, yes.
5             But I will say in terms of looking forward to a
6    schedule and your concerns about moving this as quickly as
7    possible, I've been instructed to represent to the Court,
8    Your Honor, this afternoon that the House is prepared to
9    make a motion to dismiss.  We will be prepared to file that
10   as early as next Tuesday.
11            We are prepared to move with all due speed.  We
12   think this case is not justiciable.  We think Your Honor
13   will come to that conclusion very, very quickly.
14            We don't think it will even take you until the
15   middle of December to reach that conclusion, and we would
16   like the opportunity to brief it very, very quickly with
17   respect to the House defendants.  And we're prepared to do
18   so.
19            THE COURT:  All right.  Thank you very much.
20            Ms. Shapiro.
21            MS. SHAPIRO:  Yes, Your Honor.
22            We don't think there's a real emergency or need to
23   be that quick with the briefing from the Executive Branch.
24   I think it makes sense if there's going to be a
25   jurisdictional speech-and-debate argument made and that gets