**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES, | ) ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) No. 1:19-cv-1974 (TNM) |
| UNITED STATES DEPARTMENT OF THE TREASURY, *et al.* | ) ) ) ) |
| *Defendants*, | ) ) ) |
| DONALD J. TRUMP, *et al.*, | ) ) ) |
| *Defendant-Intervenors.* | ) ) |

# EXHIBIT B

| | |
|---|---|
| **From:** | Myers, Steven A. (CIV) |
| **To:** | Letter, Douglas; Burnham, James M. (CIV); Handley, Cristen (CIV); Gilligan, Jim (CIV); Orloff, Serena M (CIV) |
| **Cc:** | Morse, Jodie; Barbero, Megan; Grogg, Adam; Tatelman, Todd; Havemann, Will |
| **Subject:** | RE: Possible accommodations in tax returns litigation |
| **Date:** | Wednesday, January 22, 2020 2:35:38 PM |

Doug,

Thank you for your email of January 17.

As set out in Secretary's Mnuchin's letters of April 23 and May 6, 2019, as well as the Office of Legal Counsel's opinion, Treasury is prohibited by Section 6103 from providing the specific tax records sought by the Committee in this lawsuit.  Treasury, however, has repeatedly offered to work with the Committee to accommodate its purported legislative interest in the mandatory audit process in a manner consistent with the Department's statutory and constitutional responsibilities.  Treasury has given the Committee an extensive body of written materials concerning the mandatory audit process, including those most pertinent to the Committee's asserted interest in it.  Significant documentation about the presidential audit program is also included in the declaration of Sunita Lough attached to Defendants' motion to dismiss.   And Treasury provided a lengthy briefing for the Committee, which was attended by Committee staff.  Treasury remains willing to work with the Committee to explore other steps that would accommodate the Committee's stated interest.  Because Treasury's response is subject to the strict confidentiality provisions of Section 6103 and must take account of the constitutional limits on the Committee's legislative authority, in order to assist us in proceeding with the accommodation process, we would ask that the Committee identify any additional specific records it wishes to request that would not contain or reveal Section 6103 information.  Please let us know and we'll pass the inquiries on to our clients for consideration right away. In contrast, if the only records in which the Committee has any remaining interest are the records pertaining to the President that are sought in this lawsuit, it would help clarify the parties' positions for the Court if you could confirm as much.

Steve

**Steven A. Myers**
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L St. NW, Washington DC 20005
Tel: (202) 305-8648  Fax: (202) 616-8470

**From:** Letter, Douglas <Douglas.Letter@mail.house.gov>
**Sent:** Friday, January 17, 2020 4:31 PM
**To:** Burnham, James M. (CIV) <jburnham@CIV.USDOJ.GOV>; Handley, Cristen (CIV) <chandley@CIV.USDOJ.GOV>; Gilligan, Jim (CIV) <JGilliga@CIV.USDOJ.GOV>; Myers, Steven A. (CIV) <stmyers@CIV.USDOJ.GOV>; Orloff, Serena M (CIV) <sorloff@CIV.USDOJ.GOV>
**Cc:** Morse, Jodie <Jodie.Morse@mail.house.gov>; Barbero, Megan <Megan.Barbero@mail.house.gov>; Grogg, Adam <Adam.Grogg@mail.house.gov>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>; Havemann, Will <Will.Havemann@mail.house.gov>
**Subject:** Possible accommodations in tax returns litigation

James, et al:

    We are following up on Judge McFadden's statements at the end of Tuesday's hearing regarding the possibility of the parties reaching an accommodation in this case, and his strong urging that we should work with you to try to reach an accommodation.

    The Committee has understood, based on statements of the Treasury Secretary, President, his Chief of Staff, and the Office of Legal Counsel, that Defendants believe they cannot, as a matter of law, provide the Committee with the returns and audit files of President Trump and several Trump entities that the Committee needs to fulfill its oversight and legislative purposes.  If our understanding is incorrect (i.e., it is actually NOT Defendants' view that providing the requested records would violate Section 6103 and the Constitution, and possibly give rise to a criminal violation), please let us know.

    As a starting point for further negotiations, we would need to know the scope of records Treasury would be amenable to providing the Committee.  If Treasury intends to offer the Committee a subset of the returns and audit files requested, please specify the tax years.  If none of the returns and audit files that the Committee has sought can, in your view, legally be turned over, then it would seem that the parties remain at an impasse.  We would very much like to convey that information to Judge McFadden as soon as possible.

    Given that this subject is obviously on Judge McFadden's mind, we look forward to hearing from you soon.

*Douglas N. Letter*
*General Counsel*
*Office of General Counsel*
*U.S. House of Representatives*
*219 Cannon House Office Building*
*Washington, DC  20515*
*Douglas.Letter@mail.house.gov*
*(202) 225-9700*

| | |
|---|---|
| From: | Letter, Douglas |
| To: | Handley, Cristen (CIV); Orloff, Serena M (CIV); Myers, Steven A. (CIV); Gilligan, Jim (CIV); Burnham, James M. (CIV); Shapiro, Elizabeth (CIV) |
| Cc: | Barbero, Megan; Morse, Jodie; Havemann, Will; Grogg, Adam; Tatelman, Todd |
| Subject: | Tax returns case |
| Date: | Saturday, January 25, 2020 4:40:23 PM |

Steve:

Thank you for your email, which restates your clients' belief that they are prohibited by law from providing any of the information requested by the Committee pursuant to Section 6103(f). Given your clients' absolutist position regarding their asserted lack of authority to disclose the material sought by the Committee, no accommodation is possible here and the parties therefore remain at an impasse. As the Committee has explained from the date of its initial Section 6103 request, it has a specific need for the President's returns and related administrative files pursuant to its legitimate legislative and oversight interests.

The Committee has made clear that it is seeking the President's returns and related administrative files not simply to assess the mandatory audit program in general, but to understand and evaluate the thoroughness of the audit of the President's returns, whether and how the publicly available materials on the mandatory audit program (which Treasury staff admitted at the briefing were outdated) diverge from current practices, whether the auditing of this President's returns has been subject to improper political influence, and whether codification of the audit program or other revisions to the tax code are needed. *See, e.g.*, Exs. A, E, K, P, QQ; Compl. ¶¶ 58-61, 79.

Neither the briefing that you referenced nor the publicly-available IRM provisions that your clients provided at the briefing are a substitute for the actual returns and related administrative files. As Chairman Neal wrote in his June 28, 2019 letter, generalized information is "not a replacement for the actual return and return information that the Committee requested under section 6103(f) and now has subpoenaed" because "[w]ithout studying the returns and the documentation of the agent's decisions that were requested, the Committee cannot evaluate the accuracy of the President's claims about the audit system, assess the fairness and effectiveness of the audit program and the scope of the audits being performed on the President's returns, or understand how particular provisions of the Code are being enforced as part of the IRS's review." Ex. P.

Furthermore, the briefing "only reinforced the Committee's need to review the actual return information as part of our oversight duties." *Id.* That is because the information communicated at the briefing "rais[ed] serious concerns about the absence of safeguards protecting both the individual auditor as well as the entire audit process from improper influence" and "also raised concerns uniquely and directly relevant to the thoroughness of the Presidential audit process as applied to this President." *Id.*

Also, the briefing highlighted the fact that, without 6103 authorization, the Committee cannot obtain any useful information about the actual operations of the mandatory audit program— past or present. Because Treasury officials at the briefing refused to recognize the Chairman's Section 6103 authority, they "declined to answer *any* questions asked by Committee staff related to the actual audits of multiple prior Presidents across both political parties, including basic questions about whether Presidential returns have ever been filed electronically, how long Presidential audits generally take, whether there ever have been any assessments made to Presidential returns, or whether any President-taxpayers have ever gone to IRS Appeals from a mandatory audit." *Id.* The notion that the Committee could satisfy its legislative and oversight interests with records that, in

your words, "would not contain or reveal Section 6103 information" is wrong.

Nothing has changed from the Committee's standpoint.  The Committee's concerns over the administration of the audit program have only been exacerbated by the long delay and refusal to turn over the requested materials despite Section 6103's clear and unambiguous mandate and the legally binding subpoenas.  In addition, your email confirms the Administration's position that it will make **none** of the requested Section 6103 materials available to the Committee.  This defiance of the statutory mandate and further departure from nearly a century of practice raises even deeper concerns about the Administration's approach to the Committee's investigation.

Given that, on the one hand, the Committee needs, and is by statute entitled to, President Trump's tax returns and related administrative files (which are obviously covered by Section 6103), and that, on the other hand, DOJ asserts that it is barred by law from providing any information to the Committee covered by Section 6103, it is clear that no accommodation is possible.

*Douglas N. Letter*
*General Counsel*
*Office of General Counsel*
*U.S. House of Representatives*
*219 Cannon House Office Building*
*Washington, DC  20515*
*Douglas.Letter@mail.house.gov*
*(202) 225-9700*