**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*, <br><br> *Defendants*, <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendant-Intervenors*. | Case No. 1:19-cv-01974-TNM |

## MOTION TO VACATE HEARING AND
## FOR SUPPLEMENTAL BRIEFING ON *MCGAHN*

     1.     Plaintiff Committee on Ways and Means respectfully requests that the Court (a) vacate the Thursday, March 5, 2020 hearing on the Committee's Motion to Lift Stay (Dkt. 79) and (b) permit the parties to file short, supplemental briefs by Friday, March 13, 2020 regarding the effect on this case of the D.C. Circuit's recent decision in *Committee on the Judiciary v. McGahn*, No. 19-5331 (D.C. Cir. Feb. 28, 2020) (*McGahn* Op.).

     2.     On January 14, 2020, the Court stayed this case pending a decision in *McGahn*. *See* Minute Order (Jan. 14, 2020).  On January 28, 2020, the Committee filed a Motion to Lift Stay (Dkt. 79), which was fully briefed as of February 15, 2020 (Dkt. 82).  Now that *McGahn* has been decided, the predicate for the Court's stay has disappeared, and a hearing on the Committee's motion is no longer necessary.

3.     *McGahn* was wrongly decided, and the Committee on the Judiciary intends to file

a petition for rehearing *en banc* by March 9, 2020, the expedited 10-day deadline set by the D.C.

Circuit.  Order, *Committee on the Judiciary v. McGahn*, No. 19-5331 (D.C. Cir. Feb. 28, 2020).

However, as the Committee has already advised the Court, crucial differences exist between the

threshold issues presented in *McGahn* and those in this case.  *See* Motion to Lift Stay, Dkt. 79 at

2-4 (Jan. 28, 2020).  Among them, this case involves not only a subpoena-enforcement action but

also the Committee's request for President Trump's tax returns and related administrative files

pursuant to 26 U.S.C. § 6103(f), which gives the Committee a mandatory statutory entitlement to

the information it seeks.  *See McGahn* Op. at 28 (explaining that "[a] statute could mitigate the

separation-of-powers considerations that counsel against adjudicating interbranch disputes").

President Trump has also intervened in this case in his individual capacity.  *See* Dkts. 12, 14.

4.     In light of the above and the Court's prior indication that it might welcome such

additional briefing once *McGahn* was decided (Conf. Tr., Dkt. 78 at 15:8-10), the Committee

respectfully requests that the Court vacate the upcoming hearing and permit the parties until

Friday, March 13, 2020 to file 10-page supplemental briefs on the effect of *McGahn* on this case.

5.     Plaintiff does not believe that Point 8 from the Court's Standing Order applies in

this instance because it is not requesting to either reschedule or extend the time for the hearing,

which was set by the Court on February 28, 2020, four business days before the hearing date.

6.     Pursuant to Local Rule 7(m), counsel for Plaintiff conferred with counsel for

Defendants and Defendant-Intervenors, who stated that they oppose the motion.

Respectfully submitted,

*/s/ Douglas N. Letter*
Douglas N. Letter (D.C. Bar No. 253492)
   *General Counsel*
Todd B. Tatelman (VA Bar No. 66008)
   *Principal Deputy General Counsel*

Megan Barbero (MA Bar No. 668854)
  *Deputy General Counsel*
Josephine Morse (D.C. Bar No. 1531317)
  *Deputy General Counsel*

Office of General Counsel
U.S. House of Representatives
219 Cannon House Office Building
Washington, D.C. 20515
(202) 225-9700
douglas.letter@mail.house.gov

*Counsel for Plaintiff Committee on Ways and*
*Means, United States House of Representatives*

March 4, 2020