IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*,<br><br>*Defendants*,<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendant-Intervenors*. | No. 1:19-cv-01974-TNM |

**MOTION TO LIFT STAY**

On March 20, 2020, the Court stayed this case pending further order of the Court. It did so principally in light of the D.C. Circuit's decision to rehear *Committee on the Judiciary of the U.S. House of Representatives v. McGahn*, 951 F.3d 510 (D.C. Cir. 2020) (No. 19-5331), *en banc*. *See* Order at 5 (Mar. 20, 2020), ECF No. 91 ("[T]he Court will await further proceedings in *McGahn* before it acts on either the subpoena-enforcement claim or the § 6103(f) claims."). Now that the *en banc* D.C. Circuit has ruled in *McGahn*, rejecting one of the principal jurisdictional objections raised by Defendants and Defendant-Intervenors[1] here, Plaintiff Committee on Ways and Means (Committee) respectfully requests that this Court lift the stay[2] and direct the parties to expeditiously file renewed cross-motions for summary judgment to

---

[1] Hereafter we refer to Defendants and Defendant-Intervenors collectively as "Defendants."

[2] Pursuant to Local Rule 7(m), Plaintiff conferred with Defendants and Defendant-Intervenors, who indicated they oppose this motion.

include any additional arguments Defendants may wish to make on the threshold issues in light of *McGahn*. Defendants' motion to dismiss has been fully briefed since September 30, 2019, and the Court heard argument on the motion on November 6, 2019. The House's current term expires on January 3, 2021. Failing to move this case forward will mean that the clock will run out on the Congressional session.

I.   **Course of Proceedings**

The Committee first sought tax returns and return information on April 3, 2019, pursuant to 26 U.S.C. § 6103(f), which mandates, without qualification, that the Secretary of the Treasury "shall furnish" the Committee with any tax returns and return information that its Chairman requests.[3] On May 6, 2019, Secretary Steven T. Mnuchin issued his final decision not to provide the Committee with any of the requested materials.[4] Committee Chairman Richard E. Neal served subpoenas on Secretary Mnuchin and Internal Revenue Service Commissioner Charles P. Rettig on May 10, 2019.[5] Defendants refused to comply. The Committee filed this lawsuit on July 2, 2019, more than 13 months ago. ECF No. 1.

The Committee filed motions for summary judgment, consolidated briefing, and expedited consideration shortly thereafter. *See* ECF Nos. 29, 30. At Defendants' urging, the Court denied the Committee's summary judgment motion as premature, preferring to have Defendants file a motion to dismiss first. Minute Order (Aug. 29, 2019); *see* ECF No. 33.

---

[3] *See* Letter from Hon. Richard E. Neal, Chairman, Comm. on Ways and Means, to Hon. Charles P. Rettig, Commissioner, IRS (Apr. 3, 2019), ECF No. 1-1.

[4] *See* Letter from Steven T. Mnuchin, Secretary, Dep't of the Treasury, to Hon. Richard E. Neal, Chairman, Comm. on Ways and Means (May 6, 2019), ECF No. 1-9.

[5] *See* Subpoena from Hon. Richard E. Neal, Chairman, Comm. on Ways and Means, to Steven T. Mnuchin, Secretary, Dep't of the Treasury (May 10, 2019), ECF No. 1-11; Subpoena from Hon. Richard E. Neal, Chairman, Comm. on Ways and Means, to Hon. Charles P. Rettig, Commissioner, IRS (May 10, 2019), ECF No. 1-12.

Defendants' motion to dismiss was fully briefed by September 30, 2019, and the Court heard argument on November 6, 2019.[6]

Following argument on Defendants' motion to dismiss in this case, Judge Brown Jackson issued an opinion in *Committee on the Judiciary of the U.S. House of Representatives v. McGahn*, 415 F. Supp. 3d 148 (D.D.C. 2019), rejecting arguments attacking the House Judiciary Committee's standing to obtain judicial enforcement of its subpoena that were nearly identical to those Defendants advanced with respect to the Committee's subpoenas in this action. The *McGahn* defendants appealed to the D.C. Circuit. In response, on January 14, 2020, this Court stayed this case pending the D.C. Circuit's decision in *McGahn*, indicating that it would consider lifting the stay if the D.C. Circuit did not rule expeditiously. *See* Conf. Tr. at 11:9-13 (Jan. 14, 2020), ECF No. 78. When the D.C. Circuit did not promptly decide *McGahn*, the Committee moved for this Court to lift the stay on January 28, 2020. *See* ECF No. 79, at 1. The Committee's motion emphasized that the Supreme Court and the D.C. Circuit have repeatedly admonished district courts to "give[] the most expeditious treatment" to suits impeding Congress's access to subpoenaed information, *see id.* at 4-6 (quoting *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 511 n.17 (1975)), and it noted that the six months that had elapsed since the Committee filed its complaint had already made this action an outlier, *see id.* at 6-11. While that motion was pending, a panel of the D.C. Circuit issued an opinion in *McGahn*, reversing the district court. This Court then lifted the stay. *See* Minute Order (Mar. 5, 2020).

The Court again stayed this action on March 20, 2020, after the D.C. Circuit granted rehearing *en banc* in *McGahn*, indicating that a stay was appropriate until the D.C. Circuit issued

---

[6] *See* ECF No. 59. Before oral argument and in response to the Court's request, the parties provided supplemental briefing on the implications of the D.C. Circuit's decision in *Trump v. Mazars USA, LLP*, 940 F.3d 710 (D.C. Cir. 2019). *See* ECF Nos. 63, 66.

its final word on the Judiciary Committee's standing in *McGahn*.  *See* Order at 5, ECF No. 91.  That final word arrived on August 7, when the *en banc* D.C. Circuit held that the Judiciary Committee had standing to seek judicial enforcement of its subpoena, rejecting the very same arguments Defendants have advanced here.  *See Comm. on the Judiciary of the U.S. House of Representatives v. McGahn*, — F.3d —, No. 19-5331, 2020 WL 4556761, at *1 (D.C. Cir. Aug. 7, 2020) (en banc).

## II. Reasons to Lift the Stay

The Court should lift the stay it ordered on March 20 and direct the parties to expeditiously brief cross-motions for summary judgment, including any additional arguments Defendants may wish to make on the threshold issues in light of *McGahn*.  It should do so for two reasons.

*First*, the basis for the stay has vanished.  The Court put this case on hold to receive guidance from the full D.C. Circuit's decision in *McGahn*.  That guidance has been provided, and it is unequivocal.  The *en banc* opinion in *McGahn* reaffirms the theories of Article III standing that the Committee has consistently advanced in this litigation, including the informational injury the Committee has asserted.  *See* 2020 WL 4556761, at *4-7.

*McGahn* confirms that Defendants' noncompliance with the Committee's duly issued subpoenas caused a concrete and particularized injury to the Committee.  That injury is concrete because Defendants' interference with the Committee's Article I "power of inquiry—with process to enforce it," *McGrain v. Daugherty*, 273 U.S. 135, 174 (1927), "denied the Committee something to which it alleges it is entitled by law," *McGahn*, 2020 WL 4556761, at *5; *see id.* at *4 ("'[E]ach House has power to secure needed information' through the subpoena power." (quoting *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031 (2020))).  And that injury is particularized because the House has "delegated its subpoena authority to its Committees," so the

4

Committee is the "distinctly injured party" and the proper plaintiff to bring this lawsuit. *Id.* at *7. As the opinion emphasizes, "[f]or more than forty years this circuit has held that a House of Congress has standing to pursue a subpoena enforcement lawsuit in federal court." *Id.* at *10.

*McGahn* also makes clear that the refusal to comply with the Committee's Section 6103(f) request caused the Committee to suffer a concrete and particularized injury insofar as that defiance denied the Committee information to which it is entitled by statute. The Supreme Court has firmly established "the principle that the denial of information to which the plaintiff claims to be entitled by law establishes a quintessential injury in fact." *Id.* at *5. *McGahn* squarely rejects Defendants' attempts to distinguish this principle either because of the Committee's status as a legislative body or because "the defendant withholding the information is another branch of government." *Id.* at *6.

Of course, as this Court noted, "the *en banc* court may not be the final word" on *McGahn*, Order at 7, ECF No. 91, but there is no justification for continuing to stay this action until all conceivable avenues for appeal in *McGahn* are exhausted, *see* Conf. Tr. at 10:4-6, ECF No. 78 (indicating the Court was "not proposing to stay this matter until the resolution of any appeals and writs of cert or anything like that for the *McGahn* case"). Nor is there reason to think the Supreme Court would reach a different result, even if certiorari were sought and granted. The *en banc* opinion in *McGahn* draws extensively from the Supreme Court's recent decision in *Mazars*, 140 S. Ct. 2019, which emphasizes that the House's power of inquiry is essential to the effective functioning of Congress. *Mazars* engaged fully with the same separation-of-powers arguments that Defendants erroneously contend should override settled standing doctrines to block the Committee's suit, and *McGahn* carefully explains why those arguments are unavailing in light of *Mazars*. And though the *en banc* court remanded to the

5

panel for consideration of other threshold issues and the merits, *McGahn*, 2020 WL 4556761, at *15, *McGahn* involved only a subpoena-enforcement claim, whereas seven of the eight claims in this case seek to vindicate the Committee's statutory entitlement to the information it seeks under Section 6103(f).

*Second*, unless the Court lifts the stay, it may become impossible for the Committee to discharge its constitutional obligations. The 116th Congress ends immediately before noon on January 3, 2021, and the Committee's ability to fulfill its legislative and oversight objectives diminishes daily. Further delay impairs the Committee's ability to obtain and review the tax returns and return information it has sought; evaluate whether the Internal Revenue Service is fairly and effectively administering the mandatory Presidential audit program; determine whether legislation is required to strengthen that program or make other changes to the federal tax laws; propose legislation and amendments; and shepherd that legislation through the bicameral process. Defendants have made clear throughout these proceedings that they hope to obstruct the Committee's inquiries through delay. This Court should not assist Defendants in that endeavor. The Court has repeatedly pledged that it wants to take the most expeditious path to resolution of this matter. Lifting the stay and moving directly to motions for summary judgment would help make good on that pledge.

Respectfully submitted,

*/s/ Douglas N. Letter*
Douglas N. Letter (DC Bar No. 253492)
   *General Counsel*
Todd B. Tatelman (VA Bar No. 66008)
Megan Barbero (MA Bar No. 668854)
Josephine Morse (DC Bar No. 1531317)
Adam A. Grogg (DC Bar No. 1552438)
William E. Havemann (VA Bar No. 86)
Jonathan B. Schwartz (DC Bar No. 342758)

Office of General Counsel
U.S. House of Representatives
219 Cannon House Office Building
Washington, D.C. 20515
(202) 225-9700
douglas.letter@mail.house.gov

*Counsel for Plaintiff Committee on Ways and Means, United States House of Representatives*

August 14, 2020

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*,<br><br>*Defendants*,<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendant-Intervenors*. | No. 1:19-cv-01974-TNM |

**[PROPOSED] ORDER**

UPON CONSIDERATION of the Motion to Lift Stay of the Committee on Ways and Means of the U.S. House of Representatives and any opposition thereto, it is

ORDERED that Plaintiff's Motion to Lift Stay is GRANTED.  It is further

ORDERED that the parties are directed to promptly file cross-motions for summary judgment.

SO ORDERED.

Dated:                                                        _____
                                                              HON. TREVOR N. McFADDEN, U.S.D.J.