IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY; INTERNAL REVENUE SERVICE; STEVEN T. MNUCHIN, in his official capacity as Secretary of the United States Department of the Treasury; and CHARLES L. RETTIG, in his official capacity as Commissioner of the Internal Revenue Service,<br><br>*Defendants,*<br><br>DONALD J. TRUMP, THE DONALD J. TRUMP REVOCABLE TRUST, DJT HOLDINGS LLC, DJT HOLDINGS MANAGING MEMBER LLC, DTTM OPERATIONS LLC, DTTM OPERATIONS MANAGING MEMBER CORP., LFB ACQUISITION MEMBER CORP., LFB ACQUISITION LLC, and LAMINGTON FARM CLUB, LLC d/b/a Trump National Golf Club-Bedminster,<br><br>*Intervenor-Defendants,* | Case No. 1:19-cv-1974-TNM |

## MOTION FOR STATUS CONFERENCE

Intervenor-Defendants move this Court for a telephonic status conference at its earliest convenience to discuss how the case shall proceed and to ensure that the status quo is maintained following the adjournment of the 116th Congress on January 3, 2021 and the change in presidential administration on January 20, 2021.

As the Court is aware, this matter arises from a request made by a committee of the 116th Congress for Intervenor-Defendants' tax returns and return information. Defendants declined to turn over the materials, and the Committee on Ways and Means brought suit to compel disclosure. Intervenor-Defendants subsequently moved to intervene without objection, Doc. 12, and this Court

1

granted that motion. Doc. 14. Intervenor-Defendants allege that the requests by Congress are illegal and invalid. Doc 12 at 6; *see also Trump v. Mazars*, 140 S. Ct. 2019, 2036 (2020) ("Congressional subpoenas for information from the President … implicate special concerns regarding the separation of powers."). The case is currently stayed pending further order of the Court. Doc. 91.

A new administration will take office on January 20, 2021, raising the possibility that the Department of Justice may reconsider its position with respect to any request from the Committee. Meanwhile, the initial requests issued by the 116th Congress have expired, *see Committee on Judiciary of U.S. House of Representatives v. Miers*, 542 F.3d 909, 911 (D.C. Cir. 2008), so any attempt to obtain Intervenor-Defendants' information would have to arise from a renewed request by the 117th Congress. All of this raises the possibility that a renewed request from the Committee might be satisfied without giving Intervenor-Defendants notice or an opportunity to be heard on their legal objections.

Counsel for Intervenor-Defendants contacted counsel for the Committee and Defendants in an attempt to resolve this issue. Counsel for the Committee declined to disclose whether the Committee intends to renew the request, noting only that the new House Rules allow the chair of a committee to re-issue prior subpoenas. Counsel for the Defendants provided this statement of its position.

> Counsel for the Government are not in a position at this time to speak for the incoming administration regarding release of President Trump's tax-return information to the Committee. The Government objects, however, to any kind of temporary injunctive relief based on speculation about what the incoming administration may decide to do. The Government would not object, though, to a temporary order of up to 2 weeks' duration requiring 72 hours' notice to the President's counsel before such a release is made. A temporary order of that kind would provide Government counsel opportunity to consult with the incoming administration regarding these issues, after which the Court could convene a further status conference to revisit them if needed.

Intervenors have no desire to burden the Court or parties with unnecessary motion practice. But given the pendency of this case, a status conference would shed light on whether and how this

case should proceed. Interim relief to preserve the status quo under the All Writs Act is another possibility, as Judge Nichols held in nearly identical circumstances. *See, e.g., Trump v. Committee on Ways and Means*, 415 F. Supp. 3d 38, 50 (D.D.C. 2019) (granting "relief under the All Writs Act that will prevent Mr. Trump's claims from becoming ripe and then moot almost instantaneously without notice to him or the Court").

Intervenors therefore respectfully request that:

1) This Court schedule a telephonic status conference as soon as possible on January 20, 2021; and

2) This Court order the parties to be prepared to discuss:

    a. Whether the Committee plans to renew its request for Intervenor-Defendants' tax information;

    b. If the Committee plans to renew its request, whether the parties consent to Intervenor-Defendants' amending their answer to, among other things, assert third-party claims against the Committee and/or Defendants;

    c. If the Committee plans to renew its request, whether the parties agree not to disclose Intervenor-Defendants' information until after this Court (and, if necessary, the D.C. Circuit) reaches a decision on the merits of Intervenor-Defendants' claims; and

    d. Whether, in the interim, this Court should issue relief pursuant to its inherent powers and the All Writs Act to preserve the status quo and prevent this case from becoming moot before Intervenor-Defendants can obtain an adjudication of their claims, by requiring at least 72 hours' notice to the Intervenors' counsel before such a release is made.

Dated: January 19, 2021  Respectfully submitted,

  /s/ *William S. Consovoy*
William S. Consovoy (D.C. Bar #493423)
Cameron T. Norris
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
cam@consovoymccarthy.com

Patrick Strawbridge (pro hac vice)
CONSOVOY MCCARTHY PLLC
Ten Post Office Square, 8th Floor
South PMB #706
Boston, MA 02109
(617) 227-0548
patrick@consovoymccarthy.com

*Counsel for Intervenor-Defendants Donald J. Trump, The Donald J. Trump Revocable Trust, DJT Holdings LLC, DJT Holdings Managing Member LLC, DTTM Operations LLC, DTTM Operations Managing Member Corp, LFB Acquisition Member Corp., LFB Acquisition LLC, and Lamington Farm Club, LLC d/b/a Trump National Golf Club-Bedminster*