IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES, <br><br>*Plaintiff*, <br><br>v. <br><br>UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*, <br><br>*Defendants*, <br><br>DONALD J. TRUMP, *et al.*, <br><br>*Defendant-Intervenors.* | No. 1:19-cv-1974-TNM |

## JOINT STATUS REPORT

Pursuant to the Court's July 30, 2021, Minute Order, the parties respectfully submit the following joint status report.

**Position of the Committee on Ways and Means:**

Simultaneously with this status report, the Plaintiff Committee on Ways and Means ("the Committee") is filing a motion for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) of the claims filed by the Committee against Defendants Department of the Treasury *et al*.

With respect to the counterclaims filed today by Defendant-Intervenors against the Committee, the Committee objects to any discovery on those counterclaims. Given the immunity afforded the Committee by the Speech or Debate Clause of the Constitution, Defendant-Intervenors' discovery request appears to be solely a tactic to obtain further delay (noting below that any disagreement "will take time to resolve") and is unlikely to produce any relevant information. The Committee further objects to the lengthy and indefinite briefing

schedule requested by Defendant-Intervenors, particularly because the Committee has been seeking documents from Defendants for over two years already. The Committee strongly disagrees with Defendant-Intervenors' characterization of the proceedings thus far and the merits of the case—and submits that the inclusion of those lengthy arguments in this status report is highly inappropriate—but will save its responses for the appropriate time.

The Committee joins in Defendants' request for the reasonable expedited briefing schedule set forth in their position. The Committee objects to the forbearance from production of the requested materials unless the case proceeds along the expedited schedule proposed by Defendants.

**Position of the Department of the Treasury Defendants:**

The Department of the Treasury ("Treasury") believes, in accordance with the July 30, 2021, opinion of the Department of Justice Office of Legal Counsel ("OLC"), that it is obligated under the mandatory terms of 26 U.S.C. § 6103(f)(1), to furnish to the Committee the returns and return information requested in its June 16, 2021, letter, and to do so promptly.

Defendant-Intervenors have filed cross-claims against Treasury, seeking to prevent Treasury from complying with the Committee's request. Under ordinary circumstances, Defendant-Intervenors would be required to seek emergency injunctive relief to prevent the disclosure. To facilitate orderly judicial resolution, Treasury is prepared to forbear voluntarily from releasing the requested returns to the Committee while the parties brief Defendant-Intervenors' new claims and this Court determines whether Defendant-Intervenors have a current right to preclude the release. (Treasury will also forbear from releasing the requested returns to the Committee pending entry of a scheduling order in response to this joint status report.)

To obviate a need for preliminary injunction proceedings, Defendants propose the following expedited schedule:

- August 23, 2021: Trump parties' motion for summary judgment
- September 7, 2021: Treasury's and Committee's cross-motions for summary judgment and opposition to Trump parties' motion
- September 14, 2021: Trump parties' opposition to Treasury's and the Committee's cross-motions, and reply in support of their motion
- September 21, 2021: Treasury's and Committee's replies in support of their cross-motions
- September 28, 2021: Oral argument

Defendants do not believe that discovery is necessary or appropriate to resolve the parties' cross-motions, as the issues presented are strictly legal in nature and do not involve disputed issues of material fact. Defendants agree with the Committee that the Defendant-Intervenors have not submitted a statement of position on this issue, but instead used this filing as a vehicle for submitting argument that the Court did not invite. Defendants will not follow that example, but will instead respond to Defendant-Intervenors' arguments at the proper time.

**Position of the Defendant-Intervenors Donald J. Trump and Associated Entities:**

Intervenors seek a reasonable—though still highly expedited—opportunity to litigate their claims. Intervenors request 60 days to conduct discovery and an additional 30 days to file a dispositive motion. That 90-day period would be less than half the time it took the new administration to even *take a position* in this case, and it is more than reasonable in light of the important issues at stake, the parties' conduct, and the pace of this litigation so far. As this Court noted in May, this case is too important to end with "some sort of fait accompli that requires [the Court] to either accept it or reject it on a rapid timeline," especially since "the intervenors have little to no opportunity to weigh in on [the other parties'] negotiations." 5/3/21 Tr. 6.

\* \* \*

The parties' sudden desire for expedition cannot be squared with the history of this case. The 116th Congress began on January 3, 2019. After Speaker Pelosi promised that requesting

3

President Trump's long-desired tax returns was "one of the first things we'd do," no request was made until April 3, 2019—three months later. When Secretary Mnuchin objected on May 6, the Committee waited another two months to file this lawsuit. The Committee then waited *another* month and a half before filing a motion for summary judgment or requesting expedition. As the Government observed at the time, the Committee "cannot now complain about the 'delays' in ordinary civil practice," having "failed itself to act in an expeditious manner" and "with little to no explanation for its leisurely pace." Doc. 33 at 10-11.

That leisurely pace has only continued. This case has been stayed since early 2020. During that time, the Committee "rejected" one "expeditious approach" offered by the Court, Doc. 91 at 5, and it withdrew its own motion to lift the stay in September 2020, Doc. 96. Shortly after the new administration and new Congress began, this Court held a status conference to determine how the litigation would proceed. Yet it took *six months* for the Committee and Defendants to provide an answer to that basic question.

In the meantime, the Committee and Defendants have left Intervenors in the dark about their plans. They never included Intervenors in the "communications" they were having over the last six months, despite Intervenors' requests to participate. When they filed their sixth monthly status report on July 2, 2021, they knew that their next report on July 30 would be the "final" one—but they never explained why. Doc. 109. In fact, a few weeks earlier, the Committee's chairman had written a letter to Defendants Yellin and Rettig, purporting to make a revised "request" under 26 U.S.C. §6103(f) for Intervenors' tax information. Doc. 113, Ex. A. One day after that letter was sent, the Treasury Department apparently asked the Justice Department's Office of Legal Counsel for a formal legal opinion. *See* Doc. 113, Ex. B. OLC issued that opinion on July 30.

Intervenors were not told about any of this until the afternoon of July 30—shortly before the parties' joint status report was due. Even though Intervenors are the real party in interest, *see Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2035 (2020), they weren't informed that the Committee had sent a "request" on June 16, 2021. The new OLC memo also mentions emails, memorandums, and letters that Intervenors have never seen. Nor have Intervenors had the opportunity to obtain and review other nonprivileged communications and accommodation efforts between the Committee, the Treasury Department, and others.

As Defendants have recognized before, Intervenors' objections to the Committee's request are "serious," "difficult," and "weighty." Doc. 33 at 6. From its inception, this case required the Court to decide whether the request has a "legitimate legislative purpose"; whether and how to weigh "the abundant public evidence that the Committee's stated purpose … is pretextual"; whether the request is "an impermissible incursion on the independence of the Executive Branch"; whether the request "violates Defendant-Intervenors' individual constitutional rights"; and whether the request constitutes "impermissible harassment." Doc. 33 at 6, 9. Since then, more questions have arisen in light of the Supreme Court's decision in *Mazars*, which articulated a heightened standard for subpoenas that present "separation of powers concerns." 140 S. Ct. at 2034. On remand in *Mazars*, the parties are actively litigating whether the *Mazars* standard applies to a congressional request, like this one, that is ostensibly directed to a former President but was made while he was President and pursues President-specific topics. As Judge Mehta recently remarked in *Mazars*, two years of litigation in that case has "resulted in, perhaps, more questions than answers," including "what the proper standard is here, what the proper record is, and how to apply the proper standard to the proper record." 6/15/21 Tr. 3, *Trump v. Comm. on Oversight & Reform of the U.S. House of Representatives*, No. 19-cv-1136 (D.D.C.).

Intervenors' cross-claims and counterclaims are also fact-intensive and likely require some period of discovery. The executive branch certainly enjoys no immunity from discovery. *See, e.g., Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2564 (2019). And Defendants likely have relevant evidence concerning purpose, legislative need, retaliatory intent, and the accommodation process. *See generally Mazars*, 140 S. Ct. at 2035-36. Committee members likely have discoverable information as well. *See Jewish War Veterans of U.S.A., Inc. v. Gates*, 506 F. Supp. 2d 30, 58-60 (D.D.C. 2007) (explaining that Members' political activities, communications with the executive branch, and legislative purposes (as opposed to motives) are discoverable). If Defendants or the Committee disagree that any of this information is discoverable, that dispute, too, will take time to resolve. But as the Government explained earlier in this case, Intervenors' claims and the "weighty constitutional issues" they present should not be decided "until the record on which those claims are putatively to be decided is complete." Doc. 33 at 2.

Intervenors thus propose a highly expedited, but more realistic and reasonable schedule. This Court should set a date for trial in the event that an evidentiary hearing is necessary. Intervenors should be given 60 days to conduct any discovery. After the close of discovery, Intervenors should be given 30 days to file an opening trial brief. The Court should impose a briefing schedule that gives the parties adequate time to respond and the Court adequate time to prepare for the final hearing. In the interim, the Court should order—consistent with Defendants' stated position—that Defendants cannot comply with Chairman Neal's §6103(f) requests, or otherwise disclose the requested tax information to the Committee, before this Court enters a final decision.

Dated: August 4, 2021

        Respectfully submitted,

        BRIAN D. NETTER
        Deputy Assistant Attorney General

        JOHN R. GRIFFITHS
        Director

        ELIZABETH J. SHAPIRO
        Deputy Director


        */s/ James J. Gilligan*
        JAMES J. GILLIGAN
        Special Litigation Counsel

        SERENA M. ORLOFF
        STEVEN A. MYERS
        CRISTEN C. HANDLEY
        Attorneys
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        P.O. Box 883
        Washington, D.C.  20044
        Telephone:   (202) 514-3358
        Fax:             (202) 616-8470
        E-mail:         james.gilligan@usdoj.gov

        *Counsel for Defendants*

        */s/ Douglas N. Letter*
        Douglas N. Letter (DC Bar No. 253492)
          *General Counsel*
        Todd B. Tatelman (VA Bar No. 66008)
        Eric R. Columbus (D.C. Bar No. 487736)
        Stacie M. Fahsel (D.C. Bar. No. 1034314)

        OFFICE OF GENERAL COUNSEL
        U.S. HOUSE OF REPRESENTATIVES
        5140 O'Neill House Office Building
        Washington, D.C. 20515
        Telephone: (202) 225-9700
        douglas.letter@mail.house.gov

        *Counsel for Plaintiff Committee on Ways and Means, U.S. House of Representatives*

        William S. Consovoy (D.C. Bar #493423)
        Cameron T. Norris
        CONSOVOY MCCARTHY PLLC
        1600 Wilson Boulevard, Suite 700
        Arlington, VA 22209
        (703) 243-9423
        will@consovoymccarthy.com
        cam@consovoymccarthy.com

        <u>/s/ Patrick Strawbridge</u>
        Patrick Strawbridge (pro hac vice)
        CONSOVOY MCCARTHY PLLC
        Ten Post Office Square, 8th Floor
        South PMB #706
        Boston, MA 02109
        (617) 227-0548
        patrick@consovoymccarthy.com

*Counsel for Intervenor-Defendants Donald J. Trump, The Donald J. Trump Revocable Trust, DJT Holdings LLC, DJT Holdings Managing Member LLC, DTTM Operations LLC, DTTM Operations Managing Member Corp, LFB Acquisition Member Corp., LFB Acquisition LLC, and Lamington Farm Club, LLC d/b/a Trump National Golf Club-Bedminster*