IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Committee on Ways and Means, United States House of Representatives, <br><br> *Plaintiff–Counter-Defendant*, <br><br> v. <br><br> United States Department of the Treasury, *et al.*, <br><br> *Defendants–Cross-Defendants*, <br><br> v. <br><br> Donald J. Trump, *et al.*, <br><br> *Intervenors–Counter-Claimants, Cross-Claimants*. | Case No. 1:19-cv-1974 (TNM) |

**MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF COUNTER-DEFENDANT'S AND CROSS-DEFENDANTS' MOTIONS TO DISMISS**

*Amicus curiae* Constitutional Accountability Center respectfully moves for leave to file the attached brief in support of Counter-Defendant's and Cross-Defendants' motions to dismiss. In support of this motion, *amicus* states:

1. Constitutional Accountability Center (CAC) is a think tank, public interest law firm, and action center dedicated to fulfilling the progressive promise of the Constitution's text and history. CAC works in our courts, through our government, and with legal scholars to improve understanding of the Constitution and preserve the rights, freedoms, and structural safeguards that our nation's charter guarantees. CAC accordingly has a strong interest in the scope of Congress's investigative powers and in this case.

1

2. This Court has "broad discretion" in deciding whether to allow the filing of *amicus curiae* briefs. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *In re Search of Info. Associated with [redacted]@mac.com*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (same); *Iacangelo v. Georgetown Univ.*, No. 05-2086, 2009 WL 10693231, at *2 n.4 (D.D.C. June 11, 2009) (same). Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs.*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see, e.g.*, *Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [the *amicus*]'s input"); *Potomac Elec. Power Co.*, 826 F. Supp. 2d at 237 (same); *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319366, at *3 (D.D.C. Feb. 28, 2002) (same).

3. The proposed, attached *amicus curiae* brief plainly satisfies these standards. The attached brief explains that the Supreme Court has long recognized that Congress's power to investigate is broad and indispensable to Congress's power to legislate. The brief also explains that, in exercise of that broad power, Congress passed 26 U.S.C. § 6103(f)(1) and its precursors to give certain congressional committees access to tax return information relevant to the committees'

investigative and oversight work. The brief argues that, given the House Committee on Ways and Means' broad power to access tax returns to further its investigative and oversight work and the legitimate legislative reasons it has provided for its requests, the Committee's 2019 and 2021 requests for Donald Trump's individual tax returns and the tax returns of eight of his businesses from 2013 through 2020 are valid and well within its authority.

4.      Counsel for the U.S. House of Representatives and counsel for Donald J. Trump and the other Intervenors consent to this filing. Counsel for the U.S. Department of the Treasury, Internal Revenue Service, Steven T. Mnuchin, and Charles P. Rettig do not oppose the filing.

For the foregoing reasons, leave to file the attached *amicus curiae* brief should be granted. A proposed order is enclosed with this motion.

Respectfully submitted,

Dated: September 15, 2021        /s/ Brianne J. Gorod
Brianne J. Gorod

Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
Dayna J. Zolle (DC Bar No. 1672633)
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street NW, Suite 501
Washington, D.C. 20036
(202) 296-6889
brianne@theusconstitution.org

*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2021, the foregoing document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all parties.

Dated:  September 15, 2021

/s/ Brianne J. Gorod
Brianne J. Gorod
