**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| COMMITTEE ON WAYS & MEANS, UNITED STATES HOUSE OF REPRESENTATIVES, <br><br> *Plaintiff-Counterdefendant*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE TREASURY, *et. al.*, <br><br> *Defendants-Crossdefendants*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Intervenor-Defendants-Counterclaimants-Crossclaimants*. | No. 1:19-cv-1974 (TNM) |

**DEFENDANTS' UNOPPOSED MOTION FOR CLARIFICATION**
**OF THE COURT'S DECEMBER 14 AND 20, 2021, STAY ORDERS**

**INTRODUCTION**

Defendants U.S. Department of the Treasury ("Treasury") and the Internal Revenue Service ("IRS"), *et al.*, respectfully submit this unopposed motion seeking clarification of the Court's December 14 and 20, 2021, stay orders, which together prohibit Defendants from "disclos[ing] any of [the Trump Parties'[1]] tax documents" "pending [the Trump Parties'] appeal to the D.C. Circuit." ECF Nos. 150, 155. Defendants seek clarification of the Court's orders in two separate respects: first, that this prohibition applies only to disclosures to the Committee; and second, that the prohibition applies only to the Trump Parties' tax information that the Committee seeks in its June 16, 2021, request to Defendants made pursuant to 26 U.S.C. § 6103(f) (ECF No. 111, Exh. A).

---

[1] The "Trump Parties" are former President Donald J. Trump, The Donald J. Trump Revocable Trust, and seven associated business entities that initially intervened in this case and later brought cross-claims and counterclaims, respectively, against Defendants and the U.S. House of Representatives Committee on Ways and Means (the "Committee").

The relief sought herein is warranted for several reasons. The claims asserted and the relief sought by the Trump Parties in this case have always been limited to disclosures to the Committee of the tax information sought in the Committee's April 2019 and superseding June 2021 section 6103(f) requests to Defendants. They have not sought, nor justified, wide-ranging relief barring disclosures to entities other than the Committee, or of information not sought by the Committee. The Trump Parties would not be entitled to such relief even if they prevailed on appeal and judgment ultimately were entered in their favor.

Over the course of several weeks between March 15 and April 11, 2022, undersigned counsel for Defendants conferred with counsel for the Committee and the Trump Parties regarding this motion, in accordance with Local Civil Rule 7(m). Defendants' counsel were advised that the Committee consents to this motion, and have been authorized by the Trump Parties to represent that they take no position on the motion, and will not file an opposition.

For the reasons stated herein, Defendants respectfully submit that their request for clarification of the Court's December 14 and 20, 2021, stay orders should be granted.

## BACKGROUND

This litigation commenced on July 2, 2019, when the Committee brought suit to compel Treasury and the IRS to comply with its April 3, 2019, request, made pursuant to 26 U.S.C. § 6103(f), for copies of the Trump Parties' returns and related administrative files for tax years 2013 through 2018. Compl. ¶¶ 1, 9 & Exh. A at 1-2 ("April 2019 Request") (ECF Nos. 1, 1-1). The Trump Parties intervened as defendants to oppose disclosure of their confidential tax returns and related administrative files to the Committee. Unopposed Motion to Intervene [etc.], at 1-4 (ECF No. 12).

On June 16, 2021, the Committee submitted a new section 6103(f) request to Treasury and the IRS seeking the Trump Parties' tax returns and related administrative files for the tax years 2015 through 2020. Joint Status Report (July 30, 2021), Exh. A at 6-7 (ECF No. 111) ("June 2021 Request"). After Defendants advised the parties and the Court that they would comply with the Committee's new request, *see id.* at 2, the Trump Parties filed counterclaims against the Committee

2

and cross-claims against Defendants contesting the validity of the June 2021 Request, seeking declaratory and injunctive relief against Defendants' compliance with the request.  *See generally* Am. Answer & Counterclaims/Cross-Claims ("Am. Cross-Claim") (ECF No. 129).

On December 14, 2021, the Court issued its ruling on Defendants' and the Committee's motions to dismiss the Trump Parties' claims.  *Comm. on Ways & Means, U.S. House of Representatives v. U.S. Dep't of the Treasury*, --- F. Supp. 3d ---, 2021 WL 5906031 (D.D.C. Dec. 14, 2021).  Remarking that the Trump Parties had "sue[d] to keep the Treasury from giving [their] tax returns to the House Committee on Ways and Means," but that they were "wrong on the law," *id.* at *1, the Court dismissed the Trump parties' cross-claims and counterclaims in their entirety.  Order (ECF No. 149).  In a separate order, however, the Court stayed execution of its judgment for 14 days to "allow the parties to confer regarding next steps in [the] litigation," and "direct[ed] the Executive Branch Defendants not to disclose any of [the Trump Parties'] tax documents during this 14-day period." Order (ECF No. 150) ("December 14 Stay Order").  The terms of this prohibition were not expressly limited in scope, however, to disclosures to the Committee, or to disclosures of the tax information that the Committee had asked for in its June 2021 Request.

After filing their notice of appeal (ECF No. 151), the Trump Parties filed on December 20, 2021, an Emergency Motion to Continue This Court's December 14 [Stay] Order Pending Appeal (ECF No. 154).  In support of their motion the Trump Parties argued that they would suffer irreparable harm if the Court's December 14 Stay Order were not extended pending review by the D.C. Circuit, because in that event "the [Defendants] will comply with the Committee's § 6103(f) request and turn over [the Trump Parties'] tax documents[,]" resulting in "disclosure of their private, confidential information to a branch of government[,]" that is, "to Congress[.]"  *Id.* at 3-4 (cleaned up).  The Court issued an order granting the Trump Parties' motion that same day.  Order, at 2 (ECF No. 155) ("December 20 Stay Order").

## DISCUSSION

As this Court explained in *Alliance of Artists and Recording Companies, Inc. v. General Motors Corporation*, 306 F. Supp. 3d 413 (D.D.C. 2016):

A "motion for clarification" is not a formal creature of civil procedure; it appears
nowhere in the Federal Rules.  Nevertheless, federal courts permit parties to tender
motions that beseech the court "to explain or clarify something ambiguous or vague"
about a ruling, but not to "alter or amend" it. *United States v. Philip Morris USA, Inc.*,
793 F.Supp.2d 164, 168 (D.D.C. 2011) . . . .  Although such a motion cannot open
the door to "re-litigat[ing] a matter that the court has considered and decided," *Sai v.
Transp. Sec. Admin.*, No. 14-cv-403, slip op. at 5 (D.D.C. Aug. 19, 2015) . . . courts in
this Circuit have encouraged parties to file motions for clarification when they are
uncertain about the scope of a ruling, *see United States v. Volvo Powertrain Corp.*, 758
F.3d 330, 344 (D.C. Cir. 2014); *Barnes v. Dist. of Columbia*, 289 F.R.D. 1, 12–13
(D.D.C. 2012), and entertaining such motions seems especially prudent if the parties
must implement the ruling at issue at subsequent stages of the litigation.

*Id.* at 418-19.

Defendants understand the Court's Stay Orders, when read together, to provide that

Defendants are "not to disclose any of [the Trump Parties'] tax documents," December 14 Stay

Order, "pending [the Trump Parties'] appeal to the D.C. Circuit," December 20 Stay Order at 2.  On

the face of the orders that prohibition appears to be unqualified.  It is not expressly limited to

disclosures to the Committee, and is not even clearly limited to tax information that the Committee

has asked for in its June 2021 Request.  Defendants respectfully submit, however, that the Court's

Stay Orders are not intended to sweep so broadly, in either respect, and ask the Court to clarify that

they do not.  Defendants' interpretation of the Court's Orders, and their request for clarification, are

based on a number of considerations.

First, the Trump Parties have not sought the kind of expansive relief implicated by a broad

reading of the Court's Orders.  *See supra* at 2-3.  From the outset of the case, when they first

intervened, their objective was to defeat the Committee's effort to compel Defendants to produce—

to the Committee—the Trump Parties' tax information described in the Committee's (then

operative) April 2019 Request.  When Defendants later determined that they would comply with the

Committee's (superseding) June 2021 Request, and the Trump Parties assumed the mantle of

plaintiffs, their objective remained in essence the same:  to prevent Defendants from producing—to

the Committee—the tax information concerning the Trump Parties described in the June 2021

Request.  As the Court aptly described the dispute as it had evolved, the Trump Parties "sue[d] to

keep the Treasury from giving [their] tax returns *to the House Committee on Ways and Means*."  *Ways and*

4

*Means Committee*, 2021 WL 5906031, at *1.  That is also the relief the Trump Parties sought when they filed their emergency motion for a stay pending appeal.  *See supra* at 3.

Second, all of the Trump Parties' legal arguments and claims in support of the relief they have sought are targeted either at the validity of the Committee's June 2021 Request, *see* Am. Cross-Claim at 72-78 (Claims I-IV), or the legality of Defendants' intended compliance with that Request, *see id.* at 78-84 (Claims V-VIII).  None of the claims they have raised even purports to state grounds for prohibiting disclosures of their tax information to entities other than the Committee, or disclosures of tax information not specified in the Committee's June 2021 request.  Even if the Trump Parties succeeded on appeal in reinstating their claims and ultimately prevailed on any one or even all of them, they still would be entitled at most to relief barring Defendants from disclosing to the Committee the specific tax information encompassed by the Committee's June 2021 Request.

## CONCLUSION

For the reasons stated above, Defendants respectfully request clarification that the Court's December 14 and 20 Stay Orders apply (i) only to disclosures of the Trump Parties' tax information to the Committee, and (ii) only to disclosures of the Trump Parties' tax information that the Committee seeks in its June 2021 Request.

Dated:  April 12, 2022

Respectfully submitted,


BRIAN D. NETTER                              _/s/ James J. Gilligan_____
Deputy Assistant Attorney General            JAMES J. GILLIGAN
                                             JULIA A. HEIMAN
JOHN R. GRIFFITHS                            Attorneys
Director                                     U.S. Department of Justice
                                             Civil Division, Federal Programs Branch
ELIZABETH J. SHAPIRO                         P.O. Box 883
Deputy Director                              Washington, D.C.  20044
                                             Telephone: (202) 514-3358
                                             E-mail:    james.gilligan@usdoj.gov

                                             *Counsel for Defendants*